1  Michael S. Devereux  (SBN 225240)
2                          WEX LAW
                  PROFESSIONAL LAW CORPORATION
3     1000 WILSHIRE BOULEVARD, SUITE 2150
4       LOS ANGELES, CALIFORNIA  90017
            TELEPHONE: (213) 986-9844
5         FACSIMILE:  (213) 342-6190

6
7  Attorneys for PLAINTIFF , DANIEL NERSOYAN

8              THE UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10  DANIEL   NERSOYAN,   as   an         CASE NO.:
    individual,
11                                       COMPLAINT FOR:
12               PLAINTIFF ,
                                         (1) UNREASONABLE SEARCH
13           v.                              AND SEIZURE OF PROPERTY
                                             (42 U.S.C. §1983);
14  COUNTY OF LOS ANGELES, a
    county corporation, COUNTY OF LOS    (2) DEPRIVATION OF PROPERTY
15  ANGELES SHERIFF'S                        WITHOUT DUE PROCESS;
    DEPARTMENT, a public entity,         (3) VIOLATION OF
16  SHERIFF JAMES MCDONNELL, in              SUBSTANTIVE DUE
    his official capacity and as an          PROCESS;
17  individual, DEPUTY KENNETH          (4) MUNICIPAL LIABILITY FOR
18  COLLINS, individually and in his        UNCONSTITUTIONAL
    official capacity as a Deputy, as an     CUSTOM OR POLICY (42
19  individual, and DOES 1-10.              U.S.C. §1983);
20                                       (5) CONVERSION;
21              Defendant.              (6) INFLICTION OF EMOTIONAL
                                             DISTRESS
22                                       (7) TRESPASS AGAINST
23                                           PERSONAL PROPERTY
24
25                                       **DEMAND FOR JURY TRIAL**
26

27  **CASE NO.:**                1              **COMPLAINT**

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WEX LAW**

PLAINTIFF   DANIEL   NERSOYAN   ("Mr.   Nersoyan"),   through   his undersigned counsel, hereby files this Complaint against Defendants COUNTY OF LOS   ANGELES   ("LA"),   LOS   ANGELES   COUNTY   SHERIFF'S DEPARTMENT   ("LASD"),   SHERIFF   JIM   MCDONNELL   ("McDonnell"), DEPUTY   JIM   COLLINS   ("Collins"),   and   DOES   1-10,   inclusive   (collectively "Defendants"), alleges as follows:

## **INTRODUCTION**

1. This action seeks from Defendants County of Los Angeles and Los Angeles Sheriff's Department, Sheriff Jim McDonnell, and Deputy Kenneth Collins (collectively, "Defendants") compensatory, exemplary, and punitive damages for violating various constitutional and statutory rights in connection with their theft and wrongful seizure of approximately $158,000 from Plaintiff  Daniel Nersoyan. Plaintiff s also seek redress for Defendants' unlawful conversion of, and trespass against, these funds.

2. Defendant Deputy Kenneth Collins, as well as Does 1-10, (the "LASD Deputies") all of whom are employed by the Los Angeles Sheriff's Department, proximately caused Plaintiff s' loss of their property by participating in, or failing to intervene to prevent, the theft, and by engaging in other acts and/or omissions around the time of the incident that resulted in the loss.

CASE NO.:                        **2**                        **COMPLAINT**

**WEX LAW**

3. Defendant County of Los Angeles also proximately caused Plaintiff s' loss and is liable under the principles set forth in *Monell v. Department of Social Services*, 426 U.S. 658 (1978).

4. The policies and customs behind the unlawful seizure and theft of personal property are patently unconstitutional. Accordingly, Plaintiff s seek to hold accountable those responsible for their loss of property, and to challenge the Los Angeles Sheriff Department's unconstitutional policies and practices through this civil rights action, which is firmly in the public interest.

## **PARTIES**

3.     PLAINTIFF DANIEL NERSOYAN, is a citizen of the State of California, and at all relevant times herein is a resident in Los Angeles County in the State of California.

4.     Defendant LA is and at all times relevant a county corporation located in the State of California and existing under the laws of the State of California.

5.     Defendant LASD is and at all times relevant was a department providing local law enforcement for LA.   All employees of the LASD are employees of LA.

6.     On information and belief, Defendant Kenneth Collins, was employed by the LASD.

CASE NO.:                      **3**                      **COMPLAINT**

7.     At all times relevant Defendant Kenneth Collins was a duly authorized deputy and/or employees or agents of LA, who were acting under color of law within the course andscope of their respective duties as police deputy and with the complete authority and ratification of their principle, Defendant LA.

8.     At all times relevant Defendant Kenneth Collins was a duly appointed deputy and/or employees or agents of LA, subject to oversight and supervision by LA's elected and non-elected officials.

9.     Defendants LA, LASD, McDonnell, Collins and every defendant in his/her official capacity knowlingly or with deliberate indifference to the rights allegedly violated cause to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct an official policy, practice, procedure or custom of permitting the occurrence of the categories of wrongs set forth in this pleading.

10.    Defendants LA, LASD, McDonnell & Collins and every defendant in his/her official capacity knowlingly or with deliberate indifference to the rights allegedly violated improperly, inadequately with deliberate indifference and reckless disregard to the Constitution or federal rights of persons, grossly negligenty failed to properly train, to supervise, to retrain, if necessary, to monitored or to take corrective action with response to the types of wrongful

CASE NO.:                          **4**                          **COMPLAINT**

conduct alleged in this pleading so that each one of them is legally responsible for all of the injuries and/or damages sustained by Plaintiff .

11.    On information and belief at all times relevant, Defendants McDonnell and Collins, along with DOES 1-10 were residents of the County of Los Angeles and are sued in their individual capacity.

## JURISDICTION AND VENUE

12.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3-4) because Plaintiff s assert claims arising under the laws of the United States including 42 U.S.C. §§ 1983, 1985, 1988, 1334, 1367, the Fourth, Fifth & Fourteenth Amendments of the United States Constitution.    This Court has supplemental jurisdiction over state law claims pursuant to 28 USC § 1367 because those claims are so related to PLAINTIFF 'S federal claims that the claims form part of the same case and/or controversy pursuant to Article III of the United States Constitution.

13.    Venue is properly founded in this judicial district pursuant to 28 USC §§ 1391(b) and (c) in that a substantial part of the events giving rise to the claims in this action occurred within this District and Defendants are subject to personal jurisdiction in this district.

**WEX LAW**

# FACTUAL ALLEGATIONS

**A. On or about May 28, 2014, the Los Angeles County Sheriff Department Seizes Over $150,000 at a Fake Traffic Stop And Failures / Refuses To Report the Incident And/Or Make an Arrest**

12.     Each and every allegation set forth in each and every averment and allegation of this pleading hereby is incorporated by this reference in each and every averment and allegation of this pleading.

13.     On or about May 28, 2014, Plaintiff had provided a colleague ("Colleague") with over $150,000 to purchase jewelry for Plaintiff's jewelry business.   The Colleague then made arrangements for transportation. While traveling to the destination to purchase jewelry a traffic stop was conducted by Collins. Collins seized the money, placed handcuffs on one of the persons in the vehicle and put the handcuffed person in the back of his squad car.

14.     Plaintiff immediately called to complain about the theft, but the LASD claimed that no such event occurred.

15.     Plaintiff then filed a claim with the county and never heard a peep from the county.

16.     The LASD mislead Plaintiff into believing that the theft was from a person posing as a sheriff deputy.

17.     While waiting for trial at the MDC, the FBI visited Plaintiff on or about June 2018, showing the Plaintiff a videotape of the illegal seizure.

18.     The videotaped showed the taking of the money from the car by Collins, along with Collins placing one of the individuals under arrest so that the event would look legit for any bystander.

CASE NO.:                          **6**                          **COMPLAINT**

**WEX LAW**

19.    The FBI confirmed that no arrests were made in regard to the incident.

20.    The FBI confitmed that no reports were generated by Collins regarding the incident.

21.    Collins took the currency without counting it, and, oddly did not provide a receipt.

22.    In addition to Collins conduct, the LASD was well aware of the illegal seizure and never reached out to the Plaintiff to try to right the wrong.

23.    LASD Internal Affairs contacted the Plaintiff after he was released and requested a meeting, but the LASD was not interested in pursuing prosecution and they stated such.

24.    LASD knew where the Plaintiff was at all times.

25.    Plaintiff was released in October 2018.

26.    Since, as far as Plaintiff knows, the Defendants have never reported that the $158,000 was seized, there is no asset identifier number or case number for these assets.  Moreover, Plaintiff submitted two claims with LA that have been ignored.

27.    Plaintiff is therefore without a procedure to seek return of the money wrongfully seized by the Defendants under color of law.

### FIRST CAUSE OF ACTION

**Unreasonable Search and Seizure – 42 U.S.C. § 1983**

**(By Plaintiff  Against All Defendants)**

28.    Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 27, inclusive.

---

CASE NO.:                    **7**                    **COMPLAINT**

29.    Collins illegal seizure deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him pursuant to the 4th Amendment and applied to state actors by the 14th Amendment.

30.    While acting under color of law, Defendants and Does 1-10 unlawfully seized and stole the personal property of Plaintiff in violation of the 4th Amendment to the United States Constitution.

31.    The County of Los Angeles is responsible for the misconduct of its employees acting under color of law.

32.    The Defendants was willful, wanton, malicious and done with reckless disregard for Plaintiff s rights and safety and therefore warrants the imposition of exemplary and punitive damages.

33.    Plaintiff  also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

## SECOND CAUSE OF ACTION

### Deprivation of Property Without Due Process

### (By Plaintiff  Against Against All Defendants)

34.    Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 33, inclusive.

35.    The unlawful theft of the currency by Defendants and Does 1-10 deprived Plaintiff of his right to not be deprived of their personal property without

CASE NO.:                          **8**                          **COMPLAINT**

due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. Defendants' theft of the currency was unlawful and unjustified, and Plaintiff s were provided with no means of redress or procedure whereby they could even dispute the deprivation, as Defendants did not document the seizure of these funds.

36.    The County of Los Angeles is responsible for the misconduct of its employees acting under color of law.

37.   The Defendants was willful, wanton, malicious and done with reckless disregard for Plaintiff s rights and safety and therefore warrants the imposition of exemplary and punitive damages.

38. As a result of the unlawful seizure and theft of their property, Plaintiff's have been damaged in an amount to be proven at trial.

39.    Plaintiff also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.


### THIRD CAUSE OF ACTION

### Violation of Substantive Due Process

40.    Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 39, inclusive.

WEX LAW

CASE NO.:                            **9**                       **COMPLAINT**

**WEX LAW**

41.     The unlawful theft of the currency by Defendants and Does 1-10 deprived Plaintiff of his right to not be subjected to outrageous government conduct, as guaranteed to Plaintiff  pursuant to the Fourteenth Amendment to the United States Constitution. Defendants' theft of the currency was conducted under color of law and was an intentional abuse of public authority.

42.     The County of Los Angeles is responsible for the misconduct of its employees acting under color of law.

43.  The Defendants were willful, wanton, malicious and done with reckless disregard for Plaintiff s rights and safety and therefore warrants the imposition of exemplary and punitive damages.

44. As a result of the unlawful seizure and theft of their property, Plaintiff s have been damaged in an amount to be proven at trial.

45.     Plaintiff  also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

<u>**FOURTH CAUSE OF ACTION**</u>

**Municipal and Supervisory Liability (42 U.S.C. § 1983)**

**(By Plaintiff Against Against All Defendants)**

46.     Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 45, inclusive.

CASE NO.:                          **10**                    **COMPLAINT**

**WEX LAW**

47.     On and for some time prior to May 28, 2014 (and continuing to the present date) Defendants and Does 1 to 10, deprived Plaintiff  of the rights and liberties secured to them by the 4th and 14th Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives acting with gross negligence and with reckless and deliberate indifference to the safety, rights, and liberties of the public in general and of Plaintiff , and of persons in his class, situation and comparable position, in particular, knowlingly maintained, enforced and applied an official recognized custom, policy and practice of:

> (a) employing and retaining as sheriff deputy and other personnel, including Collins, LA, LASD, McDonnell  and DOES 1-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow writed LASD policies;
>
> (b) inadequately supervising, training, controlling, assigning and disciplining LASD deputy and other personnel, including Collins, LA, LASD, McDonnell and DOES 1-10 each knew or in the exercise of reasonable care should have known the aforementioned propensities and character traits;

---

CASE NO.:                              **11**                         COMPLAINT

(c) maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling and disciplining the intentional conduct by LASD deputies and other personnel, including Collins and McDonnell who are LASD employees;

(d). Failing to adequately train, supervise, and control its officers in the collection, documentation, and retention of evidence; and

(e). Condoning, ratifying, and encouraging the theft of personal property in the course of official investigations.

48.     Defendants LA, LASD, Beck and Does 1 to 50, together with various other officials whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated, and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

49.  By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and wrongful acts, Defendants Collins, LA, LASD, McDonnell and Does 1 to 10, acted with intentional, reckless and callous disregard for the safety and constitutional rights of Plaintiff.  Defendants Collins, LA, LASD, McDonnell

and Does 1 to 10, and each of their actions were willful, wanton, oppressive, malicious, fraudulent, extremely offensive and unconscionable to any reasonable person of normal sensibilities.

50. By reason of the aforementioned policies and practices of Defendants Collins, LA, LASD, McDonnell and Does 1 to 10, Plaintiff incurred damages in the form of lost profits, psychological and emotional injuries, including, without limitation, sleep deprivation, humiliation, depression, all of which are continuing and damage to reputation. Plaintiff's actual damages will be ascertained at trial.

51. The policies, practices and customs implemented and maintained and still tolerated by Defendants Collins, LA, LASD, McDonnell and Does 1 to 10, were affirmatively linked to and were significantly influential forces behind the injuries of Plaintiff.

52. The actions and inactions of the LASD were known or should have been known to the policy makers responsible for that agency and occurred with deliberate indifference to the constitutional violations set forth above, and/or to the strong likelihood that constitutional rights would be violated as a result of failing to train, supervise, or discipline in areas where the need for such training or supervision would be obvious.

53. The actions of the LASD set forth herein were a motivating force behind the violations of Plaintiffs' constitutional rights as set forth in this complaint.

WEX LAW

54. As a direct and proximate result of Defendants' acts and omissions, condoning, encouraging, ratifying, and deliberately ignoring the pattern and practice of Defendant Collins, Plaintiffs sustained injury and were damaged in an amount to be proven at trial.

55. Plaintiff also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

## FIFTH CAUSE OF ACTION

### Conversion

### (By Plaintiff Against Against All Defendants)

56. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 51, inclusive.

57. Defendants Collins, Does 1-10, and LA substantially interfered with property belonging to Plaintiffs by intentionally interfering with the use or possession of said personal property.

58. Plaintiff did not consent to Defendants' actions.

59. The Defendants was willful, wanton, malicious and done with reckless disregard for Plaintiff s rights and safety and therefore warrants the imposition of exemplary and punitive damages.

60. As a result of Defendants' conduct, Plaintiff has been damaged in an amount to be proven at trial.

CASE NO.:                              14                              COMPLAINT

61.   Plaintiff also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

## SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (By Plaintiff  Against All Defendants)

62.   Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 61, inclusive.

63.   Plaintiff is informed and believes and thereon alleges that Defendants' actions described in this Complaint were intentional, extreme and outrageous.

64.   Plaintiff is further informed and believes and hereon alleges that such actions were done with intent to cause serious emotional distress and were done with reckless disregard of the probability of causing Plaintiff  serious emotional distress.

65.   As a proximate result of the Defendants actions Plaintiff incurred damages in the form of lost profits, psychological and emotional injuries, including, without limitation, sleep deprivation, humiliation, depression, , all of which are continuing and damage to reputation.  Plaintiff's actual damages will be ascertained at trial.

66. The conduct of the Defendants was despicable, malicious, wanton, oppressive and accomplished with a conscious disregard for Plaintiff's rights, entitling Plaintiff to an award of exemplary and punitive damages.

## SEVENTH CAUSE OF ACTION

### Trespass Against Personal Property

### (By Plaintiff Against All Defendants)

67. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 66, inclusive.

68. Defendants Collins, McDonnell, LA, LASD and Does 1-10, substantially interfered with property belonging to the Plaintiff by intentionally interfering with the use or possession of said personal property

69. Plaintiff did not consent to Defendants' actions.

70. The Defendants was willful, wanton, malicious and done with reckless disregard for Plaintiff s rights and safety and therefore warrants the imposition of exemplary and punitive damages.

71. As a result of Defendants' conduct, Plaintiff has been damaged in an amount to be proven at trial.

72. Plaintiff also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

WEX LAW

CASE NO.:                    16                    COMPLAINT

**WHEREFORE**, Plaintiff's prays judgment against defendants as follows:

1. For compensatory damages in an amount to be proven at trial:

2. For punitive damages on those claims where it is available pursuant to law in an amount sufficient to punish, deter and make an example of the Defendants;

3. For interest on those claims where it is available under law;

4. For an order awarding PLAINTIFF  their reasonable attorney's fees as to Plaintiff 's civil rights claims pursuant to 42 U.S.C. § 1988, , including litigation costs and expenses;

5. For cost of suit; and

6. For such other and further relief as this Court may deem to be just and proper.

Dated:  September 16, 2019

Respectfully Submitted,

/s/ Michael S. Devereux

By: _____

Michael S. Devereux
Attorney for Plaintiff
DANIEL NERSOYAN

CASE NO.:                              17                              COMPLAINT

**WEX LAW**

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Plaintiff hereby demands a trial by jury.

3

4

5   Dated:  September 16, 2019

6                                          Respectfully Submitted,

7

8                                          /s/ Michael S. Devereux

9                              By: _____

10                                         Michael S. Devereux

11                                         Attorney for Plaintiff
                                           DANIEL NERSOYAN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CASE NO.:**                    **18**                    **COMPLAINT**