COLLINSON, DAEHNKE, INLOW & GRECO
Laura E. Inlow, Esq., State Bar No. 130584
Email: laura.inlow@cdiglaw.com
21515 Hawthorne Blvd., Suite 800
Torrance, CA  90503
Telephone: (424) 212-7777
Facsimile: (424) 212-7757

Attorneys for Defendant, COUNTY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DANIEL NERSOYAN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a county corporation; COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, a public entity; SHERIFF JAMES MCDONNELL, in his official capacity and as an individual; DEPUTY KENNETH COLLINS, individually and in his official capacity as a Deputy, and DOES 1 through 10, inclusive<br><br>Defendants. | CASE NO. CV19-08109 SVW (MAAx)<br><br>DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FRCP 12(b)(6) AND TO STRIKE UNDER FRCP 12(f); DECLARATION OF LAURA E. INLOW; (PROPOSED) ORDER<br><br>Date:   March 16, 2020<br>Time:  1:30 p.m.<br>Dept.:  10A<br><br>Action Filed: September 18, 2019 |

TO THE HONORABLE COURT, PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on March 16, 2020 at 1:30 p.m. or as soon thereafter as counsel may be heard in Courtroom 10A of the United States District Court, located at 350 W. 1st Street, Los Angeles, California 90012, Defendant County of Los Angeles, a public entity, will and hereby does move this Court for

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL: (424) 212-7777 | FAX (424) 212-7757

an Order dismissing plaintiff's First Amended Complaint for Damages pursuant to *Federal Rules of Civil Procedure* 12(b)(6) on the following grounds:

1.    Plaintiff's claims one, five, six, and seven, brought pursuant to 42 U.S.C. §1983, fail to state a claim upon which relief can be granted because they are time barred by the applicable two-year statute of limitations.

2.    Plaintiff's claims four, eight and ten fail to state a claim upon which relief can be granted because they are time barred by the three-year statute of limitations contained in California *Code of Civil Procedure* Section 338.

3.    Plaintiff's claims four and nine fail to state a claim upon which relief can be granted because they are time barred by the applicable three-year statute of limitations.

4.    Plaintiff's claims against the County fail to state a claim upon which relief can be granted pursuant to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

5.    Plaintiff's claims eight, nine and ten fail to state a claim upon which relief can be granted as they are barred by the failure to comply with California's Tort Claim Act.

6.    Plaintiff's claim nine further fails to state a claim for which relief can be granted as it fails to plead outrageous conduct or severe emotional distress sufficient to support a claim for intentional infliction of emotional distress.

7.    Plaintiff's claims two, three and four fail to state a claim upon which relief can be granted as they are vague as to whether they are being asserted as state or federal causes of action.

8.    Plaintiff's claims two and three fail to state a claim upon which relief can be granted as they are time barred by the five-year statute of limitations and are so vaguely pled as to fail to state a viable claim.

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

Defendant also moves under *Federal Rules of Civil Procedure* 12(f) to strike the following portions of the First Amended Complaint:

1.  As improperly seeking punitive or exemplary damages against a public entity: paragraphs 2, 3, 28, 54, 60, 62, 65, 95, 119, 125, 131, 141, 148 and 152; and

2.  As containing immaterial, impertinent and scandalous matter: paragraphs 1(b), 4, 55, 58, 60 and 61.

DATED:  February 13, 2020          COLLINSON, DAEHNKE, INLOW & GRECO

By:
      /s/ Laura E. Inlow
      Laura E. Inlow, Esq.
      Attorneys for Defendant
      COUNTY OF LOS ANGELES

## MEET AND CONFER COMPLIANCE

The parties met and conferred regarding the instant motion on January 29, 2020 and February 6, 2020. However, plaintiff's counsel refused to dismiss any portion of the First Amended Complaint thus necessitating the instant motion.

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

# <u>TABLE OF CONTENTS</u>

I.    FACTS ................................................................................................................4

II.   LEGAL STANDARD ON MOTION TO DISMISS.............................................7

III.  EACH CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS .............8

    A.    Plaintiff's Federal Claims Are Time Barred ........................................8

    B.    Plaintiff's State Claims Are Time Barred ............................................9

        1.    Plaintiff's Claims for Conversion, Fraud and Trespass Against Personal Property Are Time Barred by a Three-Year Statute of Limitations and/or Lack Factual Support ........................................9

        2.    Plaintiff's Claim for Intentional Infliction of Emotional Distress is Time Barred by a Two-Year Statute of Limitations ........................10

IV.  PLAINTIFF'S MONELL CLAIM AGAINST THE COUNTY IS INSUFFICIENTLY PLEADED .......................................................................11

V.   PLAINTIFF'S STATE CLAIMS ARE BARRED FOR FAILURE TO COMPLY WITH THE CALIFORNIA'S TORT CLAIM ACT ...........................................13

VI.  PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS TO PLEAD A CLAIM FOR WHICH RELIEF CAN BE GRANTED ........................................................................................................15

VII. ANY BAD ACTORS WERE ACTING OUTSIDE THE SCOPE OF THEIR EMPLOYMENT/NOT UNDER COLOR OF LAW.........................................16

VIII. PLAINTIFF'S IMPROPER MATERIAL SHOULD BE STRICKEN .............18

IX.  CONCLUSION.................................................................................................19

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

# <u>TABLE OF AUTHORITIES</u>

## <u>*Cases*</u>

*A.E. ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012)* ........................ 12

*Albright v. Oliver, 510 U.S. 266, 268 (1994)* ............................................................................... 7

*Alma W. v. Oakland Unified School Dist., 123 Cal. App.3d 113, 139 (1981)* ............................. 16

*Anthony v. County of Sacramento, 845 F. Supp. 1396, 1400 (E.D. Cal. 1994)* ......................... 17

*Bell Atl. Corp. v. Twombly (Twombly), 550 U.S. 544, 570 (2007)* ............................................... 7

*Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005)* ................................................................ 7

*Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010)* .................... 7

*Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004)* ......................................... 7

*City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 259-71 (1981)* ....................................... 18

*Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011)* ................................................................ 7

*Davies v. Carnation Co., 352 F.2d 393, 396 (9th Cir. 1965)* ..................................................... 10

*Duste v. Chevron Prods. Co., 738 F.Supp.2d at 1039* ............................................................... 15

*Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)* ......................................................................... 7

*Gillette v. Delmore, 979 F.2d 1342, 1349 (9th Cir. 1992)* ......................................................... 12

*Greyhound Lines, Inc. v. County of Santa Clara, 187 Cal.App.3d 480, 488 (1986)* ................... 14

*Griffin v Maryland, 378 U.S. 130, 135 (1964)* ........................................................................... 16

*Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1979)* ............................................... 8

*Jenkins v. McKeithen, 395 U.S. 411, 421 (1969)* ........................................................................ 7

*Johnson v. Knowles, 113 F.3d 1114, 117 (9th Cir. 1997)* .......................................................... 17

*Johnson v. Lucent Techs., Inc., 653 F. 3d 1000, 1008 (9th Cir. 2011)* ...................................... 10

*Kendrick v. City of La Mirada, 272 Cal.App.2d 325 (1969)* ...................................................... 14

*Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008)* ........................ 8

*Mills v. City of Covina, 921 F.3d 1161, 1166 (9th Cir. 2019* ...................................................... 8

*Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978)* ........... 2, 5, 11

*Munoz v. State of California, 33 Cal.App.4th 1767, 1785 (1995)* .............................................. 14

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

*Orkin v. Taylor, 487 F.3d 734, 741 (9th Cir. 2007)* ......................................... 10

*Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992)* ................................... 11

*Sherman v. Yakahi, 548 F.2d 1287, 1290 (9th Cir. 1977)* ............................... 8

*Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996)* ........................................ 11

*Van Ort v. Estate of Stanewich, 92 F.3d 831, 838 (9th Cir. 1996)* ................. 17

*Velazquez v. City of Long Beach, 793 F.3d 1010, 1027 (9th Cir. 2015)* ......... 11

*Wilson v. Garcia, 471 U.S. 22, 279-280 (1985)* .............................................. 9

<u>*Statutes*</u>

*42 U.S.C. §1983* .................................................................................... 2, 8, 16

*Cal. Code of Civ. Proc. §338(a)* ....................................................................... 9

*Fed. R. Civ. P., 12(b)(6)* .................................................................................. 7

*Federal Rule of Civil Procedure 12(f)* ........................................................... 18

*Gov't Code § 945.4* .......................................................................................... 13

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FRCP 41(b)**

COLLINSON, DAEHNKE, INLOW & GRECO
2515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS

On September 18, 2019, Plaintiff Daniel Nersoyan filed the original complaint. (Docket Document No. 1). Defendant filed its motion to dismiss on November 29, 2019. (Docket Document No. 18). Plaintiff failed to file a timely opposition and the motion to dismiss was granted on December 30, 2019. (Docket Document No. 27). In the Court's Order plaintiff was granted 21 days leave to file a First Amended Complaint (FAC).  Plaintiff filed the tardy operative FAC on January 24, 2020. (Docket Document No. 28).

Plaintiff brings this lawsuit based on events that occurred "beginning" on May 28, 2014. (FAC ¶ 1 and 28).  He alleges that his "Colleague," who was in possession of plaintiff's cash in an amount exceeding $150,000, was improperly stopped by defendant Kenneth Collins, the cash was seized, and at least one person was taken into custody. (FAC ¶ 29). Plaintiff then alleges he soon after called to complain about the theft, but the LASD had no interest in investigating his complaint. (FAC ¶ 30-31). In an attempt to plead around the clear statute of limitations arguments asserted in the original motion to dismiss, plaintiff now alleges upon only "information and belief" that additional thefts were committed against him by defendants between May of 2014 and Winter of 2017. (FAC ¶ 29-53).

As a result of the alleged seizures, plaintiff brings ten claims. Four claims are clearly based on federal law (claims one, five, six and seven). One claim is clearly based on state law (claim nine) and five are so vaguely pled that it cannot be ascertained under what statutory authority they are made (claims two, three, four, eight and ten). All of the claims are time barred by their respective statute of limitations. Plaintiff's claims against the County also fail because they do not comply with the Supreme Court's ruling in *Monell v. Department of Social*

1    *Services of City of New York*, 436 U.S. 658 (1978). Additionally, plaintiff's state
2    claims are barred due to his failure to bring a suit within the limits outlined by
3    California's Tort Claim Act. Finally, plaintiff's cause of action for intentional
4    infliction of emotional distress fails because he does not plead outrageous conduct
5    (only concluding that it was) and he does not plead severe emotional distress.

6    Plaintiff alleged that he has submitted "multiple" claims with the County
7    that have been ignored related to this incident. (FAC ¶ 17). However, there is no
8    detail regarding when these supposed "claims" were submitted, to whom they were
9    submitted, against which defendants they were submitted or what was the response
10   from the recipient of the "claims." While he concludes by stating that he is
11   "without procedure to seek return of the money wrongfully seized by the
12   Defendants under color of law," he fails to explain why he did not follow the
13   procedures outlined in the Tort Claim Act.

14   With respect to the defendant County of Los Angeles ("the County"),
15   plaintiff alleges liability because the "County of Los Angeles is responsible for the
16   misconduct of its employees acting under the color of the law." (FAC ¶ 94).
17   Plaintiff further alleges that the County failed to protect him by maintaining a
18   custom and policy and practice of: (1) employing and retaining personnel with
19   dangerous propensities for abusing their authority; (2) inadequately supervising,
20   training, controlling, assigning and disciplining County deputies and other
21   personnel while knowing of their propensities; (3) maintaining grossly inadequate
22   procedures for reporting, supervising, investigating, reviewing, controlling and
23   disciplining the County's deputies; (4) failing to train, supervise, and control its
24   officers in collection, documentation, and retention of evidence; and (5)
25   condoning, ratifying, and encouraging the theft of personal property in the course
26   of official investigations. (FAC ¶ 129(a)-(e)). These are conclusory statements and
27   plaintiff's complaint fails to state any factual accusations against the County. There
28   is no specific County policy pleaded, or identified, in plaintiff's FAC.

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

1    As for his claim of intentional infliction of emotional distress ("IIED"),

2    plaintiff alleges: "Plaintiff is informed and there on alleges that Defendants'

3    actions described in this Complaint were intentional, extreme, and outrageous."

4    (FAC ¶ 145). Plaintiff does not elaborate as to how the actions were extreme or

5    outrageous or even intentional with respect to the County. Additionally, "Plaintiff

6    is further informed and believes and hereon alleges that such actions were done

7    with intent to cause serious emotional distress and were done with reckless

8    disregard of the probability of causing Plaintiff serious emotional distress." (FAC ¶

9    146). Again, plaintiff fails to elaborate as to how the actions supposedly

10   undertaken were intended to cause serious emotional distress or were done with

11   reckless disregard with respect to plaintiff. Plaintiff generally pleaded he suffered,

12   as a result of defendants' alleged actions, damages in the form of "lost profits,

13   psychological and emotional injuries, including, without limitations, sleep

14   deprivation, humiliation, depression, all of which are continuing and damage to

15   reputation." (FAC ¶ 147).

16   In an effort to plead around the clearly fatal flaw of failure to comply with

17   the various statutes of limitations, plaintiff has creatively alleged ongoing

18   violations and unsupported causes of action. However, these new allegations lack

19   any factual support and are based solely on "information and belief' (FAC ¶39, 43,

20   47 and 51). Nonetheless, plaintiff's Complaint was filed on September 18, 2019,

21   such that the allegations of May 2014, Fall 2016, May 2017, and Spring 2017 are

22   clearly barred. The claim of a theft in "Winter 2017" may also be barred but as

23   plaintiff fails to allege a date, it is unclear.

24   In addition, assuming arguendo, that any deputy or former deputy stole from

25   plaintiff, they clearly would have been acting outside the course and scope of their

26   employment with the County.

27   Finally, plaintiff improperly seeks punitive and/or exemplary damages from

28   the County, which is clearly a public entity.

Based on the allegations in the FAC, and the following arguments, the County respectfully requests the Court grant its motion to dismiss as to each and every claim without leave to amend.

## II. LEGAL STANDARD ON MOTION TO DISMISS

A motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P., 12(b)(6), should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly (Twombly)*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see Cook*, 637 F.3d at 1004; *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678; *see also Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.")

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Albright v. Oliver*, 510 U.S. 266, 268 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Berg v. Popham*, 412 F.3d 1122, 1125 (9th Cir. 2005). Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*,

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

521 F.3d 1097, 1104 (9th Cir. 2008). Conclusory allegations, unsupported by facts, have consistently been rejected as insufficient to state a claim under the Civil Rights Act. *Sherman v. Yakahi*, 548 F.2d 1287, 1290 (9th Cir. 1977).

## III.   EACH CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS

On the face of the complaint, plaintiff alleges that the primary incident occurred on May 28, 2014, over five years ago. (FAC ¶ 29). He also alleges that he immediately knew about the incident and immediately took action by submitting multiple claims. Plaintiff further alleges thefts in Fall 2016, May 2017, Spring 2017 and Winter 2017. This suit was filed on September 18, 2019. The defense of statute of limitations may be raised by a motion to dismiss "if the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1979). Here, plaintiff knew about the incident immediately after it had occurred on May 28, 2019. Similarly, any claims with statutes of limitation which expired by September 18, 2019 are barred by their respective statute of limitations and those claims in the FAC should be dismissed without leave to amend in its entirety.

A. Plaintiff's Federal Claims Are Time Barred

Plaintiff brings four causes of action pursuant to 42 U.S.C. § 1983 against the County: (1) unreasonable search and seizure; (2) deprivation of property without due process; (3) violation of substantive due process; and (4) municipal liability for unconstitutional custom or policy.

The accrual of a claim under Section 1983 in federal court occurs when "the plaintiff has a complete and present cause of action… that is, when the plaintiff can file suit and obtain relief." *Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019 (internal citations omitted). In *Mills*, the Ninth Circuit held the plaintiff had complete and present causes of action for his Section 1983 claims at the time the alleged incident occurred. *Id.*

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

To determine whether the statute of limitations had run, the Ninth Circuit applies the California statute of limitations for personal injury actions of two years. *Mills*, 921 F.3d at 1166. *See also Ambrose v. Coffey*, 696 F.Supp.2d 1119, 1131 (E.D. Cal. 2010) ("in California, the statute of limitations for Section 1983 claims is two years," *citing to Wilson v. Garcia*, 471 U.S. 22, 279-280 (1985), "the statute of limitations for Section 1983 claims is borrowed from the state's [statute] of limitations for personal injury claims.").

In the present case, plaintiff states that the incident leading to the filing of this suit occurred on May 28, 2014. Plaintiff also admits he knew of the incident giving rise to the suit "immediately." Two years from the date of the incident *was* May 28, 2016, *over three years* before he filed the present suit on September 18, 2019. Similarly, plaintiff alleges thefts in Fall 2016, May 2017, Spring 2017 and Winter 2017. Only the "Winter 2017" claim is even possibly viable, but it is impossible to ascertain given plaintiff's vague pleading. Therefore, the federal causes of action, brought pursuant to Section 1983, should be dismissed with prejudice.

B. Plaintiff's State Claims Are Time Barred

**1. Plaintiff's Claims for Conversion, Fraud and Trespass Against Personal Property Are Time Barred by a Three-Year Statute of Limitations and/or Lack Factual Support**

For the taking and injuring of personal property, i.e. conversion, fraud and trespass of personal property (claims five and seven in plaintiff's complaint), the Ninth Circuit has adopted and applied the statute of limitations from California *Code of Civil Procedure* Section 338 of three years. Section 338 applies to any action regarding the "taking, detaining, or injuring goods or chattels, including an action for the specific recovery of personal property." Cal. *Code of Civ. Proc.* §338(a). For example, the Ninth Circuit in *Davies* stated that: "The claim asserted in count I is clearly time barred by lapse of time. It alleges tortious conversion, and §338, subd. 3 of the California *Code of Civil Procedure* provides that an

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

action for taking or detaining goods or chattels must be commenced within a period of three years from the accrual of the claim." *Davies v. Carnation Co.,* 352 F.2d 393, 396 (9th Cir. 1965) (internal citations omitted). Another plaintiff, in *Orkin v. Taylor*, was found to be time barred by the Ninth Circuit in a case where she tried to recover a painting from defendant. *Orkin v. Taylor*, 487 F.3d 734, 741 (9th Cir. 2007). The Ninth Circuit found the *Orkin* plaintiff to be time barred by California *Code of Civil Procedure* Section 338 because her claim accrued more than three years before she brought her suit (with theft of art, "discovery" occurs when the location of the lost art is ascertained). *Id.*

In the present matter, the FAC states that the underlying incident occurred on May 28, 2014 and the plaintiff knew about it immediately. The statute of limitations thus started running immediately after May 28, 2014. Three years from on or around May 28, 2014 would have occurred in May 28, 2017, over two years ago. The statute may have also run for the theft alleged to have occurred in Fall 2016. Moreover, all the newly alleged thefts lack a sufficient factual basis. Therefore, plaintiff's claims for conversion and trespass against personal property should be dismissed.

### 2. Plaintiff's Claim for Intentional Infliction of Emotional Distress is Time Barred by a Two-Year Statute of Limitations

Plaintiff's claim for intentional infliction of emotional distress ("IIED") is also time barred. In *Johnson v. Lucent Techs., Inc.,* the Ninth Circuit unequivocally stated that the statute of limitations for IIED is two years. *Johnson v. Lucent Techs., Inc.*, 653 F. 3d 1000, 1008 (9th Cir. 2011). Further, the claim for IIED accrues when the harm is inflicted. *Id*. Here, plaintiff knew of the incident that potentially gave rise to an IIED claim immediately on May 28, 2014. Two years after that date was over three years ago. Two years from the date of the incident *was* May 28, 2016, *over three years* before he filed the present suit on September 18, 2019. Similarly, of the newly alleged thefts, only the "Winter 2017" claim is

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

even possibly viable, but it is impossible to ascertain given plaintiff's vague pleading.   Plaintiff is time barred on this claim.

## IV.    PLAINTIFF'S MONELL CLAIM AGAINST THE COUNTY IS INSUFFICIENTLY PLEADED

In *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the Supreme Court held that to maintain a cause of action against a governmental entity for a civil rights violation under 42 U.S.C. § 1983, a plaintiff must establish that the governmental entity had a "custom, practice, and policy" that led to a violation of civil rights. *Id.* at 694. "The language of § 1983, read against the background of its legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some sort caused a constitutional tort." *Id.* at 691. It should also be noted that "Municipalities may be held directly liable for constitutional violations under 42 U.S.C. § 1983, but they cannot be held liable on a respondeat superior theory. Rather, plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal policy or custom that caused the plaintiff's injury." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1027 (9th Cir. 2015) (internal citations omitted).

To succeed on a <u>*Monell*</u> claim, plaintiffs must produce evidence to establish three elements: (1) the individual defendant deputies acted under color of law; (2) the actions of the individual defendant deputies deprived the plaintiffs of their particular rights under the United States Constitution; ***and*** (3) the individual defendant deputies acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the County.  *See* 9th CIR. MODEL JURY INSTR., 9.5; *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

Such a "custom or practice" must be so "persistent and widespread" that it constitutes a "permanent and well settled city policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996), citing *Monell*, 436 U.S. at 691; *Gillette v. Delmore*, 979

F.2d 1342, 1349 (9th Cir. 1992) (plaintiff must present evidence proving "the existence of a widespread practice that … is so permanent and well-settled as to constitute a 'custom or usage' with the force of law.").

Critically, *Monell* liability based on improper custom "may not be predicated on isolated or sporadic incidents." *Trevino*, 99 F.3d at 918.  To survive a motion to dismiss, plaintiffs must "put forth additional facts regarding the specific nature of the alleged 'policy, custom, or practice.'" *A.E. ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

Here, the FAC does not state a claim for violation of *Monell*.  Plaintiff alleges that the County has:

"official recognized custom, policy and practice of: (1) employing and retaining personnel with dangerous propensities for abusing their authority; (2) inadequately supervising, training, controlling, assigning and disciplining County deputies and other  personnel while knowing of their propensities; (3) maintain grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling and disciplining the County's deputies; (4) failing to train, supervise, and control its officers in collection, documentation, and retention of evidence; and (5) condoning, ratifying, and encouraging the theft of personal property in the course of official investigations. (FAC ¶ 129(a)-(e)).

Despite these allegations, no "custom, policy, or practice" is identified with particularity. Nor is it pleaded that a policy was pervasive or known to anyone in the County. Rather, plaintiff utilizes buzzwords and conclusions of law. Plaintiff does not describe what he means by "deficient policies" and provides no articulation of what the County is supposedly condoning or tolerating. The claims against the County are solely conclusory, fail to make any implication that this incident was anything but a onetime occurrence, and fail to describe an

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

1  ascertainable policy, custom, or procedure upon which relief can be granted.

2  Plaintiff attempts to boot strap a *Monell* claim by including improper, impertinent

3  and irrelevant other claims of unrelated misconduct. The claim should be

4  dismissed.

5  ## V. <u>PLAINTIFF'S STATE CLAIMS ARE BARRED FOR FAILURE TO</u>

6  <u>COMPLY WITH THE CALIFORNIA'S TORT CLAIM ACT</u>

7  All of plaintiff's state tort causes of action (claims four, eight, nine and ten)

8  are barred by the California Tort Claims Act because plaintiff failed to allege

9  compliance. California *Government Code* Section 945.5 provides that "no suit for

10  money or damages may be brought against a public entity on a cause of action for

11  which a claim is required to be presented until a written claim therefor has been

12  presented to the public entity." Cal. *Gov't Code* § 945.4. A claim for money

13  damages for injury to person or personal property must be presented within six

14  months of accrual of the claim. Cal. *Gov't Code* § 911.2(a). Alternatively, if a

15  claim is not presented within the requirements of *Government Code* Section 911.2,

16  a late claim can be presented pursuant to *Government Code* Section 911.4, which

17  allows for an application regarding the timeliness to be filed with the public entity.

18  Cal. *Gov't Code* § 911.4(a). Such an application must be presented "within a

19  reasonable time not to exceed one year after the accrual…" Cal. *Gov't Code* §

20  911.4(b). Finally, once a public entity responds to a claim, a plaintiff has six

21  months to file his/her lawsuit. Cal. *Gov't Code* § 945.6(a)(1). If, however, the

22  public entity failed to respond, then a plaintiff has two years from the time of

23  accrual of the action within which to file suit. Cal. *Gov't Code* § 945.6(a)(2).

24  A review of plaintiff's FAC reveals that plaintiff merely alleges he filed

25  "multiple claims" with the County, but fails to allege when the claims were filed,

26  with whom the claims were filed, about whom the claims were filed, what the

27  contents of the claims were, and what the result of the claims was. On this basis

28

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

COLLINSON, DAEHNKE, INLOW & GRECO
215½ HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

alone, the FAC fails to state a claim for which relief can be granted as to plaintiff's state law claims.

Additionally, in any factual scenario, plaintiff's suit, filed on September 18, 2019, is too late according to the statutory construction put in place by the Tort Claim Act. Assuming, <u>arguendo</u>, that plaintiff submitted a timely claim for damages with the proper entity, the claim had to be submitted on or before six months from the accrual of the claim: May 28, 2014. The accrual date is May 28, 2014 because, pursuant to paragraphs 13 and 14 of the Complaint, the incident occurred on May 28, 2014 and plaintiff immediately called to complain about the incident. The public entity would then have 45 days to decide on the claim. Cal. *Gov't Code* § 912.4(a). After the entity's decision, plaintiff would have six months to file a suit. If this had occurred, then plaintiff should have filed suit on or before July 12, 2015 (6 months, then 45 days, then 6 months). If the entity did not respond to the hypothetical timely claim, plaintiff should have filed suit on or before May 28, 2016. The same reasoning would apply to each of the vague new claims.

Plaintiff does not allege that he ever filed a petition for relief to file a late claim. A litigant who unjustifiably fails to invoke the late claim procedure will not be permitted to argue any substantive grounds authorized by the late claim statutes as an excuse for failure to present a timely claim. *Kendrick v. City of La Mirada*, 272 Cal.App.2d 325 (1969). If an application to file a late claim is not filed within one year of the accrual of the cause of action, the court is without jurisdiction to grant relief under *Government Code* section 946.6. *Greyhound Lines, Inc. v. County of Santa Clara,* 187 Cal.App.3d 480, 488 (1986). Moreover, *estoppel must be pleaded and proved* as an affirmative bar to the defense of the statute of limitations *in a petition to file a late claim prior to the filing of a complaint*. *Munoz v. State of California*, 33 Cal.App.4th 1767, 1785 (1995) (emphasis added).

Therefore, plaintiff's state law claims must be dismissed.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COLLINSON, DAEHNKE, INLOW & GRECO
2515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

## VI.   PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS TO PLEAD A CLAIM FOR WHICH RELIEF CAN BE GRANTED

The elements for a claim of IIED are:

(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. For conduct to be outrageous, it must be so extreme as to exceed all bounds of that usually tolerated in a civilized community. Duste v. Chevron Prods. Co., 738 F.Supp.2d 1027, 1039 (N. D. Cal. 2010) (internal citations to Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991) omitted.) See also Steele v. City of San Diego, 726 F.Supp. 2d 1172, 1190 (S. D. Cal. 2010).

The _Duste_ court added that, "For conduct to be considered outrageous, it must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." _Duste_, 738 F.Supp.2d at 1039 (internal citations omitted). Moreover, "Severe emotional distress is described as emotional distress of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." _Id._ at 1040 (omitting internal citations). In the _Steele_, the court pointed to the Restatement of Torts, which guides that it is not enough to show insults, indignities, threats, annoyances, petty oppressions, or other trivialities. _Steele_, 726 F.Supp.2d at 1190 (internal citations omitted).

Moreover, "Claiming to be tense, nervous, and emotionally hurt does not satisfy this standard. Allegations of severe distress may also fail when they lack any evidentiary support from medical professionals." _Duste v. Chevron Prods. Co.,_ 738 F.Supp.2d at 1039 (omitting internal citations).

Here, plaintiff failed to plead facts that support there was outrageous conduct that was intended to cause _plaintiff_ personally _severe_ emotional distress. Plaintiff also failed to plead anything that goes toward the second element – that he suffered severe or extreme emotional distress. Instead, plaintiff pleads in paragraph

-15-
**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FRCP 41(b)**

based on "information and belief" that the incident resulted in serious emotional distress. This is a legal conclusion and, pursuant to Iqbal, holds no weight. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, plaintiff failed to plead a claim on which relief can be granted and his IIED claim should dismissed.

## VII.   ANY BAD ACTORS WERE ACTING OUTSIDE THE SCOPE OF THEIR EMPLOYMENT/NOT UNDER COLOR OF LAW

In *Alma W. v. Oakland Unified School Dist.,* 123 Cal. App.3d 113, 139 (1981), the court established that whether a tort is committed during the course of employment turns on "whether or not: 1) the act performed was either required or 'incident to his duties' or 2) the employee's conduct could be reasonably foreseen by the employer in any event." (citations omitted). There the court found the school district was not liable for the sexual assault of a student by an employee janitor because the "the connection between the employee's duties and the employee's wrongful actions has become so attenuated that the law will not hold the employer vicariously liable." *Id.* at 139-140.

This issue has been explored by many federal courts in the context of evaluating whether an individual was acting "under color of law" for purposes of liability under 42 U.S.C. §1983. For example, in *Griffin v Maryland,* 378 U.S. 130, 135 (1964) the Supreme Court ruled, "…a police officer's purely private acts which are not furthered by any actual or purported state authority are not acts under color of state." In *Griffin*, an off-duty deputy sheriff was working as a private security guard but wearing his official police uniform and displaying his law enforcement badge. The court found he was acting under color of law when he excluded the plaintiff from a park then arrested him for criminal trespass.

"Generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law... alleged wrongful actions are not taken under color of state law if they are 'not in

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

any way related to the performance of (his) duties' as a public official." *Johnson v. Knowles*, 113 F.3d 1114, 117 (9th Cir. 1997). Whether a police officer is acting under color of state law turns on the nature and circumstances of the officer's conduct and the relationship of that conduct to the performance of his official duties. *Anthony v. County of Sacramento*, 845 F. Supp. 1396, 1400 (E.D. Cal. 1994). A police officer's actions are under pretense of law only if they are "in some way related to the performance of his official duties." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996). In contrast, an officer who is "pursuing his own goals and is not in any way subject to control by his public employer," does not act under color of law…." *Id.* In *Huffman*, an off-duty deputy was carrying his personal, off-duty revolver loaded with department issue ammunition in a bar. The deputy drank alcohol and then got into an altercation and shot and killed plaintiff's decedent. In finding that the deputy was not acting under color of state law, the court focused on the facts that the deputy was off duty, not wearing his uniform, and carrying his own gun. The court stated that viewed in their totality, the deputy's actions were not "related to the performance of his official duties." *Huffman, supra,* at 1058-1059.

In *Van Ort, supra,* 92 F.3d 831, 838 (9th Cir. 1996), a deputy was involved in an on-duty narcotics search of the plaintiff's home which resulted in finding no contraband but revealed a safe containing multiple valuables. The deputy was off duty the next day when he returned to the house, attacked and killed one of the residents and robbed the safe. The court determined the deputy acted as a private citizen as he was not acting within his scope of employment or under color of state law. *Id.* at 836. The court specifically rejected the argument that the deputy acted under color of state law merely because he was a law enforcement officer, stating "acts committed by a police officer even while on duty and in uniform are not under color of state law unless they are in some way related to the performance of

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

1  police duties." *Id.* at 838 (citations omitted). The court noted it could not be

2  reasonably argued that the deputy acted pursuant to any government or police goal.

3  *Id.* at 838.

4  ## VIII.  <u>CLAIMS TWO AND THREE ARE IMPROPERLY PLED</u>

5      18 U.S.C. section 1341 prohibits the use of the mails for the purpose of

6  executing "any scheme or artifice to defraud, or for obtaining money or property

7  by means of false or fraudulent pretenses, representations or premises." To prevail,

8  plaintiff must establish, among other elements, an intent to defraud plaintiff. *U.S.*

9  *v. Gaudin,* 515 U.S. 506, 509 (1995); *U.S. v. Lane*, 474 U.S. 438, 459 (1986).

10  When the fraud implicates the deprivation of an intangible right, it is referred to as

11  the honest services. *Skilling v. U.S.*, 561 U.S. 358 (2010). Here, plaintiff clearly

12  alleges the fraud causes of action to circumvent his issues with the statutes of

13  limitation. However, these claims are so vaguely plead as to be insufficient to state

14  a claim. Plaintiff pleads no facts establishing an intent by the County of Los

15  Angeles to defraud plaintiff and no authority for the proposition that simply

16  mailing an alleged Government Tort denial letter is sufficient to fall under the

17  purview of the mail fraud statute.

18  ## IX.   <u>PLAINTIFF'S IMPROPER MATERIAL SHOULD BE STRICKEN</u>

19      *Federal Rule of Civil Procedure* 12(f) authorizes the court to strike from a

20  pleading any redundant, immaterial, impertinent, or scandalous matter. Here,

21  plaintiff improperly seeks punitive damages from the County, a public entity.

22  *Gov't. Code* section 818; *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247,

23  259-71 (1981). Plaintiff also improperly includes in the FAC impertinent and

24  irrelevant allegations of wholly unrelated and irrelevant incidents of alleged

25  misconduct by defendants which should be stricken. (FAC paragraphs 1(b), 4, 55,

26  58, 60 and 61).

27

28

## X. <u>CONCLUSION</u>

For the foregoing reasons, defendant County of Los Angeles respectfully requests that this Court grant this motion to dismiss without leave to amend and motion to strike pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f).


DATED:  February 13, 2020          COLLINSON, DAEHNKE, INLOW & GRECO


                                   By:
                                         /s/ Laura E. Inlow
                                         Laura E. Inlow, Esq.
                                         Attorneys for Defendant
                                         COUNTY OF LOS ANGELES

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

# DECLARATION OF LAURA E. INLOW

I, Laura E. Inlow, declare as follows:

1.     I am a partner of Collinson, Daehnke, Inlow & Greco, counsel of record for Defendant County of Los Angeles herein.  I make the following declaration based on my own personal knowledge.  I could and would competently testify under oath to the facts stated herein.

2.     I sent emails to plaintiff's counsel Michael Devereux on January 29, 2020 and February 6, 2020 attempting to meet and confer about the issues raised in the instant motion. Mr. Devereux declined to dismiss any portion of the First Amended Complaint.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of February 2020 in Torrance, California.

*Laura E. Inlow*
Laura E. Inlow

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757