1  COLLINSON, DAEHNKE, INLOW & GRECO
2  Laura E. Inlow, Esq., State Bar No. 130584
   Email: laura.inlow@cdiglaw.com
3  21515 Hawthorne Blvd., Suite 800
   Torrance, CA  90503
4  Telephone: (424) 212-7777
5  Facsimile: (424) 212-7757

6  Attorneys for Defendant, COUNTY OF LOS ANGELES

7

8              UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10 DANIEL NERSOYAN,                    | CASE NO. CV19-08109 SVW (MAAx)

11              Plaintiff,

12                                      **DEFENDANT COUNTY OF LOS
                                        ANGELES' MOTION FOR
13     v.                               SUMMARY JUDGMENT OR, IN
                                        THE ALTERNATIVE, MOTION
14 COUNTY OF LOS ANGELES, a             FOR PARTIAL SUMMARY
   county corporation; COUNTY OF LOS    JUDGMENT**
15 ANGELES SHERIFF'S
   DEPARTMENT, a public entity;         [Filed Concurrently with Statement of
16 SHERIFF JAMES MCDONNELL, in          Uncontroverted Facts, Appendix of
   his official capacity and as an      Exhibits, Declarations of Laura E.
17 individual; DEPUTY KENNETH           Inlow, Lt. Ron Kopperud, Tim Berns,
   COLLINS, individually and in his     and Lt. Douglas Kimura; and
18 official capacity as a Deputy, and   [Proposed] Order]
   DOES 1 through 10, inclusive
19
                Defendants.            Date:  November 30, 2020
20                                      Time:  1:30 p.m.
                                        Dept.:  10A
21

22                                      Action Filed: September 18, 2019
                                        Trial Date:  January 12, 2021
23

24

25 TO THE HONORABLE COURT, PLAINTIFF AND HIS ATTORNEY OF

26 RECORD:

27     PLEASE TAKE NOTICE that on November 30, 2020 at 1:30 p.m. in

28

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

-1-
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR
PARTIAL SUMMARY JUDGMENT**

Courtroom 10A of the United States District Court, located at 350 W. 1st Street, Los Angeles, California 90012, defendant COUNTY OF LOS ANGELES will and hereby does move the Court for an order granting its Motion for Summary Judgment or, in the alternative, motion for partial summary judgment pursuant to *Federal Rules of Civil Procedure*, Rule 56.

This motion is based on the grounds that all remaining causes of action in the First Amended Complaint (Docket Document No. 28) directed to the County of Los Angeles fail as a matter of law[1]. Specifically, defendant moves for summary judgment or partial summary judgment on the following bases:

1) Plaintiff's *Monell* claims under 42 U.S.C. § 1983 are time-barred;

2) Plaintiff's seventh cause of action alleging *Monell* violations under 42 U.S.C. § 1983 fails as a matter of law even if not time-barred; and

3) The state law claims fail as a matter of law.

This motion shall be supported by this Notice, the attached Memorandum of Points and Authorities, the Statement of Uncontroverted Facts and Law, all declarations, the Appendix of Exhibits, and upon all papers and pleadings on file herein.

---

[1] The Court has limited the current causes of action in its Order of July 7, 2020 to the timeliness of the 1983 claims against the County and the *Monell* claim. (Docket Document No. 38).

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

## <u>MEET AND CONFER COMPLIANCE</u>

The parties met and conferred regarding the instant motion on October 19, 2020, but were unable to reach an agreement, thus necessitating the instant motion.

DATED:  October 26, 2020         COLLINSON, DAEHNKE, INLOW & GRECO

By:

/s/ *Laura E. Inlow*
Laura E. Inlow, Esq.
Attorneys for Defendant
COUNTY OF LOS ANGELES

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

# **Table of Contents**

I.      INTRODUCTION AND UNDISPUTED FACTS ................................................1

     A.      Procedural Status ...........................................................................1

     B.      Plaintiff's Allegations in the FAC ................................................1

     C.      The Alleged Theft of May 28, 2014 ..............................................2

     D.      Plaintiff's Contacts with the Sheriff's Department in 2014........3

     E.      Plaintiff's Government Tort Claim of November 2014................4

     F.      Plaintiff Takes no Action Until 2019 after Collins was Arrested ............7

     G.      County Policies on Hiring, Retention, and Discipline.................8

     H.      Employment History of Former Deputy Collins ..........................9

II.     AUTHORITY FOR MOTION ....................................................................10

III.    PLAINTIFF'S CLAIMS ARE TIME BARRED .........................................11

IV.     EVEN IF NOT TIME-BARRED, THE MONELL CLAIMS FAIL ............14

V.      ALTHOUGH BIFURCATED BY THE COURT ON THE MOTION TO
     DISMISS, THE STATE LAW CLAIMS ALSO FAIL AS A MATTER OF LAW
     AND SHOULD BE DISMISSED BY THIS COURT .........................................17

VI.     CONCLUSION.........................................................................................20

COLLINSON, DAEHNKE, INLOW & GRECO
2515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

<u>Cases</u>

*Adell v. Las Vegas Metro. Pol. Dept.*, 268 F.3d 924 (9th Cir. 2001)...................... 15

*Adickes v. S.H. Kress & Co.* (1970) 398 U.S. 144, 157 ...................................... 10

*Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) ................. 12

*Bolt v. U.S.,* 944 F.2d 603, 609 (9th Cir. 1991) ............................................... 13

*Canatella v. Van De Kamp,* 486 F.3d 1128, 1132 (9th Cir. 2007) ..................... 12

*Celotex Corp v. Catrett* (1986) 477 U.S. 317, 323 .......................................... 10

*City of Canton v. Harris* (1989) 489 U.S. 378, 391 ......................................... 15

*Crow v. State*, 222 Cal.App.3d 192 (1990)..................................................... 17

*Davies v. Carnation Co.,* 352 F.2d 393, 396 (9th Cir. 1965) ............................ 18

*Davis v. City of Ellenburg*, 869 F.2d 1239 (9th Cir. 1989)............................... 14

*Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) .............................. 10

*Elliot-Park v. Manglona*, 592 F.3d 1003, 1006 (9th Cir. 2010) ........................ 16

*Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011) ........... 13

*Fall River Joint Unified School Dist. v. Superior Court.* (1988) 206 Cal.App.3d 431 ............... 17

*Fortyune v. American Multi- Cinema, Inc.*, 364 F. 3d 1075, 1080 (9th Cir. 2004)..................... 10

*FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 117 (9th Cir. 1996).................................. 11

*Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992)................................. 14

*Glorietta Foods, Inc. v. City of San Jose*, 147 Cal.App.3d 835 (835) ................ 18

*Gomez v. Whitney,* 757 F.2d 1005, 1006 (9th Cir. 1985) .................................. 16

*Griffin v Maryland,* 378 U.S. 130, 135 (1964) ................................................ 16

*Harding v. Galceran*, 889 F.2d 906, 908 (9th Cir. 1989) ................................. 12

*Huffman v. County of Los Angeles,* 147 F.3d 1054, 1058 (9th Cir. 1998)................................. 16

*Janis v. State Lottery Comm.* (1998) 68 Cal.App.4th 824, 832 ......................... 17

*Johnson v. Knowles*, 113 F.3d 1114, 117 (9th Cir. 1997).................................. 16

*Johnson v. Lucent Techs., Inc.*, 653 F. 3d 1000, 1008 (9th Cir. 2011) ............... 19

*Marks v. U.S.*, 578 F.2d 261, 263 (9th Cir. 1978)........................................... 11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* (1986) 475 U.S. 574, 586.............................. 11

*McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000) ................................................ 15

*Mills v. City of Covina,* 921 F.3d 1161, 1166 (9th Cir. 2019) ...................................... 12

*Ogunrinu v. City of Riverside* (9th Cir. 2003) 79 F.App'x 961, 962-63 ...................................... 16

*Oklahoma v. Tuttle* (1995) 471 U.S. 808, 823 ................................................ 14

*Orkin v. Taylor*, 487 F.3d 734, 741 (9th Cir. 2007)........................................... 18

*Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) ........................................... 14

*Scott v. Harris* (2007) 550 U.S. 372, 380 ................................................ 11

*Shirk v. Vista Unified Sch. Dist.* (2007) 42 Cal.4th 201, 209 ...................................... 17

*Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir. 1997)........................................... 12

*Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)........................................... 14, 15

*Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996) .............................................. 16

*Wallace v. Kato*, 549 U.S. 384, 388 (2007) ................................................ 12

### *Other Authorities*

*42 U.S.C. § 1983 and 2* ................................................ 1, 14

*9th Cir. Model Jury Instr., 9.5* ................................................ 14

*Code of Civil Procedure Section 338*........................................... 18

*FRCP 56 (c)* ................................................ 11

*Government Code §911.2* ................................................ 17

*Government Code §945.6* ................................................ 17

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND UNDISPUTED FACTS

### A.   Procedural Status

On September 18, 2019, Plaintiff Daniel Nersoyan filed his original complaint. (Docket Document No. 1). Following a motion to dismiss, plaintiff filed the operative First Amended Complaint (FAC) on January 24, 2020. (Docket Doc. No. 28). Defendant County of Los Angeles ("County") filed another motion to dismiss which was granted in part and denied in part. (Docket Doc. No. 38). Pursuant to the Court's order on the motion to dismiss, the only issues currently pending as to the County are: 1) the substantive *Monell* claims under 42 U.S.C. § 1983 and 2) whether plaintiff's section 1983 claims are time-barred. (Docket Doc. No. 38).[2]

### B.   Plaintiff's Allegations in the FAC

Plaintiff brings this lawsuit based on a theft allegedly occurring on May 28, 2014. (Undisputed Material Fact (UMF) 1).[3] Specifically, Nersoyan alleges that his unidentified "colleague/employee," an unidentified "broker" and an associate of the broker, while in possession of plaintiff's cash in an amount exceeding $150,000, were improperly stopped by defendant former deputy Kenneth Collins, the cash was seized, and at least one person was taken into custody. (UMF 2).

---

[2] Former Sheriff McDonnell was dismissed by this Court. (Docket Document No. 42).

[3] Per the Court's ruling, only the alleged theft of May 28, 2014 is at issue. (Docket Document No. 38).

Plaintiff alleges he soon thereafter called the Los Angeles County Sheriff's Department (LASD) to complain about the theft, but the LASD had no interest in investigating his complaint and represented that it had no information about the alleged theft. (UMF 3). Plaintiff alleges that he has submitted multiple claims to the County that have been ignored related to this incident. (UMF 4). Finally, plaintiff asserts that the County misled him by denying that any County personnel had been involved. (UMF 5).

### C.   The Alleged Theft of May 28, 2014

On May 28, 2014, former LASD deputy Kenneth Collins conducted a bogus traffic stop of a vehicle and took possession of cash which plaintiff claims belonged to him. (UMF 6). Plaintiff admits that the broker and his associate, to whom he entrusted the money, helped set up the theft with Collins. (UMF 7). Plaintiff has been inconsistent about the amount of cash allegedly stolen, claiming it was between $150,000 and $160,000. (UMF 8). Plaintiff has provided no documentary proof that the money was his or that he had any legal entitlement to the allegedly stolen cash. (UMF 9). Plaintiff claims he gave the cash to a "broker" to purchase a diamond necklace. He did not know where the necklace was located and had not vetted the authenticity of the necklace. (UMF 10). The broker, an associate of the broker, and plaintiff's colleague/employee, Hyrum Dubon, left plaintiff's office with the cash on the afternoon of May 28, 2014. They were to return with the necklace within one to two hours. (UMF 11).

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

When his colleague/employee failed to return with the necklace, Nersoyan got nervous and began calling him, but Dubon did not answer his phone. (UMF 12). Shortly thereafter, the broker called Nersoyan to report he was nervous as he was getting pulled over by a Sheriff's deputy. (UMF 13). The next call Nersoyan got was from Dubon who told him a male African American sheriff's deputy had taken the cash and taken the broker's associate into custody. (UMF 14).

D.   Plaintiff's Contacts with the Sheriff's Department in 2014

On May 28, 2014, Nersoyan called information to obtain the phone numbers for the 3-4 Sheriff stations close to where he was told the theft occurred on East Slauson Blvd.  He called each station on May 28, 2014 and asked whoever answered the phone if a black deputy had brought in an arrestee with a large amount of cash. Each station denied any such activity. (UMF 15). Plaintiff admits that Collins never made a report about the May 28, 2014 incident and never booked the cash into evidence. (UMF 16). Plaintiff also admits that no station misled him, and each Sheriff's station was telling him the truth on May 28, 2014 when they denied any arrests involving a large amount of cash. (UMF 17). Plaintiff also admits that he never got any information from any source that the Sheriff's Department had any knowledge prior to May 28, 2014 that Collins intended to steal the cash. (UMF 18). Collins has testified that no one from the Sheriff's Department knew about his illegal activities. (UMF 19). Nersoyan never called 911 or went to any Sheriff's station to make a theft report or to demand that an

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

investigation be opened. He never sent any letters or emails to the Sheriff's Department about the theft. (UMF 20).

The next day, May 29, 2014, Nersoyan sent his other employee, Andy Bagdasarian, to the scene of the theft and Andy obtained two videotapes, one from a gas station and one from the traffic stop. (UMF 21). Despite the claims in the FAC, plaintiff admitted that he never gave these videotapes to or discussed the tapes with anyone at the Sheriff's Department. (UMF 22). Instead, in June of 2014, Nersoyan gave the tapes to the FBI which promised to investigate the matter. (UMF 23). Plaintiff claims the FBI encouraged him to have no contact with the Sheriff's Department to protect their investigation. (UMF 24). Plaintiff called the FBI several times between June and November of 2014, but the FBI did not seem to be progressing in their investigation. (UMF 25).

E.    Plaintiff's Government Tort Claim of November 2014

Between May 28, 2014 and November 14, plaintiff placed one other call to an unidentified Sheriff's station to express his anger about the alleged theft. (UMF 26). Plaintiff had no other communication with anyone in the Sheriff's Department between May 28, 2014 and November 18, 2014. (UMF 27). By November of 2014, Nersoyan was so frustrated with the FBI that on November 18, 2014, he and his attorney submitted a Government Tort Claim to the County alleging that an unidentified deputy stole $158,000 from one of his employees during a traffic stop

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

on May 28, 2014. (UMF 28). Then Sergeant, now Lieutenant Douglas Kimura, was assigned to investigate the allegations of the claim. (UMF 29).

As Nersoyan's claim had provided only a partial vehicle identification number, Sgt. Kimura initially used department resources to determine which patrol car(s) could have been involved. (UMF 30). Sgt. Kimura also tried to contact both Nersoyan and the alleged employee on several occasions without success. As Nersoyan never called him back, Sgt. Kimura sent him a certified letter on December 16, 2014. (UMF 31). On December 17, 2014, Sgt. Kimura spoke with Nersoyan by telephone and learned the alleged May 28, 2014 incident was captured on videotape which was in the possession of Mr. Nersoyan's attorney. When Sgt. Kimura requested a copy of the videotape, Nersoyan terminated the call and referred Sgt. Kimura to his attorney. (UMF 32).

Between December 17, 2014 and January 6, 2015, Sgt. Kimura left several messages for Nersoyan's attorney without reaching him. On January 6, 2015, Sgt. Kimura called Claimant Nersoyan again and advised him that he had not been able to contact his counsel. (UMF 33). On January 13, 2015, Sgt. Kimura interviewed Collins who stated he had been assigned to the Emerging Leaders Academy (ELA) program since 2012. Collins denied any involvement with the alleged theft of May 28, 2014, asserting that he had never made a traffic stop while assigned to ELA. (UMF 34). On January 16, 2015, the County mailed Nersoyan a letter denying his

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

November 2014 claim for damages. The claim denial letter advised Nersoyan that he had six (6) months from the date of the denial in which to file suit. (UMF 35).

Having received no additional information or telephone calls from Nersoyan or his attorney, Sgt. Kimura mailed a second letter to Nersoyan on January 27, 2015, advising him that his investigative efforts had been exhausted due to Nersoyan's lack of cooperation and instructing him to contact the Los Angeles Police Department regarding the claim as the location of the alleged incident was within the jurisdiction of the LAPD Newton Division. (UMF 36). In his deposition, however, Nersoyan denied having any contact whatsoever with anyone at the Sheriff's department after he and his attorney filed his claim, denied ever speaking with Sgt. Kimura, and denied getting the two certified letters, although he confirmed they were sent to the correct address. (UMF 37). Plaintiff and his attorney considered filing a lawsuit against the LASD in 2015 but did not. Nothing by the Sheriff's department dissuaded plaintiff from filing a lawsuit in 2014 or 2015. (UMF 38).

On January 29, 2015, Claimant's attorney called Sgt. Kimura and stated he had the videotape. Sgt. Kimura arranged to go to the attorney's office on February 5, 2015 to view the tape. However, on February 3, 2015 the attorney's office left a voice message cancelling the meeting. Sgt. Kimura attempted to reschedule but was not provided a new date. (UMF 39). As of February 10, 2015, Sgt. Kimura had not heard further from the attorney's office. Based on the available information and

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

-6-
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

the lack of cooperation by Nersoyan, Sgt. Kimura determined there was insufficient evidence to substantiate Claimant Nersoyan's claim or to identify the allegedly involved deputy. (UMF 40). Nersoyan admits he had no contact with anyone at the Sheriff's Department in 2015, 2016, 2017 or 2018. Nersoyan also admits he took no steps to pursue his claim against the County in 2015, 2016, 2017 or 2018. (UMF 41).

      F.      <u>Plaintiff Takes no Action Until 2019 after Collins was Arrested</u>

In 2017, LASD Detective Tim Berns, who is now retired, was assigned to Fraud and Cyber Crimes working on a joint ID Theft Task Force with the FBI, Secret Service, and Customs. A Reliable Confidential Informant (RCI) told Det. Berns about a then unidentified "dirty cop" initially believed to be with either the Riverside or San Bernardino Sheriff's. Det. Berns shared this information with the FBI Agent on his joint taskforce. (UMF 42). A few weeks later the RCI determined the name of the dirty officer was Kenneth Collins. Det. Berns ran the name through the LASD database and determined Collins was with the LASD. Det. Berns shared this information with his sergeant, his captain, and the FBI. (UMF 43). While Det. Berns assisted the FBI as needed, the FBI conducted the investigation and ran the sting operation which resulted in the arrests of Collins and others, including Grant Valencia, on January 16, 2018. Both Collins and Valencia were convicted of federal crimes and Collins continues to be incarcerated in federal custody in Texas. (UMF 44).

COLLINSON, DAEHNKE, INLOW & GRECO
2515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

Valencia filed a lawsuit against the County on December 14, 2018 alleging negligent supervision and retention and a *Monell* claim for failure to investigate which he claimed resulted in his arrest with Collins. The County's motion for summary judgment was granted in full on February 24, 2020. Valencia has filed a notice of appeal but has yet to file his opening brief. (UMF 45).

Nersoyan testified that while he was in federal custody at the Metropolitan Detention Center (MDC) on charges of a felon on possession of a gun and conspiracy to sell heroin from June of 2017 to October of 2018, the FBI approached him and told him that Kenneth Collins stole his money on May 28, 2014. (UMF 46). After he was released on parole, Nersoyan through his attorney, Michael Devereaux, on April 4, 2019 submitted an Amended Government Tort Claim pertaining to the May 28, 2014 theft. (UMF 47). The County denied the Amended Claim as untimely on April 8, 2019. (UMF 48). Plaintiff filed this lawsuit on September 18, 2019. (UMF 1).

### G.   County Policies on Hiring, Retention, and Discipline

At all times relevant to this matter, the County had written policies regarding the retention and discipline of deputies. (UMF 49). Additionally, per written policy, all known civilian and personnel complaints about deputy personnel were investigated and, if warranted, the deputy was subject to discipline ranging from re-training to termination for both on-duty and off-duty incidents. (UMF 50).

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL: (424) 212-7777 | FAX (424) 212-7757

H.   <u>Employment History of Former Deputy Collins</u>

Collins served as a combat medic in the Army from 1985-1988 and has an AA degree in criminal justice. He worked as an EMT from 1989-2001 and then attended the Sheriff's Academy graduating in 2002. (UMF 51). Collins had various duty assignments until he was loaned from the Community Oriented Policing (COPS) Bureau to ELA for about two years starting in 2012. From 2014 to 2016, he was assigned to patrol out of the Alta Dena station. From 2016 until his arrest in January of 2018, he was assigned to County Services. (UMF 52).

In the fifteen years in which Collins was employed as a deputy Sheriff, he received eight (8) public commendations and five (5) Unit Commander commendations. (UMF 53). He was also the subject of six civilian complaints, which were all the subject of a full inquiry resulting in a Watch Commander's Service Comment Report. Aside from routine complaints of rude or discourteous service, three of the complaints alleged theft of money. (UMF 54). In 2007, two suspects alleged that Deputy Collins and his partner had stolen money from them during their arrest. The money had been seized and counted in the presence of a sergeant and neither suspect complained at the time of their booking. The conduct of Deputy Collins was determined to be reasonable regarding that complaint. (UMF 55).

//

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

In 2008, another suspect complained that Collins and a different partner had stolen money from a vehicle that had been sent to a tow yard. Again, the suspect did not complain at the time of booking. After an inquiry resulting in a Watch Commander's Service Comment Report, no determination was reached. (UMF 56). The third claim for theft was by Nersoyan in 2014. (UMF 57).

## II. AUTHORITY FOR MOTION

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FRCP 56(c); *Adickes v. S.H. Kress & Co*. (1970) 398 U.S. 144, 157; *Fortyune v. American Multi- Cinema, Inc*., 364 F. 3d 1075, 1080 (9th Cir. 2004). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file." *Celotex Corp v. Catrett* (1986) 477 U.S. 317, 323.

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id*. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The moving party has no burden to negate or disprove matters on which the non-moving party has the burden of proof at trial but need only point out to the Court through argument an

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

absence of evidence to support the non-moving party's case. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

The opposing party may not rely upon mere allegations or denials in its pleadings but is required to tender evidence of specific facts in the form of affidavits and/or admissible discovery material, in support of its contention that the dispute exists. *FRCP* 56 (c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* (1986) 475 U.S. 574, 586. The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Id*. at 587. To demonstrate a genuine issue, the opposing party "must do more than simply show that there is a mere metaphysical doubt as to the material facts…Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party there is no 'genuine issue for trial." *Id*.; *Scott v. Harris* (2007) 550 U.S. 372, 380. Conclusory allegations unsupported by factual data will not create a triable issue of fact allowing a party to survive a summary judgment motion. *Marks v. U.S.*, 578 F.2d 261, 263 (9th Cir. 1978); *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 117 (9th Cir. 1996).

## III.  PLAINTIFF'S CLAIMS ARE TIME BARRED

Plaintiff alleges that the alleged theft occurred on May 28, 2014. (UMF 1). He also admits that he immediately knew about the incident and believed the theft had been committed by a deputy sheriff. (UMF 14). By May 29, 2014, plaintiff had videotape of the alleged theft. (UMF 21). In June of 2014, plaintiff advised

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

the FBI about the alleged theft and submitted the videotapes to the FBI. (UMF 23). Plaintiff admits he never gave the videotapes to the LASD, never initiated a police report, and Collins never filed any reports or booked the cash. (UMF 16, 17, 18 and 20). Plaintiff further admits that the County told him the truth when he spoke with them on May 28, 2014. (UMF 17). Moreover, it was the FBI which encouraged plaintiff to wait to file a tort claim, not the LASD. (UMF 24). Nonetheless, on November 18, 2014, Nersoyan submitted his Government Tort Claim. (UMF 28). Yet, this suit was not filed until almost five (5) years later on September 18, 2019. (Docket Document No. 1).

A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (citations and internal quotations omitted); see also *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The statute of limitations for federal 1983 claims is two years. *Mills v. City of Covina,* 921 F.3d 1161, 1166 (9th Cir. 2019); *Canatella v. Van De Kamp,* 486 F.3d 1128, 1132 (9th Cir. 2007).

To avoid the obvious failure to comply with the two-year statute of limitations for federal 1983 claims, plaintiff makes two attempts at equitable estoppel or tolling.  First, he claims his incarceration at MDC from June of 2018 to October of 2019 tolled the statute of limitations (FAC, Docket Document No. 28, ¶ 16). This claim should be rejected as plaintiff's cause of action accrued on May 28, 2014 when he was on notice of the alleged theft by a deputy sheriff. As

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

such, the two-year statute of limitations had expired long before plaintiff was re-arrested and incarcerated at MDC. *Harding v. Galceran*, 889 F.2d 906, 908 (9th Cir. 1989); *Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir. 1997).

Second, he asserts in the FAC that the LASD misled him when he attempted to pursue his claim in 2014. (FAC, Docket Document No. 28, ¶ 25, 33, and 78). Plaintiff must plead the following elements of equitable estoppel: 1) knowledge of the true facts by the party to be estopped, 2) intent to induce reliance or actions giving rise to a belief in that intent, 3) ignorance of the true facts by the relying party, and 4) detrimental reliance. *Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011), citing *Bolt v. U.S.,* 944 F.2d 603, 609 (9th Cir. 1991). Moreover, when estoppel is sought against the government, "there must be affirmative misconduct (not mere negligence) and a serious injustice outweighing the damage to the public interest of estopping the government." *Id.*

Here, plaintiff cannot establish any of the requisite elements for equitable estoppel. First, while plaintiff had knowledge of the true fact that his money had been taken by Collins, the County did not. Second, by his own admission, the County told him the truth when it denied knowledge of the theft, so it was not intending to induce any reliance by plaintiff. Third, plaintiff was not ignorant of the true facts. Finally, there clearly is no detrimental reliance as plaintiff submitted his Government Tort Claim in November of 2014. However, instead of pursuing his rights, he abandoned them.  Therefore, all federal §1983 causes of action must

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

be dismissed with prejudice for failure to comply with the statute of limitations.

## IV.  EVEN IF NOT TIME-BARRED, THE MONELL CLAIMS FAIL

To succeed on the _Monell_ claim, plaintiff must produce evidence to establish three elements: (1) the individual defendant deputies acted under color of law; (2) the actions of the individual defendant deputies deprived the plaintiffs of their particular rights under the United States Constitution; ***and*** (3) the individual defendant deputies acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the County.  *See* 9th CIR. MODEL JURY INSTR., 9.5; *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

Additionally, it is well-established that a local governmental entity, such as the County, cannot be liable for damages pursuant to 42 U.S.C. §1983 based solely upon a theory of *respondeat superior*. *Monell, supra,* at 658. Instead, plaintiff has the burden of proving that such a "custom or practice" must be so "persistent and widespread" that it constitutes a "permanent and well settled city policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992) (plaintiff must present evidence proving "the existence of a widespread practice that … is so permanent and well-settled as to constitute a 'custom or usage' with the force of law."). There also must be an affirmative link between the policy and the particular violation alleged. *Oklahoma v. Tuttle* (1995) 471 U.S. 808, 823.

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

To establish *Monell* liability for a failure to train or adequately supervise subordinates, the evidence must show a pattern which amounts to the deliberate indifference to rights of persons with whom the inadequately trained or supervised employees come into contact. *Davis v. City of Ellenburg*, 869 F.2d 1239 (9th Cir. 1989). Additionally, there is no liability pursuant to Section 1983 for negligence because such liability must be predicated upon a deliberate deprivation of constitutional rights by defendant. Neither negligent training of an employee nor a sound program occasionally administered negligently constitutes deliberate indifference. *City of Canton v. Harris* (1989) 489 U.S. 378, 391.

Finally, even if there was a violation of plaintiff's rights, a single isolated incident does not establish official policy sufficient to render the municipality liable under Section 1983. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *Adell v. Las Vegas Metro Pol. Dept.*, 268 F.3d 924 (9th Cir. 2001). Proof of random acts or isolated incidents of unconstitutional action by a non-policymaking employee are insufficient to establish the existence of a municipal policy or custom. *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000).

Here, plaintiff cannot establish either an underlying violation of his Constitutionally protected rights or that any such violation was a result of an established custom, policy, or procedure of the County of Los Angeles. The undisputed facts are that the County had clear policies and procedures pertaining to the investigation and discipline of deputy personnel. Moreover, those policies were

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

followed regarding all known claims against Collins. Specifically, in contrast to plaintiff's claims to the contrary, the Nersoyan claim was investigated by the LASD but the investigation was thwarted by Nersoyan's own failure to cooperate.

The Ninth Circuit has also held there is no duty to investigate, but rather, the failure to investigate must involve "another recognized constitutional right" to rise to a cognizable claim. *Ogunrinu v. City of Riverside* (9th Cir. 2003) 79 F.App'x 961, 962-63; quoting *Gomez v. Whitney,* 757 F.2d 1005, 1006 (9th Cir. 1985). For instance, an intentional failure to investigate due to racial discrimination violates the equal protection clause. *Elliot-Park v. Manglona*, 592 F.3d 1003, 1006 (9th Cir. 2010).

Finally, *Monell* liability only attaches for conduct that is "under color of law." Here, the alleged theft by Collins was clearly outside the course and scope of his employment such as to fail the "under color of law" requirement. See, *Griffin v Maryland,* 378 U.S. 130, 135 (1964); *Johnson v. Knowles*, 113 F.3d 1114, 117 (9th Cir. 1997); *Huffman v. County of Los Angeles,* 147 F.3d 1054, 1058 (9th Cir. 1998); and *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996). As such, there is no nexus between Collins' duties for the County and his alleged wrongful acts in furtherance of an illegal personal pursuit. For all these reasons herein, the *Monell* cause of action should be dismissed.

//

//

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

**V.**   **ALTHOUGH BIFURCATED BY THE COURT ON THE MOTION TO DISMISS, THE STATE LAW CLAIMS ALSO FAIL AS A MATTER OF LAW AND SHOULD BE DISMISSED BY THIS COURT**

The FAC also asserts state law causes of action for common law fraud, conversion, intentional infliction of emotional distress and trespass. While the court declined to address these claims on the motion to dismiss, it was without prejudice to defendant's right to address them at a later date. (Docket Doc. No. 38).

It is well-established that before suing a governmental entity, like the County of Los Angeles, plaintiff must comply with California *Government Code* §911.2 which requires him to file a claim with the governmental entity within six months of accrual of the action.  Submission of a timely claim is a condition precedent to a tort action against a public entity.  *Janis v. State Lottery Comm.* (1998) 68 Cal.App.4th 824, 832; *Shirk v. Vista Unified Sch. Dist.* (2007) 42 Cal.4th 201, 209). Here, plaintiff did submit a timely claim on November 18, 2014.

In addition, the factual circumstances alleged in the claim must correspond to those alleged in the subsequent lawsuit. If the complaint alleges a factual basis for recovery that is not fairly reflected in the written claim, the complaint is subject to a dispositive motion.  *Fall River Joint Unified School Dist. v. Superior Court.* (1988) 206 Cal.App.3d 431; *Crow v. State*, 222 Cal.App.3d 192 (1990). Here, plaintiff's 2014 claim alleges only the theft of $158,000 in cash. It is silent as to

any claim of trespass, fraud, or intentional infliction of emotional distress. Thus, these claims must be dismissed.

Moreover, the County denied plaintiff's 2014 claim on January 15, 2015 and in the denial letter plaintiff was cautioned that pursuant to *Government Code* §945.6, he only had six (6) months from the date of the denial in which to file suit. Yet, plaintiff did not file suit until 2019. As outlined above, plaintiff is not entitled to any tolling or equitable estoppel. The lawsuit must be filed within six (6) months of rejection of the tort claim. *Glorietta Foods, Inc. v. City of San Jose*, 147 Cal.App.3d 835 (835).

In addition, for the taking and injuring of personal property, i.e. conversion, fraud and trespass of personal property (claims four, eight and ten in the FAC), the Ninth Circuit has adopted and applied the statute of limitations from California *Code of Civil Procedure* Section 338 of three years. Section 338 applies to any action regarding the "taking, detaining, or injuring goods or chattels, including an action for the specific recovery of personal property." Cal. *Code of Civ. Proc.* §338(a). For example, the Ninth Circuit in *Davies* stated that: "The claim…is clearly time barred by lapse of time. It alleges tortious conversion, and §338, subd. 3 of the California *Code of Civil Procedure* provides that an action for taking or detaining goods or chattels must be commenced within a period of three years from the accrual of the claim." *Davies v. Carnation Co.,* 352 F.2d 393, 396 (9th Cir. 1965) (internal citations omitted). In *Orkin v. Taylor*, plaintiff's claim was

found to be time barred by the Ninth Circuit in a case where she tried to recover a painting from defendant. *Orkin v. Taylor*, 487 F.3d 734, 741 (9th Cir. 2007). The claim was time barred by California *Code of Civil Procedure* Section 338 because her claim accrued more than three years before she brought her suit (with theft of art, "discovery" occurs when the location of the lost art is ascertained). *Id.*

Finally, plaintiff's ninth claim for intentional infliction of emotional distress ("IIED") is also time barred. The Ninth Circuit has unequivocally stated that the statute of limitations for IIED is two years. *Johnson v. Lucent Techs., Inc.*, 653 F. 3d 1000, 1008 (9th Cir. 2011). Further, the claim for IIED accrues when the harm is inflicted. *Id.* Here, plaintiff knew of the incident that gave rise to any IIED claim immediately on May 28, 2014. Two years from the date of the incident *was* May 28, 2016, *over three years* before he filed the present suit on September 18, 2019. For all these reasons, all the state law claims also fail as a matter of law and should be dismissed with prejudice.

//

//

//

//

//

//

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

## VI.  CONCLUSION

For the foregoing reasons, defendant County of Los Angeles respectfully requests that this Court grant its motion for summary judgment in its entirety and enter judgment in favor of defendant County of Los Angeles. In the alternative, defendant seeks partial summary judgment on the cause of action addressed herein.

DATED:  October 26, 2020          COLLINSON, DAEHNKE, INLOW & GRECO

By:

/s/ *Laura E. Inlow*
Laura E. Inlow, Esq.
Attorneys for Defendant
COUNTY OF LOS ANGELES

# DECLARATION OF LAURA E. INLOW

I, Laura E. Inlow, declare as follows:

1.      I am a partner of Collinson, Daehnke, Inlow & Greco, counsel of record for Defendant County of Los Angeles herein.  I make the following declaration based on my own personal knowledge.  I could and would competently testify under oath to the facts stated herein.

2.      In his federal criminal matter, 18MJ00062, Kenneth Collins admitted to *only* the alleged theft of May 2014.

3.      True and correct copies of the pertinent portions of the deposition of plaintiff Daniel Nersoyan taken on October 15, 2020 are attached to the Appendix of Exhibits as Exhibit A.

4.      True and correct copies of the pertinent portions of the deposition of Kenneth Collins taken on November 18, 2019 in the case of *Valencia v. County of Los Angeles*, case number 19-cv-00471 are attached to the Appendix of Exhibits as Exhibit B.

5.      A true and correct copy of plaintiff Daniel Nersoyan's Government Tort claim dated November 18, 2014 is attached to the Appendix of Exhibits as Exhibit C.

6.      A true and correct copy of the County's tort claim denial letter dated January 15, 2015 is attached to the Appendix of Exhibits as Exhibit G.

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

7.     A true and correct copy of the Court's ruling on the County's motion for summary judgment in the case of *Valencia v. County of Los Angeles*, case number 19-cv-00471 is attached to the Appendix of Exhibits as Exhibit J.

8.     Plaintiff Grant Valencia has filed a notice of appeal in case number 19-cv-00471 but has not yet filed his opening brief.

9.     A true and correct copy of plaintiff Daniel Nersoyan's amended tort claim dated March 31, 2019 is attached to the Appendix of Exhibits as Exhibit K.

10.     A true and correct copy of the County's amended tort claim denial letter dated April 8, 2019 is attached to the Appendix of Exhibits as Exhibit L.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 26th day of October 2020 in Torrance, California.

*Laura E. Inlow*
Laura E. Inlow

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

## PROOF OF SERVICE
*Nersoyan v. COLA*
*Case No. CV19-08109*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 21515 Hawthorne Blvd., Suite 800, Torrance, California 90503.

On October 26, 2020 I served the following document described as: **DEFENDANT COUNTY OF LOS ANGELES' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT** on all interested parties in this action by placing [X] a true copy   [   ] the original thereof enclosed in sealed envelopes addressed as follows:

### Counsel for Plaintiff
Michael S. Devereux, Esq.
WEX LAW A PROFESSIONAL LAW CORPORATION
1880 Century Park East, Suite 1101
Los Angeles, CA 90067
Tel: 213-986-9844
Fax: 213-342-6190
Email: mike@wex.law

[X]    (BY MAIL, 1013a, 2015.5 C.C.P.)

[X]    I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Torrance, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

Executed on October 26, 2020 at Torrance, California.

/s/ Marianne M. Guillinta
Marianne Guillinta

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757