COLLINSON, DAEHNKE, INLOW & GRECO
Laura E. Inlow, Esq., State Bar No. 130584
Email: laura.inlow@cdiglaw.com
21515 Hawthorne Blvd., Suite 800
Torrance, CA  90503
Telephone: (424) 212-7777
Facsimile: (424) 212-7757

Attorneys for Defendant, COUNTY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DANIEL NERSOYAN, | CASE NO. CV19-08109 SVW (MAAx) |
| Plaintiff, | **DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS AND CONCLUSIONS OF LAW** |
| v. | |
| COUNTY OF LOS ANGELES, a county corporation; COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, a public entity; SHERIFF JAMES MCDONNELL, in his official capacity and as an individual; DEPUTY KENNETH COLLINS, individually and in his official capacity as a Deputy, and DOES 1 through 10, inclusive | [Filed Concurrently with Motion for Summary Judgment, Separate Statement of Undisputed Facts, Appendix of Exhibits, Declarations and (Proposed) Order] |
| Defendants. | Date:   November 30, 2020<br>Time:  1:30 p.m.<br>Dept.:  10A |
| | Action Filed: September 18, 2019<br>Trial Date:  January 12, 2021 |

Defendant COUNTY OF LOS ANGELES respectfully submits this Separate

Statement of Uncontroverted Facts and Conclusions of Law in support of its

Motion for Summary Judgment or, in the alternative, Motion for Partial Summary

Judgment pursuant to Rule 56 of the *Federal Rules of Civil Procedure.*

## FACTS COMMON TO ALL CAUSES OF ACTION

| Uncontroverted Material Facts and Supporting Evidence | Plaintiff's Responses and Supporting Evidence |
|---|---|
| 1. Plaintiff brings this lawsuit based on a theft allegedly occurring on May 28, 2014. [Plaintiff's First Amended Complaint (FAC), Docket Document No. 1, ¶ 29] | |
| 2. Nersoyan alleges that his unidentified "colleague/employee," an unidentified "broker" and an unidentified associate of the broker, while in possession of plaintiff's cash in an amount exceeding $150,000, were improperly stopped by defendant former deputy Kenneth Collins, the cash was seized, and at least one person was taken into custody.<br><br>[FAC, Docket Document No. 1, ¶ 29; Exhibit A, Plaintiff's Deposition, 41:16-42:2, 43:3-9, 43:24-44:14, 45:10-19, 47:21-48:10,50-2-4, 50:14-25, 65:6-9] | |
| 3. Plaintiff alleges he soon thereafter | |

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

called the Los Angeles County Sheriff's Department (LASD) to complain about the theft, but the LASD had no interest in investigating his complaint and represented that it had no information about the alleged theft.

[FAC, Docket Document No. 1, ¶ 30 and 31]

4. Plaintiff alleges that he has submitted multiple claims to the County that have been ignored related to this incident.

[FAC, Docket Document No. 1, ¶ 17 and 19]

5. Plaintiff asserts that the County misled him by denying that any County personnel had been involved.

[FAC, Docket Document No. 1, ¶ 19, 25, 30, 32, 33 and 78]

6. On May 28, 2014, former LASD deputy Kenneth Collins conducted a bogus traffic stop of a vehicle and took possession of cash which plaintiff

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

COLLINSON, DAEHNKE, INLOW & GRECO
2515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

| | |
|---|---|
| claims belonged to him.<br><br>[FAC, Docket Document No. 1, ¶ 23 and 29; Exhibit A, Plaintiff's Deposition, 41:16-42:2, 43:3-9, 47:21-48:10, 65:6-9, 81:6-82:6] | |
| 7. Plaintiff admits that the broker and his associate to whom he entrusted the money, helped set up the theft with Collins.<br><br>[Exhibit A, Plaintiff's Deposition, 51:1-5, 61:19-62:1] | |
| 8. Plaintiff has been inconsistent about the amount of cash allegedly stolen, claiming it was between $150,000 and $160,000.<br><br>[FAC, Docket Document No. 1, ¶ 1, 22, and 29; Exhibit A, Plaintiff's Deposition, 43:24-44:14] | |
| 9. Plaintiff has provided no documentary proof that the money was his or that he had any legal entitlement to the allegedly stolen cash.<br>[Exhibit A, Plaintiff's Deposition, | |

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

| | |
|---|---|
| 42:7-14, 47:25-48:10, 67:11-68:1, 113:9-114:13] | |
| 10. Plaintiff claims he gave the cash to a "broker" to purchase a diamond necklace. He did not know where the necklace was located and had not vetted the authenticity of the necklace.<br><br>[Exhibit A, Plaintiff's Deposition, 47:7-48:1, 48:7-10, 65:6-17, 67:11-68:1] | |
| 11. The broker, an associate of the broker, and plaintiff's colleague/employee, Hyrum Dubon, left plaintiff's office with the cash on the afternoon of May 28, 2014. They were to return with the necklace within one to two hours.<br><br>[Exhibit A, Plaintiff's Deposition, 65:6-17] | |
| 12.  When his colleague/employee failed to return with the necklace, Nersoyan got nervous and began calling him, but Dubon did not answer his phone. | |

| | |
|---|---|
| [Exhibit A, Plaintiff's Deposition, 73:14-74:12] | |
| 13. Shortly thereafter, the broker called Nersoyan to report he was nervous as he was getting pulled over by a Sheriff's deputy.<br><br>[Exhibit A, Plaintiff's Deposition, 73:14-74:12, 75:4-7] | |
| 14. The next call Nersoyan got was from Dubon who told him a male African American sheriff's deputy had taken the cash and taken the broker's associate into custody.<br><br>[Exhibit A, Plaintiff's Deposition, 81:6-82:6, 84:17-85:9] | |
| 15. On May 28, 2014, Nersoyan called information to obtain the phone numbers for the 3-4 Sheriff stations close to where he was told the theft occurred on East Slauson Blvd.  He called each station on May 28, 2014 and asked whoever answered the phone if a black deputy had brought in an arrestee with a large amount of cash. Each station denied any such | |

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

| | |
|---|---|
| activity.<br><br>[Exhibit A, Plaintiff's Deposition, 82:9-83:2, 83:8-11, 83:16-84:3, 85:10-16, 86:1-87:2, 103:18-105:3] | |
| 16. Plaintiff admits that Collins never made a report about the May 28, 2014 incident and never booked the cash into evidence.<br><br>[FAC, Docket Document No. 1, ¶ 82 and 83; Exhibit A, Plaintiff's Deposition, 108:8-12] | |
| 17. Plaintiff also admits that no station misled him, and each Sheriff's station was telling him the truth on May 28, 2014 when they denied any arrests involving a large amount of cash had occurred out of their station.<br><br>[Exhibit A, Plaintiff's Deposition, 110:15-23, 125:10-126:8, 126:21-25] | |
| 18. Plaintiff also admits that he never got any information from any source that the Sheriff's Department had any knowledge prior to May 28, 2014 that Collins intended to steal the cash. | |

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

| | |
|---|---|
| [Exhibit A, Plaintiff's Deposition, 107:12-108:2, 151:16-25] | |
| 19.  Collins has testified that no one from the Sheriff's Department knew about his illegal activities.<br><br>[Exhibit B, Deposition of Collins,74:9-18] | |
| 20. Nersoyan never called 911 or went to any Sheriff's station to make a theft report or demand that an investigation be opened. He never sent any letters or emails to the Sheriff's Department about the theft.<br><br>[Exhibit A, Plaintiff's Deposition, 85:10-18, 105:8-106:1, 110:9-23, 124:17-21] | |
| 21. The next day, May 29, 2014, Nersoyan sent his other employee, Andy Bagdasarian, to the scene of the theft and Andy obtained two videotapes, one from a gas station and one from the traffic stop.<br><br>[Exhibit A, Plaintiff's Deposition, 106:2-16, 108:25-109:13, 109:17- | |

| | |
|---|---|
| 110:5] | |
| 22. Despite the claims in the FAC, plaintiff admits that he never gave these videotapes to or discussed the tapes with anyone at the Sheriff's Department.<br><br>[FAC, Docket Document No. 1, ¶ 31 and 32; Exhibit A, Plaintiff's Deposition, 110:24-111:4, 114:18-23, 120:6-15, 125:3-20, 143:22-144:9] | |
| 23. Instead, in June of 2014, Nersoyan gave the tapes to the FBI which promised to investigate the matter.<br><br>[Exhibit A, Plaintiff's Deposition, 111:2-22, 124:17-125:20, 127:1-18] | |
| 24. Plaintiff claims the FBI encouraged him to have no contact with the Sheriff's Department to protect their investigation.<br><br>[Exhibit A, Plaintiff's Deposition, 124:17-24, 128:4-19, 130:10-132:2; 135:6-25] | |
| 25. Plaintiff called the FBI several times between June and November of | |

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

| | |
|---|---|
| 2014, but the FBI did not seem to be progressing in their investigation.<br><br>[Exhibit A, Plaintiff's Deposition,130:10-132:2] | |
| 26. Between May 28, 2014 and November 14, plaintiff placed only one other call to an unidentified Sheriff's station to express his anger about the alleged theft.<br><br>[Exhibit A, Plaintiff's Deposition, 121:2-124:21] | |
| 27. Plaintiff had no other communication with anyone in the Sheriff's Department between May 28, 2014 and November 18, 2014.<br><br>[Exhibit A, Plaintiff's Deposition, 121:6-124:21] | |
| 28. By November of 2014, Nersoyan was so frustrated with the FBI that on November 18, 2014, he and his attorney submitted a Government Tort Claim to the County alleging that an unidentified deputy stole $158,000 from one of his employees during a | |

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

| | |
|---|---|
| traffic stop on May 28, 2014. [Exhibit A, Plaintiff's Deposition, 115:21-116:4, 121:2-5, 127:1-18, 128:4-19, 130:10-132:20; Exhibit C, Government Tort Claim; Inlow Decl., ¶ 5] | |
| 29.  Then Sergeant, now Lieutenant Douglas Kimura, was assigned to investigate the allegations of the claim.<br><br>[Declaration of Lt. Kimura, ¶ 3-23] | |
| 30. As Nersoyan's claim had provided only a partial vehicle identification number, Sgt. Kimura initially used department resources to determine which patrol car(s) could have been involved.<br><br>[Declaration of Lt. Kimura, ¶ 7] | |
| 31. Sgt. Kimura also tried to contact both Nersoyan and the alleged employee on several occasions without success. As Nersoyan never called him back, Sgt. Kimura sent him a certified letter on December 16, 2014. | |

| | |
|---|---|
| [Declaration of Lt. Kimura, ¶ 9-11; Exhibit D, Certified Letter] | |
| 32. On December 17, 2014, Sgt. Kimura spoke with Nersoyan by telephone and learned the alleged May 28, 2014 incident was captured on videotape which was in the possession of Mr. Nersoyan's attorney. When Sgt. Kimura requested a copy of the videotape, Nersoyan terminated the call and referred Sgt. Kimura to his attorney.<br><br>[Declaration of Lt. Kimura, ¶ 14-15; Exhibit E, Audiotape of phone call between Kimura and Nersoyan] | |
| 33. Between December 17, 2014 and January 6, 2015, Sgt. Kimura left several messages for Nersoyan's attorney without reaching him. On January 6, 2015, Sgt. Kimura called Claimant Nersoyan again and advised him that he had not been able to contact his counsel.<br><br>[Declaration of Lt. Kimura, ¶ 16; Exhibit F, Audiotape of second call | |

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

| | |
|---|---|
| between Kimura and Nersoyan] | |
| 34. On January 13, 2015, Sgt. Kimura interviewed Collins who stated he had been assigned to the Emerging Leaders Academy (ELA) program since 2012. Collins denied any involvement with the alleged theft of May 28, 2014, asserting that he had never made a traffic stop while assigned to ELA.<br><br>[Declaration of Lt. Kimura, ¶ 17; Exhibit B, Collins Deposition, 74:9-18] | |
| 35. On January 16, 2015, the County mailed Nersoyan a letter denying his November 2014 claim for damages. The claim denial letter advised Nersoyan that he had six (6) months from the date of the denial in which to file suit.<br><br>[FAC, Docket Document No. 1, ¶ 18; Exhibit G, Claim Denial Letter; Inlow Decl., ¶ 6] | |
| 36. Having received no additional information or telephone calls from | |

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

| | |
|---|---|
| Nersoyan or his attorney, Sgt. Kimura mailed a second letter to Nersoyan on January 27, 2015, advising him that his investigative efforts had been exhausted due to Nersoyan's lack of cooperation and instructing him to contact the Los Angeles Police Department regarding the claim as the location of the alleged incident was within the jurisdiction of the LAPD Newton Division.<br><br>[Declaration of Lt. Kimura, ¶ 18; Exhibit H, Second Certified Letter] | |
| 37. In his deposition, however, Nersoyan denied having any contact whatsoever with anyone at the Sheriff's department after he and his attorney filed his claim, denied ever speaking with Sgt. Kimura, and denied getting the two certified letters, although he confirmed they were sent to the correct address.<br><br>[Exhibit A, Plaintiff's Deposition, 132:18-134:19] | |
| 38.  Plaintiff and his attorney | |

COLLINSON, DAEHNKE, INLOW & GRECO
2515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

| | |
|---|---|
| considered filing a lawsuit against the LASD in 2015 but did not. Nothing by the Sheriff's Department dissuaded plaintiff from filing a lawsuit in 2014 or 2015.<br><br>[Exhibit A, Plaintiff's Deposition, 130:10-132:17, 135:6-136:4] | |
| 39.  On January 29, 2015, Claimant's attorney called Sgt. Kimura and stated he had the videotape. Sgt. Kimura arranged to go to the attorney's office on February 5, 2015 to view the tape. However, on February 3, 2015 the attorney's office left a voice message cancelling the meeting. Sgt. Kimura attempted to reschedule but was not provided a new date.<br><br>[Declaration of Lt. Kimura, ¶ 19-21; Exhibit I, Voicemail Transcript] | |
| 40.  As of February 10, 2015, Sgt. Kimura had not heard further from the attorney's office. Based on the available information and the lack of cooperation by Nersoyan, Sgt. Kimura determined there was insufficient | |

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

| | |
|---|---|
| evidence to substantiate Claimant Nersoyan's claim or to identify the allegedly involved deputy.<br><br>[Declaration of Lt. Kimura, ¶ 22-23] | |
| 41. Nersoyan admits he had no contact with anyone at the Sheriff's Department in 2015, 2016, 2017 or 2018. Nersoyan also admits he took no steps to pursue his claim against the County in 2015, 2016, 2017 or 2018.<br><br>[Exhibit A, Plaintiff's Deposition, 136:25-138:10, 138:18-139:5] | |
| 42.  In 2017, LASD Detective Tim Berns, who is now retired, was assigned to Fraud and Cyber Crimes working on a joint ID Theft Task Force with the FBI, Secret Service, and Customs. A Reliable Confidential Informant (RCI) told Det. Berns about a then unidentified "dirty cop" initially believed to be with either the Riverside or San Bernardino Sheriff's. Det. Berns shared this information with the FBI Agent on his joint taskforce. | |

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

| | |
|---|---|
| [Declaration of Det. Berns, ¶ 1-5] | |
| 43. A few weeks later the RCI determined the name of the dirty officer was Kenneth Collins. Det. Berns ran the name through the LASD database and determined Collins was with the LASD. Det. Berns shared this information with his sergeant, his captain, and the FBI.<br><br>[Declaration of Det. Berns, ¶ 6] | |
| 44. While Det. Berns assisted the FBI as needed, the FBI conducted the investigation and ran the sting operation which resulted in the arrests of Collins and others, including Grant Valencia, on January 16, 2018. Both Collins and Valencia were convicted of federal crimes and Collins continues to be incarcerated in federal custody in Texas.<br><br>[Declaration of Det. Berns, ¶ 7-8; Exhibit B, Deposition of Collins, 8:24-9:2; Exhibit J, Ruling on *Valencia* MSJ] | |
| 45. Valencia filed a lawsuit against the | |

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

| | |
|---|---|
| County on December 14, 2018 alleging negligent supervision and retention and a *Monell* claim for failure to investigate which he claimed resulted in his arrest with Collins. The County's motion for summary judgment was granted in full on February 24, 2020. Valencia has filed a notice of appeal but has yet to file his opening brief.<br><br>[Exhibit J, Ruling on *Valencia* MSJ; Inlow Decl., ¶ 7-8] | |
| 46. Nersoyan testified that while he was in federal custody at the Metropolitan Detention Center (MDC) on charges of being a felon in possession of a gun and conspiracy to sell heroin from June of 2017 to October of 2018, the FBI approached him and told him that Kenneth Collins stole his money on May 28, 2014.<br><br>[Exhibit A, Plaintiff's Deposition, 16:2-17:18, 137:16-138:10, 139:18-25, 143:2-21] | |
| 47. After he was released from prison, | |

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

| | |
|---|---|
| Nersoyan through his attorney, Michael Devereaux, on April 4, 2019 submitted an Amended Government [Exhibit A, Plaintiff's Deposition, 141:10-15, 161:13-18; Exhibit K, Amended Government Tort Claim; Inlow Decl., ¶ 9] | |
| 48. The County denied the Amended Claim as untimely on April 8, 2019.<br><br>[Exhibit L, Denial of Amended Claim; Inlow Decl., ¶ 10] | |
| 49. At all times relevant to this matter, the County had written policies regarding the retention and discipline of deputies.<br><br>[Declaration of Lt. Kopperud, ¶ 5-9] | |
| 50. Per written policy, all known civilian and personnel complaints about deputy personnel were investigated and, if warranted, the deputy was subject to discipline ranging from re-training to termination for both on-duty and off-duty incidents. | |

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

| | |
|---|---|
| [Declaration of Lt. Kopperud, ¶ 9 | |
| 51. Collins served as a combat medic in the Army from 1985-1988 and has an AA degree in criminal justice. He worked as an EMT from 1989-2001 and then attended the Sheriff's Academy graduating in 2002.<br><br>[Exhibit B, Deposition of Collins, 10:7-23, 11:5-18] | |
| 52. Collins had various duty assignments until he was loaned from the Community Oriented Policing (COPS) Bureau to ELA for about two years starting in 2012. From 2014 to 2016, he was assigned to patrol out of the Alta Dena station. From 2016 until his arrest in January of 2018, he was assigned to County Services.<br><br>[Exhibit B, Deposition of Collins, 11:19-25, 12:8-24, 13:8-15, 17:18-25, 32:7-22] | |
| 53. In the fifteen years in which Collins was employed as a deputy Sheriff, he received eight (8) public commendations and five (5) Unit | |

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

| | |
|---|---|
| Commander commendations.<br><br>[Declaration of Lt. Kopperud, ¶ 16] | |
| 54.  He was also the subject of six civilian complaints, which were all the subject of a full inquiry resulting in a Watch Commander's Service Comment Report. Aside from routine complaints of rude or discourteous service, three of the complaints alleged theft of money.<br><br>[Declaration of Lt. Kopperud, ¶ 16-17] | |
| 55.    In 2007, two suspects alleged that Deputy Collins and his partner had stolen money from them during their arrest. The money had been seized and counted in the presence of a sergeant and neither suspect complained at the time of their booking. The conduct of Deputy Collins was determined to be reasonable regarding that complaint.<br><br>[Declaration of Lt. Kopperud, ¶ 17] | |
| 56.  In 2008, another suspect complained that Collins and a | |

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

| | |
|---|---|
| different partner had stolen money from a vehicle that had been sent to a tow yard. Again, the suspect did not complain at the time of booking. After an inquiry resulting in a Watch Commander's Service Comment Report, no determination was reached. [Declaration of Lt. Kopperud, ¶ 18] | |
| 57. The third claim for theft was by Nersoyan in 2014. [Declaration of Lt. Kopperud, ¶ 19-20] | |

## FACTS SUPPORTING PARTIAL SUMMARY ADJUDICATION OF ISSUES

### ISSUE 1:   Plaintiff's Cause of Action for Fraud Fails

| Defendant's Undisputed Material Facts and Supporting Evidence: | Opposing Response and Supporting Evidence: |
|---|---|
| Defendant incorporates Undisputed Material Facts and Supporting Evidence Nos. 1 to 57 as though fully set forth herein. | |

**ISSUE 2:    Plaintiff's Cause of Action for Conversion Fails**

| **Defendant's Undisputed Material Facts and Supporting Evidence:** | **Opposing Response and Supporting Evidence:** |
|---|---|
| Defendant incorporates Undisputed Material Facts and Supporting Evidence Nos. 1 to 57 as though fully set forth herein. | |

**ISSUE 3:    Plaintiff's Cause of Action for IIED Fails**

| **Defendant's Undisputed Material Facts and Supporting Evidence:** | **Opposing Response and Supporting Evidence:** |
|---|---|
| Defendant incorporates Undisputed Material Facts and Supporting Evidence Nos. 1 to 57 as though fully set forth herein. | |

**ISSUE 4:    Plaintiff's Cause of Action for Trespass Fails**

| **Defendant's Undisputed Material Facts and Supporting Evidence:** | **Opposing Response and Supporting Evidence:** |
|---|---|
| Defendant incorporates Undisputed Material Facts and Supporting Evidence Nos. 1 to 57 as though fully set forth herein. | |

COLLINSON, DAEHNKE, INLOW & GRECO
2515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

## **CONCLUSIONS OF LAW**

1.     Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. (FRCP 56(c); *Adickes v. S.H. Kress & Co*. (1970) 398 U.S. 144, 157; *Fortyune v. American Multi- Cinema, Inc*.(9th Cir. 2004) 364 F. 3d 1075, 1080).

2.     "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file." (*Celotex Corp v. Catrett* (1986) 477 U.S. 317, 323).

3.     The opposing party may not rely upon mere allegations or denials in its pleadings but is required to tender evidence of specific facts in the form of affidavits and/or admissible discovery material, in support of its contention that the dispute exists. (*FRCP* 56 (c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* (1986) 475 U.S. 574, 586).

4.     Conclusory allegations unsupported by factual data will not create a triable issue of fact allowing a party to survive a summary judgment motion. (*Marks v. U.S.* (9th Cir. 1978) 578 F.2d 261, 263; *FTC v. Publ'g Clearing House, Inc.* (9th Cir. 1996) 104 F.3d 1168, 117).

5.      A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." (*Bagley v. CMC Real Estate*

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

---

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

*Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (citations and internal quotations omitted); see also *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

6.      The statute of limitations for federal 1983 claims is two years. (*Mills v. City of Covina,* 921 F.3d 1161, 1166 (9th Cir. 2019); *Canatella v. Van De Kamp,* 486 F.3d 1128, 1132 (9th Cir. 2007).

7.      In California, the statute of limitations for section 1983 actions is tolled by Cal. *Gov't Code* § 945.3 while criminal charges are pending. *Harding v. Galceran*, 889 F.2d 906, 908 (9th Cir. 1989); *Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir. 1997).

8.      Plaintiff must plead the following elements of equitable estoppel: 1) knowledge of the true facts by the party to be estopped, 2) intent to induce reliance or actions giving rise to a belief in that intent, 3) ignorance of the true facts by the relying party, and 4) detrimental reliance. (*Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011), citing *Bolt v. U.S.,* 944 F.2d 603, 609 (9th Cir. 1991). Moreover, when estoppel is sought against the government, "there must be affirmative misconduct (not mere negligence) and a serious injustice outweighing the damage to the public interest of estopping the government." *Id.)*

9.      To succeed on the *Monell* claim, plaintiff must produce evidence to establish three elements: (1) the individual defendant deputies acted under color of law; (2) the actions of the individual defendant deputies deprived the plaintiffs of their particular rights under the United States Constitution; **and** (3) the individual

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

defendant deputies acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the County.  (*See* 9th CIR. MODEL JURY INSTR., 9.5; *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

10.    It is well-established that a local governmental entity, such as the County, cannot be liable for damages pursuant to 42 U.S.C. §1983 based solely upon a theory of *respondeat superior*. (*Monell v. Dept. of Soc. Serv.* (1978) 436 U.S. 658).

11.    Plaintiff has the burden of proving that an underlying civil rights violation existed *and* was caused by a permanent and well-settled official policy or custom of the public entity. (*City of St. Louis v. Praprotnik* (1988) 485 U.S. 112).

12.    A municipality can be liable under Section 1983 only where its policies are the moving force behind the constitutional violation. (*City of Canton v. Harris* (1989) 489 U.S. 378, 389; *Blair v. City of Pomona* (9th Cir. 2000) 223 F.3d 1074).

13.    There must be an affirmative link between the policy and the particular violation alleged. (*Oklahoma v. Tuttle* (1995) 471 U.S. 808, 823).

14.    To establish *Monell* liability for a failure to train or adequately supervise subordinates, the evidence must show a pattern which amounts to the deliberate indifference to rights of persons with whom the inadequately trained or supervised employees come into contact. (*City of Canton, supra*; *Davis v. City of Ellenburg* (9th Cir. 1989) 869 F.2d 1239).

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

15.     There is no liability pursuant to Section 1983 for negligence because such liability must be predicated upon a deliberate deprivation of constitutional rights by defendant. Neither negligent training of an employee nor a sound program occasionally administered negligently constitutes deliberate indifference. (*City of Canton, supra,* at 391).

16.     Even if there was a violation of plaintiff's rights, a single isolated incident does not establish official policy sufficient to render the municipality liable under Section 1983. (*Trevino v. Gates* (9th Cir. 1996) 99 F.3d 911, 918; *Adell v. Las Vegas Metro. Pol. Dept.* (9th Cir. 2001) 268 F.3d 924).

17.     Proof of random acts or isolated incidents of unconstitutional action by a non-policymaking employee are insufficient to establish the existence of a municipal policy or custom. (*McDade v. West* (9th Cir. 2000) 223 F.3d 1135, 1141).

18.     The Ninth Circuit has also held there is no duty to investigate, but rather, the failure to investigate must involve "another recognized constitutional right" to rise to a cognizable claim. (*Ogunrinu v. City of Riverside* (9th Cir. 2003) 79 F.App'x 961, 962-63; quoting *Gomez v. Whitney* (9th Cir. 1985) 757 F.2d 1005, 1006); *Elliot-Park v. Manglona* (9th Cir. 2010) 592 F.3d 1003, 1006).

19.     It is also well-established that any purported negligence is not actionable pursuant to Section 1983. (*Daniels v. Williams* (1986) 474 U.S. 327).

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

20.     *Monell* liability only attaches for conduct that is "under color of law." *Griffin v Maryland,* 378 U.S. 130, 135 (1964); *Johnson v. Knowles*, 113 F.3d 1114, 117 (9th Cir. 1997); *Huffman v. County of Los Angeles,* 147 F.3d 1054, 1058 (9th Cir. 1998); and *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996).

21.     Submission of a timely claim is a condition precedent to a tort action against a public entity.  *Janis v. State Lottery Comm.* (1998) 68 Cal.App.4th 824, 832; *Shirk v. Vista Unified Sch. Dist.* (2007) 42 Cal.4th 201, 209).

22.     The factual circumstances alleged in the claim must correspond to those alleged in the subsequent lawsuit. If the complaint alleges a factual basis for recovery that is not fairly reflected in the written claim, the complaint is subject to a dispositive motion.  *Fall River Joint Unified School Dist. v. Superior Court*, (1988) 206 Cal.App.3d 431; *Crow v. State*, 222 Cal.App.3d 192 (1990).

23.     The lawsuit must be filed within six (6) months of rejection of the tort claim. (*Glorietta Foods, Inc. v. City of San Jose*, 147 Cal.App.3d 835 (835).

24.     For the taking and injuring of personal property, i.e. conversion, fraud and trespass of personal property, the Ninth Circuit has adopted and applied the statute of limitations from California *Code of Civil Procedure* Section 338 of three years. Section 338 applies to any action regarding the "taking, detaining, or injuring goods or chattels, including an action for the specific recovery of personal property." (Cal. *Code of Civ. Proc.* §338(a); *Davies v. Carnation Co.,* 352 F.2d 393, 396 (9th Cir. 1965); *Orkin v. Taylor*, 487 F.3d 734, 741 (9th Cir. 2007))

25.     The statute of limitations for IIED is two years. (*Johnson v. Lucent Techs., Inc.*, 653 F. 3d 1000, 1008 (9th Cir. 2011))

DATED:  October 26, 2020        COLLINSON, DAEHNKE, INLOW & GRECO

By:     *Laura E. Inlow*
Laura E. Inlow, Esq.
Attorneys for Defendant, COUNTY OF LOS ANGELES

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

<div style="text-align:left; writing-mode: vertical;">

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

</div>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## __PROOF OF SERVICE__

*Nersoyan v. COLA*
*Case No. CV19-08109*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 21515 Hawthorne Blvd., Suite 800, Torrance, California 90503.

On October 26, 2020 I served the following document described as: **DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS AND CONCLUSIONS OF LAW** on all interested parties in this action by placing [X] a true copy   [   ] the original thereof enclosed in sealed envelopes addressed as follows:

### __Counsel for Plaintiff__
Michael S. Devereux, Esq.
WEX LAW A PROFESSIONAL LAW CORPORATION
1880 Century Park East, Suite 1101
Los Angeles, CA 90067
Tel: 213-986-9844
Fax: 213-342-6190
Email: mike@wex.law

[X]   (BY MAIL, 1013a, 2015.5 C.C.P.)

[X]   I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Torrance, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

Executed on October 26, 2020 at Torrance, California.

/s/ Marianne M. Guillinta
Marianne Guillinta

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS