COLLINSON, DAEHNKE, INLOW & GRECO
Laura E. Inlow, Esq., State Bar No. 130584
Email: laura.inlow@cdiglaw.com
21515 Hawthorne Blvd., Suite 800
Torrance, CA 90503
Telephone: (424) 212-7777
Facsimile: (424) 212-7757

Attorneys for Defendant, COUNTY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DANIEL NERSOYAN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a county corporation; COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, a public entity; SHERIFF JAMES MCDONNELL, in his official capacity and as an individual; DEPUTY KENNETH COLLINS, individually and in his official capacity as a Deputy, and DOES 1 through 10, inclusive<br><br>Defendants. | CASE NO. cv19-08109 SVW (MAAx)<br><br>DECLARATION OF LT. DOUGLAS KIMURA IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' MOTION FOR SUMMARY JUDGMENT<br><br>Date: November 30, 2020<br>Time: 1:30 p.m.<br>Dept.: 10A<br><br>Action Filed: September 18, 2019<br>Trial Date: January 12, 2021 |

I, Lt. Douglas Kimura, declare:

1. I am a Lieutenant with the Los Angeles Sheriff's Department (LASD) and presently I am assigned to the Lomita station.

-1-
DECLARATION OF LT. DOUGLAS KIMURA

2. I make and give the following declaration based on personal knowledge.

3. On December 4, 2014, the LASD Special Operations Bureau received a Civil Claim which had been filed with the Los Angeles County Board of Supervisors by Claimant Daniel Nersoyan on November 25, 2014.

4. In December of 2014, I was working as a Sergeant at the Special Operations Bureau.

5. In the Claim, Nersoyan alleged one of his employees, Hyrum Dubon, was pulled over by an unidentified Los Angeles County Sheriff's deputy on May 28, 2014, and a duffle bag containing $158,000 was seized from the vehicle without giving him a receipt. Nersoyan provided only a partial LASD vehicle number of "137" for the allegedly involved patrol car.

6. I was tasked with investigating the claim. Due to its nature, I contacted the Narcotics Bureau to see if a seizure for the alleged amount was received on or about May 28, 2014. I also contacted Sgt. Burruss of the Asset Forfeiture Unit but could not locate any record of a seizure for the alleged amount on that date.

7. I then reviewed the Department's F.A.S.T. Program report which tracks all vehicles by vehicle number, and eventually determined vehicle SH1137 was the involved vehicle and was being used by Deputy Kenneth Collins who was assigned to the Education Based Incarceration (EBI) – Emerging Leaders Program.

8. My investigation further yielded that on September 4, 2014, Deputy Collins had transferred from Special Operations Bureau to the EBI program. Upon his transfer, he was allowed to continue using vehicle SH1137 due to a shortage of vehicles in the Emerging Leaders Program.

9. From December 6 through December 16, 2014, I attempted to contact Claimant Nersoyan on the phone number provided in the claim. Each time I called the number, the mailbox was not set up and I was unable to leave a message.

10. During the same time period I also tried to reach the stated employee witness, Hyrum Dubon, on the phone number provided. The voicemail box was full, and the greeting on it stated, "The mailbox belonging to Daniel from the Nersoyan Group is full and cannot accept new messages." I was unable to leave a message on either that number or on the alternate number provided in Claimant Nersoyan's claim.

11. On December 16, 2014, I sent a certified letter to Claimant Nersoyan requesting him to contact me. A true and correct copy of that letter is attached to the Appendix of Exhibits as Exhibit __.

12. On December 16, 2014, I also contacted Ms. Sandy Poole from the Sheriff's Communication Center to inquire if any department personnel had ever made any "want 9" or DMV inquiry on the name Hyrum Dubon. I was provided with five inquiries on this name, and the inquiries were made on

-3-
DECLARATION OF LT. DOUGLAS KIMURA

December 3, 2008, October 8, 3008, March 2, 2014, April 6, 2014, and June 29, 2014. There were no matches for May 28, 2014, and none of the inquiries involved Special Operations Bureau personnel or then Deputy Kenneth Collins.

13. I then had Crime Analyst Ansheletta Kirk conduct a query on any law enforcement contact involving Hyrum Dubon. I was provided with four incidents where Mr. Dubon had contact with law enforcement. The only incident involving LASD personnel was an arrest on March 4, 2014, which did not involve then Deputy Collins.

14. On December 17, 2014, at approximately 1100 hours, I was able to reach Claimant Nersoyan on the telephone and conducted an audiotaped interview. He told me that the May 28, 2014 incident was captured on videotape which was now in the possession of his attorney.

15. When I asked for additional information, Nersoyan terminated the call and referred me to his attorney. A true and correct copy of the audiotape of this phone call is attached to the Appendix of Exhibits as Exhibit ___.

16. Between December 17, 2014 and January 6, 2015, I left several messages for Nersoyan's attorney without reaching him. On January 6, 2015, I called Claimant Nersoyan and advised him I had not yet been able to make contact with his counsel. He said he would have his attorney contact me. A true and

-4-
DECLARATION OF LT. DOUGLAS KIMURA

correct copy of the audiotape of this phone call is attached to the Appendix of Exhibits as Exhibit ___.

17. On January 13, 2015, I spoke with Deputy Kenneth Collins to determine if he had any contact with Hyrum Dubon on May 28, 2014. I confirmed that as of May of 2014, Collins had been assigned to the Emerging Leaders Program since 2012. Collins denied being involved in the alleged incident of May 28, 2014, stating that since 2012 he had never made a traffic stop or taken any police action leading to an arrest.

18. Thereafter, having received no additional information or return telephone calls from Claimant Nersoyan or his attorney, I mailed a second letter to Nersoyan on January 27, 2015 which contained instructions to contact the Los Angeles Police Department for questions on the claim as the location of the alleged incident was within the jurisdiction of the LAPD Newton Division, or to file a criminal report regarding the alleged theft of currency. This second letter also included my contact information in case Mr. Nersoyan had further questions. A true and correct copy of that letter is attached to the Appendix of Exhibits as Exhibit ___.

19. On January 29, 2015, Claimant's attorney contacted me by telephone to advise he had the videotape of the subject incident which was available for viewing.

-5-
DECLARATION OF LT. DOUGLAS KIMURA

20. I arranged a meeting to view the videotape at the attorney's office in Glendale on February 3, 2015.

21. On February 3, 2015, I received a voicemail from the attorney's office cancelling the meeting. I attempted to reschedule for another viewing time but was not provided a new date. As of February 10, 2015, I had not heard further from the attorney's office. A true and correct copy of the transcript of the voice mail message from attorney, Nareg Gourjian, cancelling the February 3, 2015 meeting is attached to the Appendix of Exhibits as Exhibit ___.

22. Based on the available information, I believed in 2015 that there was insufficient evidence to substantiate Claimant Nersoyan's allegation or to identify the allegedly involved deputy. Claimant Nersoyan was unable or unwilling to provide further details to assist in identifying the involved personnel. I also never received a copy of the alleged videotape nor was I allowed to view the video. Nersoyan's attorney failed to follow up with me about the claim or my request to view the videotape. I also found it odd that Nersoyan had waited six months to file a claim for the alleged theft of such a large sum of money and then refused to cooperate with my investigation.

23. I believed that as of February of 2015, the claim remained technically open pending the receipt of further information or evidence substantiating the claim.

24. I never heard anything further from and no further contact with Claimant Nersoyan or his attorney about the alleged theft of May 28, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 22 day of October 2020 in Lomita, California.

_____
Lt. Douglas Kimura

# PROOF OF SERVICE
*Nersoyan v. COLA*
Case No. CV19-08109

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 21515 Hawthorne Blvd., Suite 800, Torrance, California 90503.

On October 26, 2020 I served the following document described as: **DECLARATION OF LT. DOUGLAS KIMURA IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' MOTION FOR SUMMARY JUDGMENT** on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

**Counsel for Plaintiff**
Michael S. Devereux, Esq.
WEX LAW A PROFESSIONAL LAW CORPORATION
1880 Century Park East, Suite 1101
Los Angeles, CA 90067
Tel: 213-986-9844
Fax: 213-342-6190
Email: mike@wex.law

[X]    (BY MAIL, 1013a, 2015.5 C.C.P.)

[X]    I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Torrance, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

Executed on October 26, 2020 at Torrance, California.

/s/ Marianne M. Guillinta
Marianne Guillinta

-1-
**DECLARATION OF LT. DOUGLAS KIMURA**