COLLINSON, DAEHNKE, INLOW & GRECO
Laura E. Inlow, Esq., State Bar No. 130584
Email: laura.inlow@cdiglaw.com
21515 Hawthorne Blvd., Suite 800
Torrance, CA 90503
Telephone: (424) 212-7777
Facsimile: (424) 212-7757

Attorneys for Defendant, COUNTY OF LOS ANGELES

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

DANIEL NERSOYAN,

Plaintiff,

v.

COUNTY OF LOS ANGELES, a county corporation; COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, a public entity; SHERIFF JAMES MCDONNELL, in his official capacity and as an individual; DEPUTY KENNETH COLLINS, individually and in his official capacity as a Deputy, and DOES 1 through 10, inclusive

Defendants.

CASE NO. CV19-08109 SVW (MAAx)

DECLARATION OF LT. RON KOPPERUD IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' MOTION FOR SUMMARY JUDGMENT

Date: November 30, 2020
Time: 1:30 p.m.
Dept.: 10A

Action Filed: September 18, 2019
Trial Date: January 12, 2021

I, Lieutenant Ron Kopperud declare:

1. I am a Lieutenant with the Los Angeles Sheriff's Department (LASD) and am presently assigned to the Internal Affairs Bureau.

2. I make and give the following declaration based on personal knowledge and testify thereto under oath.

3. I graduated from the Sheriff's Academy 1997. After completing my Academy training, my first assignment was in the Custody Division, Men's Central Jail. I promoted to Lieutenant in 2016.

4. I have been a Lieutenant in the LASD Internal Affairs Bureau from May of 2018 to the present.

5. Based on my twenty-three years of experience with the Sheriff's Department and my experience as a Lieutenant of the Internal Affairs Bureau, I am personally familiar with the Sheriff Department's policies on investigations into allegations of deputy misconduct and discipline for deputy personnel.

6. At all times relevant to this matter, the LASD has had written policies regarding deputy behavior, both on and off duty, as well as the process for investigating external and internal complaints about alleged misconduct of deputy personnel. The primary guide of deputy conduct is the written Manual of Policy and Procedure (MPP). All deputies are trained on and have access to the written MPP.

7. At all times relevant to this matter, the LASD also had a written booklet entitled Guidelines for Discipline which was designed to assist supervisors, managers, and executives in determining when and how to impose discipline on

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

deputy personnel. It was also designed to notify Department employees of Department policy and practice relating to discipline.

8. The Internal Affairs Bureau, when requested, is responsible for handling administrative investigations related to policy violations. The determination to open an investigation remains at the Unit Commander's level or higher. If discipline is determined to be appropriate, the Department's possible disciplinary steps from least severe to most severe are as follows: written reprimand, suspension, salary step reduction, bonus removal, demotion, and discharge.

9. Department policy mandates and deputy personnel are trained that they are subject to discipline for certain off-duty incidents/behaviors as well as on-duty acts.

10. The imposition of discipline would follow an investigation to determine the facts, an evaluation of whether the facts reflect employee misconduct, an assessment of the significance of the misconduct and the proper disciplinary response. The extent and who conducts the investigation depends on the nature of the allegations and the misconduct alleged.

11. It is the policy of the LASD to receive civilian complaints and respond with a supervisory review of the complaint.

12. In response to a civilian complaint, policy dictates that the Department initiate a supervisory inquiry which is a supervisory review of the incident that culminates in a written Watch Commander Service Comment Report (WCSCR).

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

Once completed, the WCSCR is forwarded to the appropriate Division. If there are allegations of criminal misconduct, the Unit Commander will advise the Division Chief and the Internal Criminal Investigative Bureau will be notified to conduct a review and initiate a criminal investigation. If the conduct is considered a department policy violation, an administrative investigation will be conducted. The WCSCR shall be completed and shall also be forwarded to the concerned Division.

13. Per Policy, the Unit Commander reviews all WCSCR's and a letter is sent to the complaining civilian summarizing the results of the inquiry advising the civilian that if they are dissatisfied with the results, they may contact the Unit Commander or Office of Inspector General. Regarding Administrative Investigations, the LASD also has a written Administrative Investigations Handbook.

14. The results of Administrative Investigations are classified in one of the following ways: 1) *exonerated*, meaning the investigation established by clear and convincing evidence that either the employee was not involved or the allegation against the employee is demonstrably false; 2) *founded*, meaning the investigation determined the allegation was true and the actions violated the law or Department policy; 3) *unfounded*, meaning the investigation established by a preponderance of the evidence that the allegation is not true; and 4) *unresolved*, meaning insufficient evidence to support either the complainant's version of the incident or the Department member's version.

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

15. When the Administrative Investigation is completed at the unit level, the Unit Commander adjudicates the case and determines the appropriate disposition.

16. I have reviewed the Performance Recording and Monitoring System (PRMS) report of former deputy Kenneth Collins. In the fifteen years in which Collins was employed as a deputy Sheriff, he received eight public commendations and five Unit Commander commendations. He was also the subject of six civilian complaints, which were all the subject of investigations resulting in a Watch Commander's Service Comment Report.

17. Aside from complaints of rude or discourteous service, two of the complaints alleged theft of money prior to May of 2014 and I have reviewed these WCSCR's. In 2007, two suspects alleged that Deputy Collins and his partner had stolen money from them during their arrest. The money had been seized and counted in the presence of a sergeant and neither suspect complained at the time of their booking. The conduct of Deputy Collins and his partner was determined to be reasonable.

18. In 2008, another suspect complained that Collins and a different partner stole money from a vehicle that had been sent to a tow yard. The suspect did not complain at the time of booking. The complaint of stolen money came after the car had been towed and stored at the tow yard, outside the custody of the LASD. After an inquiry, no determination could be reached.

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

19. As such, prior to May of 2014, there were two allegations of theft against then Deputy Collins. One in which the conduct of Collins was determined to be reasonable and one on which no determination could be made. Both claims were thoroughly investigated per policy.

20. The claim by Daniel Nersoyan regarding theft of money in 2014 was investigated by then Sergeant and now Lt. Kimura. It is my understanding that Lt. Kimura is submitting his own declaration outlining his investigatory steps.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 22nd day of October 2020 in Commerce, California.

Lt. Ron Kopperud

*Nersoyan v. COLA*
*Case No. CV19-08109*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 21515 Hawthorne Blvd., Suite 800, Torrance, California 90503.

On October 26, 2020 I served the following document described as: **DECLARATION OF LT. RON KOPPERUD IN SUPPORT OF DEFENDANT COUNTY OF LOS ANGELES' MOTION FOR SUMMARY JUDGMENT** on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

**Counsel for Plaintiff**
Michael S. Devereux, Esq.
WEX LAW A PROFESSIONAL LAW CORPORATION
1880 Century Park East, Suite 1101
Los Angeles, CA 90067
Tel: 213-986-9844
Fax: 213-342-6190
Email: mike@wex.law

[X] (BY MAIL, 1013a, 2015.5 C.C.P.)

[X] I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Torrance, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

Executed on October 26, 2020 at Torrance, California.

/s/ Marianne M. Guillinta