# Exhibit J

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-08109-SVW-MAA | Date | 7/7/2020 |
| Title | *Daniel Nersoyan v. County of Los Angeles et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, AND BIFURCATING PROCEEDINGS [30]

## I.  Introduction

The County of Los Angeles brings this motion to dismiss Plaintiff's First Amended Complaint and to strike certain allegations from the Complaint. For the reasons articulated below, the Court GRANTS in part and DENIES in part each of the County's motions, and bifurcates proceedings going forward to focus solely on the remaining federal claims.

## II.  Procedural Background

Plaintiff initially filed this lawsuit on September 18, 2019. Dkt. 1. The County of Los Angeles ("the County" or "Defendant") filed an initial motion to dismiss on November 29, 2019, Dkt. 18, which this Court granted for failure to oppose on January 2, 2020. Dkt. 26. Plaintiff filed a First Amended Complaint ("FAC") on January 24, 2020, and the County again filed a motion to dismiss. Dkt. 30. Plaintiff's FAC names as defendants the County, the Los Angeles Sheriff's Department ("LASD"), Sheriff James McDonell, former Sheriff's Deputy Kenneth Collins ("Collins"), and ten Doe defendants. Dkt. 28.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08109-SVW-MAA | Date | 7/7/2020 |
|---|---|---|---|
| Title | *Daniel Nersoyan v. County of Los Angeles et al* | | |

### III. Factual Background

Plaintiff's FAC alleges in relevant part that "on or about May 28, 2014," Plaintiff was robbed of $160,000[1] by Defendant Collins, while Collins was employed by the LASD. Dkt. 28 at 9. Plaintiff alleges Defendant Collins robbed a courier employed by Plaintiff in his jewelry business in the course of a "fake traffic stop."[2] *Id.* Plaintiff alleges that while he was made aware of the May 28, 2014 theft and contacted LASD in connection with it, and he was informed by LASD "that they had no information on the wrongful seizure and/or no one had returned the money." *Id.* at 12. Plaintiff then alleges that he discovered video evidence of the theft by Collins from a local business and presented this video to LASD. *Id.* Plaintiff alleges that LASD denied that the person in the video wearing an LASD uniform was employed by the agency and denied that anyone from their agency took part in the theft "despite the overwhelming video evidence." *Id.* Plaintiff also alleges that LASD convinced him that no one from their agency was involved in the theft. *Id.*

Plaintiff then alleges that as retaliation for reporting the robbery, he became the target of a sting operation and was visited by the FBI while at the Metropolitan Detention Center ("MDC") in Los Angeles. *Id.* at 9-10. He alleges that the FBI showed the same video Plaintiff had provided to LASD. *Id.* at 10. Plaintiff also generally alleges the existence of "burglary rings" operating out of LASD. *Id.* at 3-4, 11. Plaintiff "is informed and believes" that these burglary rings stole additional money from his jewelry business and home. *Id.* at 13. Plaintiff then alleges that in Fall 2016, May 2017, and Winter 2017, these burglary rings stole property from his home and office. *Id.* at 13-14.

Plaintiff asserts a total of ten causes of action against all Defendants in the action. *Id.* at 21-33. These include claims for violation of the Fourth and Fifth Amendment pursuant to 42 U.S.C. § 1983, a *Monell* liability claim, a substantive Due Process claim, "Honest Services Fraud via Mail/Wire Fraud," money laundering, common law fraud, conversion, intentional infliction of emotional distress, and

---

[1] The amount Defendant Collins allegedly robbed Plaintiff of is stated at various times to be between $150,000 and $160,000. *See* Dkt. 28 at 11, 19.
[2] The Court takes judicial notice of the fact that Collins was later indicted for conspiracy to distribute controlled substances based on allegations that he had provided security for drug trafficking while wearing his LASD badge and carrying a gun. *See USA v. Collins et al*, 2:18-cr-00038-ODW Dkt. 1 (January 10, 2018). Collins later plead guilty to conspiracy to distribute controlled substances. *Id.* at Dkt. 125.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08109-SVW-MAA | Date | 7/7/2020 |
|---|---|---|---|
| Title | *Daniel Nersoyan v. County of Los Angeles et al* | | |

trespass against personal property. *Id.*

### IV.  Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. When evaluating the sufficiency of a pleading under Rule 12(b)(6), a court may consider only the allegations in the complaint and any attachments or documents incorporated by reference. *Koala v. Khosla*, 931 F.3d 887, 894 (9th Cir. 2019); s*ee also United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

### V.  Analysis

> **a.** ***Plaintiff's factual allegations raise the possibility of equitable estoppel with regard to the Constitutional claims, preventing the Court from finding them to be time-barred at the pleading stage.***

The County asserts (correctly) that a two-year statute of limitations applies to § 1983 claims, applying California law on personal injury actions to these claims. *See Mills v. City of Covina*, 921 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08109-SVW-MAA | Date | 7/7/2020 |
|---|---|---|---|
| Title | *Daniel Nersoyan v. County of Los Angeles et al* | | |

1161, 1166 (9th Cir. 2019).[3] Because Plaintiff alleges that he had knowledge of the theft, and video footage allegedly of Defendant Collins, his cause of action accrued shortly after the May 28, 2014 incident allegedly occurred, and the County argues that he is time-barred from asserting these claims in a lawsuit filed on September 18, 2019. Dkt. 31 at 8-9.

However, Plaintiff's FAC also includes specific allegations that LASD affirmatively misled him when he attempted to pursue this claim at that time. In particular, Plaintiff alleges that:

- "Soon after Mr. Nersoyan was made aware of the May 28, 2014 theft he contacted the LASD only to be informed that they had no information on the wrongful seizure and/or no one had returned the money." Dkt. 28 at 12.
- "The LASD denied that person in the LASD uniform, Deputy Collins, was employed by their agency. In addition, the LASD denied anyone from their agency took part in the theft despite the overwhelming video evidence which included an uniform LASD deputy and a LASD squad car." *Id.*
- "The LASD convinced Mr. Nersoyan that no one from their agency was involved in the theft." *Id.*
- ". . . due to the repeated denials of LASD, Mr. Nersoyan was convinced that the LASD was not involved with the theft." *Id.* at 13.
- "LASD was well aware of the illegal seizure and never reached out to the Plaintiff to try to right the wrong." *Id.* at 20.

The Ninth Circuit applies the doctrine of equitable estoppel to the statute of limitations for § 1983 claims. *See Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011) (finding that equitable estoppel applies where the plaintiff believed she had a cause of action but was "dissuaded"

---

[3] Plaintiff's argument that there is no statute of limitations on a § 1983 claim because the statutory language itself does not contain such language is erroneous. *See Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) ("For actions under 42 U.S.C. § 1983 . . . courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.").

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08109-SVW-MAA | Date | 7/7/2020 |
|---|---|---|---|
| Title | *Daniel Nersoyan v. County of Los Angeles et al* | | |

from bringing the claim based on defendant's affirmative misrepresentations and stonewalling within the limitations period). In the Ninth Circuit, a plaintiff must plead the following elements of equitable estoppel:

> (1) knowledge of the true facts by the party to be estopped, (2) intent to induce reliance or actions giving rise to a belief in that intent, (3) ignorance of the true facts by the relying party, and (4) detrimental reliance.

*Id.* (citing *Bolt v. United States,* 944 F.2d 603, 609 (9th Cir. 1991). When estoppel is sought against the government, "there must be affirmative misconduct (not mere negligence) and a serious injustice outweighing the damage to the public interest of estopping the government." *Id.*

The Court finds at the pleading stage, and after construing all inferences in the light most favorable to Plaintiff, that he has sufficiently pled these elements. Accepting Plaintiff's factual allegations as true, each of the necessary elements is reasonably pled, as discussed above. Plaintiff will have the burden of establishing based on actual evidence that this exception applies to his otherwise time-barred claims under § 1983 at summary judgment.

Defendant's argument that the claim for *Monell* liability must be dismissed because Plaintiff states only conclusory assertions regarding a "policy or practice" overstates what Plaintiff must allege at the pleading stage to state a claim in this circuit. Dkt. 30 at 11-13. Defendants cite to *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) for the proposition that Plaintiff must "put forth additional facts regarding the specific nature of this alleged "policy, custom or practice." *Id.* But the complaint in that case did no more than allege that those defendants "maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs" related to "the custody, care and protection of dependent minors...." *Id.* In contrast, Plaintiff specifically alleges that LASD recognized a custom, policy, and practice of:

> (a) employing and retaining as sheriff deputy and other personnel, including Collins, County, LASD, McDonnell and DOES 1-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written LASD policies;

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08109-SVW-MAA | Date | 7/7/2020 |
|---|---|---|---|
| Title | *Daniel Nersoyan v. County of Los Angeles et al* | | |

> (b) inadequately supervising, training, controlling, assigning and disciplining LASD deputy and other personnel, including Collins, County, LASD, McDonnell and DOES 1-10 each knew or in the exercise of reasonable care should have known the aforementioned propensities and character traits;
> (c) maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling and disciplining the intentional conduct by LASD deputies and other personnel, including Collins and McDonnell who are LASD employees;
> (d) Failing to adequately train, supervise, and control its officers in the collection, documentation, and retention of evidence; and
> (e) Condoning, ratifying, and encouraging the theft of personal property in the course of official investigations.

Dkt. 28 at 28-29. This is sufficient factual content, viewed in the light most favorable to Plaintiff, to constitute "plausible facts supporting a policy or custom" that might give rise to *Monell* liability. *See Winger v. City of Garden Grove*, 2013 WL 12376992, at *4 (C.D. Cal. Aug. 12, 2013) (finding similar factual allegations to be specific enough to survive a motion to dismiss); *Lazzeretti v. City of Burbank*, 2020 WL 2891901, at *5 (C.D. Cal. Feb. 20, 2020) ("It is sufficient under Rule 8 that Plaintiff has alleged facts about the specific nature of the policies to allow the City to focus its defense on those particular policies.").

      However, Plaintiff's non-*Monell* claims, which appear to be asserted directly against the County and LASD for violations of the Fourth Amendment, Fifth Amendment, and substantive due process are solely premised on the alleged theft carried out by Defendant Collins. *See* Dkt. 28 at 21-22, 25-26. Although Plaintiff asserts that "the County is responsible for the misconduct of its employees acting under color of law," a municipality is not liable under any theory of respondeat superior for the actions of a government employee like Defendant Collins. *See AE ex rel. Hernandez*, 666 F.3d 631 at 636 ("Section 1983 suits against local governments alleging constitutional rights violations by government officials cannot rely solely on respondeat superior liability."); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Accordingly, the Court GRANTS Defendant's motion to dismiss with regard to the claims alleging direct violation of Plaintiff's Fourth Amendment, Fifth Amendment, and substantive due process rights with respect to the County and the LASD.

| | : | |
|---|---|---|
| Initials of Preparer | | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08109-SVW-MAA | Date | 7/7/2020 |
|---|---|---|---|
| Title | *Daniel Nersoyan v. County of Los Angeles et al* | | |

### b. *Plaintiff's burglary allegations are not sufficient to state a claim.*

Plaintiff's FAC also contains a series of nearly-identical allegations stating that purported burglary rings run by LASD stole property from Plaintiff on three separate occasions from Fall 2016 through May 2017. Dkt. 28 at 13-14. With respect to each of those incidents, Plaintiff solely alleges that (1) a burglary occurred, (2) he is informed and believes that an LASD burglary ring was responsible, and (3) no arrests were made. *Id.* The Court finds that these bare, conclusory allegations, absent any specific factual allegations tying these alleged burglaries to the conduct of LASD officers, are insufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (2009). The Court GRANTS Defendant's motion to dismiss to the extent Plaintiff seeks to assert any of his constitutional claims based on this alleged conduct. The Court will focus solely on claims arising from the alleged May 28, 2014 theft by Defendant Collins of money belonging to Plaintiff.

### c. *Plaintiff's other federal causes of action lack a private right of action.*

Plaintiff alleges a cause of action for "Honest Services Fraud via Mail/Wire Fraud" and for "Money Laundering." Dkt. 28 at 22-24. Although he does not expressly reference a federal statute in connection with either cause of action, he alleges in his jurisdictional pleadings that he brings these claims pursuant to the "federal statutes of money laundering, honest services fraud, wire fraud, mail fraud." *Id.* at 6.

None of the referenced federal statutes give rise to a private right of action that Plaintiff can independently assert. *See Aaronson v. Kangarani*, 2019 WL 3490447, at *3 (D. Or. June 20, 2019) (collecting cases finding that the federal money laundering and wire fraud statutes do not provide for a private right of action); *Kent v. Century Manor Tr. Ltd*, 2019 WL 5596481, at *4 (E.D. Cal. Oct. 30, 2019) ("Title 18 of the United States Code does not establish any private right of action and cannot support a civil lawsuit."); *Mack v. California*, 2019 WL 7877391, at *5 (C.D. Cal. Aug. 9, 2019) (no private right of action for alleged violation of 18 U.S.C. § 1346). Each of Plaintiff's federal causes of action for alleged mail fraud, wire fraud, honest services fraud, and money laundering constitutes a criminal cause of action that cannot be asserted by a civil plaintiff. Defendant's motion to dismiss is GRANTED with regard to these claims.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08109-SVW-MAA | Date | 7/7/2020 |
|---|---|---|---|
| Title | *Daniel Nersoyan v. County of Los Angeles et al* | | |

    **d.** *The Court will bifurcate proceedings, and first address the remaining federal claims.*

The Court will act in its discretion to bifurcate proceedings going forward and focus solely on the § 1983 claims Plaintiff asserts in this lawsuit for violation of the Fourth and Fifth Amendments, the *Monell* claim against the County and LASD, and the alleged violation of his substantive due process rights. Accordingly, the Court declines to consider Defendant's arguments related to the claims arising under California law at this juncture, without prejudice to Defendant's ability to raise those arguments at a later date.

    **VI.**    **Defendant's Motion to Strike**

Defendant also seeks to have certain factual allegations stricken, arguing that Plaintiff improperly seeks punitive damages from the County, a public entity, and argues that certain factual allegations are wholly unrelated to the causes of action alleged by Plaintiff and must be stricken. Dkt. 30 at 18-19.

A motion to strike pursuant to Rule 12(f) allows a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft, Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).

Defendant is correct that the Court cannot award punitive damages to Plaintiff against the County, a public entity. *See* Cal. Govt.Code § 818 ("Notwithstanding any other provision of law, a public entity is not liable for damages awarded under § 3294 of the Civil Code of other damages imposed primarily for the sake of example and by way of punishing the defendant."); *Newport v. Fact Concerts Inc.*, 453 U.S. 247, 271 (1981) ("[A] municipality is immune from punitive damages under 42 U.S.C. § 1983."). However, the Ninth Circuit has specifically held that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone*, 618 F.3d at 974. The Court must DENY the motion on this basis with regard to that allegation.

                                                                                                                                                          :

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08109-SVW-MAA | Date | 7/7/2020 |
|---|---|---|---|
| Title | *Daniel Nersoyan v. County of Los Angeles et al* | | |

With regard to the allegedly immaterial allegations included in the FAC, the Court agrees with Defendant, but solely with regard to paragraphs 55, 58, 60, and 61. The other allegations have plausible relevance to the *Monell* claims that hinge on a "policy, practice, or custom" of the County and LASD with respect to criminal conduct by LASD officers. The Court GRANTS Defendant's motion to strike the allegations listed above.

### VII. Conclusion

Defendant's motion is GRANTED with respect to Plaintiff's claims for wire and mail fraud, and money laundering against all Defendants. Defendant's motion is GRANTED with respect to the County and LASD with regard to Plaintiff's claims for violation of his rights under the Fourth Amendment, Fifth Amendment, and his substantive due process rights. Defendant's motion is DENIED with regard to their argument that all § 1983 claims are time-barred, and is DENIED with regard to the *Monell* claim. The dismissal of Plaintiff's claims for mail fraud, wire fraud, honest services fraud, and money laundering is with prejudice, because amendment would be futile given Plaintiff's inability to enforce criminal statutes. Dismissal of Defendant's non-*Monell* § 1983 claims against the County and the LASD is also with prejudice, because these entities cannot be held directly liable for constitutional violations by their employees.[4]

Defendant's motion to strike is GRANTED in part, with regard to paragraphs 55, 58, 60, and 61 of the FAC. The Court orders these allegations stricken from the record.

---

[4] The Court also notes that although Plaintiff's FAC appears to assert claims against Sheriff James McDonnell ("Sheriff McDonnell") in his individual capacity, there is no indication on the docket that Sheriff McDonnell has been served in his personal capacity. *See Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) ("Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4."). The Court instructs Plaintiff to serve Sheriff McDonnell personally if he wishes to pursue claims against him in his individual capacity. If Plaintiff fails to do so within 30 days, the Court will dismiss these claims without prejudice. Fed. R. Civ. P. 4(m).

|  | : |
|---|---|
| Initials of Preparer | PMC |