Michael S. Devereux  (State Bar No. 225240)
WEXFORD LAW
9171 WILSHIRE BOULEVARD, SUITE 500
BEVERLY HILLS, CALIFORNIA  90210
TELEPHONE: (424) 444-0883

Attorney for Plaintiff, Daniel Nersoyan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DANIEL NERSOYAN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a county corporation; COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, a public entity; SHERIFF JAMES MCDONNELL, in his official capacity and as an individual; DEPUTY KENNETH COLLINS, individually and in his official capacity as a Deputy, and DOES 1 through 10, inclusive<br><br>　　　　　　Defendants. | CASE NO. CV19-08109 SVW (MAAx)<br><br>Hon. Stephen V. Wilson<br><br>PLAINTIFF'S *EX PARTE* APPLICATION TO CONTINUE HEARING DEADLINE ON MOTION FOR SUMMARY JUDGMENT; DECLARATION OF MICHAEL DEVEREUX; EXHIBITS; [PROPOSED] ORDER<br><br>Trial Date: January 12, 2021 |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiff Daniel Nersoyan ("Mr. Nersoyan" or Plaintiff) will seek an *ex parte* order continuing the hearing on

Defendant's Motion for Summary Judgment currently scheduled for November 30, 2020 at 1:30 p.m. to January 4, 2021, at 1:30 p.m.

Pursuant to Local Rule 7-19, and Judge Wilson's courtroom rules counsel for Mr. Nersoyan met and conferred with counsel for Defendant's regarding this Application and the requested relief. *See* Declaration of Michael Devereux, ¶ 4 Declaration tab and Exhibit A, emails between counsel dated November 5, 2020 and November 15, 2020. The contact information for Defendant's counsel is:

Laura E. Inlow
Collinson, Daehnke, Inlow & Greco
21515 Hawthorne Blvd. Suite 800
Torrance, CA 90503
(424) 212-7777 (phone)
(424) 212-7799 (direct)
(424) 212-7757 (fax)
laura.inlow@cdiglaw.com

This application is based upon:

1. As set forth in the Declaration of Michael Devereux filed herewith, Defendant violated *Federal Rules of Civil Procedure Rule* 26 by propounding discovery in July long before the meet and confer for Initial Status Conference that was scheduled for September 21, 2020. *See* Exhibit "B."

2. Plaintiff strictly followed the *Federal Rules of Civil Procedure*, thus not violating Rule 26, so Plaintiff is behind the Defendants on discovery.

3. Even, if Counsel desired to start discovery prematurely, he was not capable of such because he was recovering from two heart surgeries from March and June of 2020. Counsel did not return to practice full time until on or about September 15, 2020.

4. Plaintiff had propounded discovery on Defendants beginning on October 12, 2020 and Defendants have not answered to date.

5. Plaintiff began coordinating depositions with defendants in the last week of October, but defense counsel was not available until after the election. By November 9, 2020 both parties agreed to complete all depositions by November 20, 2020. Plaintiff did not send notice so on November 12, 2020, Plaintiff discovered that defense counsel had unilaterally called off the depositions *without a meet and confer*. Now depositions are scheduled to start no sooner than December 14, 2020.

6. Based upon the outstanding discovery and the depositions that are scheduled in the future, there is reason to believe that facts essential to justify opposition to the MSJ may exist, but cannot be presented at the time presently set for the hearing. For example, essential facts include by not limited to:

   a. The discovery that a policy maker, and official policy violated the constitutional rights of Mr. Nersoyan, based upon the policy and/or custom of the county;

WEXFORD LAW

b. That the constitutional violation was officially promulgated by the county's policy was the cause of the constitutional injury;

c. The inadequacy of the sheriff training was amounted to the deliberate indifference to the rights of Mr. Nersoyan, specifically but not limited to the conduct of Lt. Kimura and his investigation, which was not only dubious at best, but fell far short of protecting Mr. Nersoyan's constitutional rights;

d. The County is liable for the decisions involving policy making authority within the Los Angeles Sheriff Department.

This application is based upon this Notice, the below Memorandum in support of the application, the concurrently-filed Declaration of Michael Devereux and all exhibits attached thereto, all of the papers and pleadings on file in this action, and upon such other and further evidence as the Court may consider at the hearing of the application.

Dated:  November 15, 2020           WEXFORD LAW,

*Michael S. Devereux*
Michael S. Devereux
Attorney for Plaintiff
DANIEL NERSOYAN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Introduction

In Defendants haste to submit a motion for summary judgment (MSJ) that ensured Plaintiff's would not be prepared to oppose since the Defendants' motion was filed before the Defendants answered any discovery and before Defendants were deposed. This *ex parte* Application has become necessary based upon defendants refusing to stipulate to Plaintiff's reasonable request for a continuance for the hearing on the motion for summary judgment.

Defendants **violated** the *Federal Rules of Civil Procedure* and started propounding discovery 6-8 weeks before the meet and confer that occurred on or about September 1, 2020. *See* Exhibit "C." Defendants are well ahead in discovery and wish for the MSJ hearing to occur before Plaintiff completes discovery as the Plaintiff has outstanding depositions and is still waiting for discovery answers from the Defendants. Plaintiff was forced to file this *ex parte* application to ensure a ruling on this issue prior to the hearing date. Defendants will not be prejudiced by a continuance.

## II.  Relevant Factual and Procedural Background

The initial status conference was scheduled for September 21, 2020. The meet and confer for the initial status conference occurred on or about September 1, 2020. Long before the meet and confer, defendants propounded discovery in July 2020. In addition, defendants were sending subpoena in July 2020. Defendants

were demanding answers to their discovery in late August, before the initial status conference.

Plaintiff's counsel was under the impression that discovery could not commence until after the meet and confer for the initial status conference. Eventually the initial status conference was taken off calendar and a trial date was set for January 12, 2021, but no discovery calendar was set.

Plaintiff started requesting discovery in early October, which has not been received although it is due soon. Plaintiff had initially scheduled depositions throughout the month of November but they were cancelled unilaterally by the Defendants since they did not receive notice. Defendants have completed taking Plaintiff's deposition. It is expected that defendants will soon complete depositions from its other witnesses.

### III.  Argument

The Plaintiff and the Defendants have two entirely point of views in this action. The Plaintiff claims that although, the theft of Deputy Kenneth Collins was instrumental and the obvious catalyst in this matter, the significant claim views the liability with the Los Angeles Sheriff Department and the deliberate indifference that is apparently the custom and/or policy from the decision or acquiescence of the officer or body within the policy making authority. The argument is that the official policy within the County of Los Angeles was the actual cause of Mr. Nersoyan's constitutional injury.

Furthermore, it appears that there was a need to train the investigator in this matter and the failure to train constitutes deliberate indifference.

Although, Deputy Collins criminal conduct initiated the process, it was the Sheriff's deliberate indifference and policy that is the significant factor. Arguably, the Defense desires to tailor their defense to Deputy Collins criminal conduct and ignore the county's constitutional liability based upon custom, policy and deliberate indifference.

It is well-establish that this Court possesses inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In exercising such discretion, the court "must weigh competing interests and maintain an even balance." *Id*. The Court should exercise its inherent power to control its docket here by granting the requested extension so that both motions for summary judgment may be argued and considered by the Court at the same hearing.

Fed. R. Civ. P. 56 states:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

As shown above, granting an extension is necessary for multiple reasons:

*First*, the defendants have filed a motion for summary judgement for the *Monell claims* supported by inaccurate and misleading statements at the very least

by Lt. Kimura in his declaration. There are known knowns of two misleading and inaccurate statements submitted by the Defendants and we believe that there are unknown knowns to the Plaintiff that will be uncovered during discovery which are essential to justify opposition to the MSJ.

We are waiting on the production of documents from Defendants which are currently overdue and at least three depositions that will not occur now until mid-December. After receiving the production of documents, we expect to have additional discovery requests for Lt. Kimura.

Our expectation is that the facts derived from the discovery process will demonstrate that there as a deliberate indifference to the rights of Mr. Nersoyan. Moreover, it was a continuous and systematic coverup. The County of Los Angeles and the LASD took no corrective action in 2014, 2015 or even after the conviction of Deputy of Kenneth Collins.

*Second,* Defendant's counsel unreasonably refuses to stipulate to a continuance despite the fact that the defense realizes that the Plaintiff is waiting for discovery answers and to depose at least three of their witnesses.

*Third,* Defendants will suffer no harm or prejudice by the continuance of the hearing on the motion for summary judgment for a few weeks. Discovery is ongoing in this dispute.

Based upon the aforementioned, there is ample support for this Court to continue the hearing on the Defendant's Motion for Summary Judgment now set for November 30, 2020.

///

///

///

///

///

## IV. Conclusion

For the foregoing reasons, Mr. Nersoyan respectfully requests that the Court continue the hearing on the Defendant's Motion for Summary Judgment to January 4, 2021.

Dated: November 15, 2020  WEXFORD LAW,

*Michael S. Devereux*
Michael S. Devereux
Attorney for Plaintiff
DANIEL NERSOYAN