1  COLLINSON, DAEHNKE, INLOW & GRECO
2  Laura E. Inlow, Esq., State Bar No. 130584
   Email: laura.inlow@cdiglaw.com
3  21515 Hawthorne Blvd., Suite 800
4  Torrance, CA  90503
   Telephone: (424) 212-7777/Facsimile: (424) 212-7757
5
6  Attorneys for Defendant, COUNTY OF LOS ANGELES

7
8              UNITED STATES DISTRICT COURT
9         CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10 DANIEL NERSOYAN,                          | CASE NO. CV19-08109 SVW (MAAx)

11              Plaintiff,                    | DEFENDANT'S OPPOSITION TO EX
12                                            | PARTE TO CONTINUE HEARING
   v.                                         | ON MOTION FOR SUMAMRY
13                                            | JUDGMENT; DECLARATION OF
14 COUNTY OF LOS ANGELES, a                   | LAURA E. INLOW
   county corporation; COUNTY OF LOS
15 ANGELES SHERIFF'S
   DEPARTMENT, a public entity;
16 SHERIFF JAMES MCDONNELL, in
   his official capacity and as an            | Action Filed: September 18, 2019
17 individual; DEPUTY KENNETH                 | Trial Date:  January 12, 2021
   COLLINS, individually and in his
18 official capacity as a Deputy, and
   DOES 1 through 10, inclusive
19
              Defendants.
20 TO THE HONORABLE COURT, PLAINTIFF AND HIS ATTORNEY OF

21 RECORD:

22        Defendant COUNTY OF LOS ANGELES hereby submits this opposition to

23 plaintiff's ex parte application to continue the hearing date for defendant's motion

24
25 for summary judgment or, in the alternative, motion for partial summary judgment.

26 (Document No. 49). As reflected herein, there is no good cause and the ex parte

27 should be denied.
28

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

-1-
DEFENDANT'S OPPOSITION TO EX PARTE

## I.   THE STANDARD FOR EX PARTE RELIEF IS NOT MET

An *ex parte* application is only appropriate where there is some genuine urgency such that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition. *Intermagnetics America, Inc. v. China Internat'l* (C.D. CA 1989) 101 B.R. 191. An *ex parte* proceeding is only appropriate where there is danger that notice to an opposing party will result in that parties' flight or destruction of evidence. *Franks v. Delaware* (1978) 438 U.S. 154; *In re Intermagnetics America, Inc. v. China Internat'l* (C.D. CA 1989) 101 B.R. 191; *Mission Power Engr. Co. v. Continental Cas. Co.* (C.D. Cal. 1995) 883 F. Supp. 488. None of these criteria are met here.

## II.   THE PROCEDURAL HISTORY OF THIS CASE ESTABLISHES PLAINTIFF'S CONSTANT TARDINESS AND DISREGARD FOR DEADLINES

On September 18, 2019, Plaintiff Daniel Nersoyan filed the original complaint. (Document No. 1). Defendant filed its motion to dismiss on November 29, 2019. (Document No. 18). Plaintiff failed to file a timely opposition and the motion to dismiss was granted on December 30, 2019. (Document No. 27). Plaintiff was granted 21 days leave to file a First Amended Complaint (FAC). Plaintiff filed a tardy FAC on January 24, 2020. (Document No. 28). Defendant filed a second Motion to Dismiss the First Amended Complaint (FAC). (Document No. 30). Plaintiff's Opposition was once again tardy. (Document No. 33). Based on

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

a representation of plaintiff's counsel that he was ill, defendant stipulated to continue the hearing on the motion for dismiss for a month. (Document No. 35). The motion was granted in part and denied in part and defendant answered the FAC on July 17, 2020. (Document Nos. 38 and 39).

In its Scheduling Order of September 17, 2020, the court set the Pre-Trial Conference for January 4, 2021 and Trial for January 12, 2021. (Document No. 45). As no date were given in the Scheduling Order for expert disclosures, per the FRCP, the disclosure date was October 12, 202. Defendant made a timely initial disclosure of expert witnesses, but plaintiff did not. (Inlow Decl., ¶ 2). The date for rebuttal disclosures was on November 12, 2020 and plaintiff has served no rebuttal disclosure. (Inlow Decl., ¶ 3). Defendant made its initial disclosure of documents and witnesses on October 7, 2020 but plaintiff has never made an initial disclosure as required by FRCP 26(a). (Inlow Decl., ¶ 4).

Plaintiff did not serve any written discovery until October 12, 2020 when a request for production was served. Defendant served a timely response to the request for production on November 13, 2020. (Inlow Decl., ¶ 5). While immaterial to the pending motion, defendant did serve written discovery on plaintiff on July 21, 2020. However, plaintiff's counsel asserted the documents were never received by his office so an extension was granted with responses to be served by mail and email by October 2, 2020. The final tardy responses were not received until October 13, 2020. (Inlow Decl., ¶ 6).

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL: (424) 212-7777 | FAX (424) 212-7757

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

After deposing plaintiff on October 15, 2020 and meet and confer attempts, defendant filed the pending motion for summary judgment or, in the alternative, motion for partial summary judgment on October 26, 2020. The hearing date is November 30, 2020, just six weeks prior to trial. (Document No. 46). Plaintiff's opposition was due on November 9, 2020 but no opposition was ever filed. Defendant filed a notice of no opposition on November 12, 2020. (Document No. 48).

On November 2, 2020, plaintiff's counsel sent an email requesting for the first time to set the depositions of three County employees. No request was made for production of documents in this email. (Inlow Decl., ¶ 7; Exhibit A). Defense counsel offered dates for all three depositions for the week of November 16, 2020 as requested by plaintiff's counsel. (Inlow Decl., ¶ 8). However, as of noon on Thursday, November 12, 2020, plaintiff's counsel had never confirmed the offered deposition times by phone, by email or with any deposition notices. Defense counsel had also not been provided with any remote deposition information. As such, defense counsel assumed the depositions were off calendar and so advised the three deponents. (Inlow Decl., ¶ 9). At 2:49 p.m. on Thursday, November 12, 2020, plaintiff's counsel sent an email with notices for the three depositions beginning on Tuesday, November 17, 2020. The deposition notices also requested the production of documents by the deponents. (Inlow Decl., ¶ 10). When defense counsel objected to the deficient notices, plaintiff's counsel requested that the

1   depositions be taken the week of December 14, 2020, less than a month before

2   trial. (Inlow Decl., ¶ 11).

3

4   ### III.   NO GOOD CAUSE EXISTS FOR THE REQUESTED RELIEF

5   Plaintiff's ex parte fails to establish good cause to continue the hearing on

6   the pending motion. First, plaintiff has ONLY requested to move the hearing date

7   but has not sought leave to submit a tardy opposition. Thus, there is no basis to

8

9   continue the hearing on the County's motion for summary judgment. The state of

10  the evidence as well as the case posture at the time of the presently scheduled

11  hearing on November 30, 2020 will remain identical if the hearing date remains as

12

13  set or whether the hearing is continued. Plaintiff's counsel has not sought any relief

14  to file a late Opposition, did not meet and confer with the defense to do so, and has

15  shown no good cause to move the hearing. Therefore, for all purposes, the

16

17  County's motion for summary judgment is unopposed and continuing the hearing

18  will not change the procedural posture.

19

20  Second, plaintiff's counsel has offered no evidence that he is unavailable for

21  the hearing on November 30, 2020.

22  Third, the declaration and supplemental declaration submitted by counsel

23

24  (Document 50) outline medical issues between October of 2019 and March of

25  2020. By his own declaration, he was back to full-time work "August/September

26  2020." As such, there is no medical reason offered for the failure to submit a

27

28  timely opposition to the pending motion. Moreover, plaintiff's counsel has never

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

requested additional time to file an opposition for medical or any other reason. (Inlow Decl., ¶ 12).

Finally, defendant will be prejudiced if the motion is continued. As currently set, the hearing on the motion is a mere six (6) weeks prior to trial and only thirty-three (33) days prior to the Final Pre-Trial Conference. Defendant needs to know the causes of action to which it must respond in its trial documents and at trial. Plaintiff has never requested a trial continuance. (Inlow Decl., ¶ 12).

## IV.  CONCLUSION

In conclusion, Petitioner has not demonstrated irreparable harm or prejudice and there is no existing crisis to warrant granting the Ex Parte petition.  This is a situation exclusively of Petitioner's own making which does not meet the requirement of "genuine urgency" necessary for *ex parte* relief.  Accordingly, this application should be denied.

DATED:  November 16, 2020          COLLINSON, DAEHNKE, INLOW & GRECO

By:

/s/ *Laura E. Inlow*
Laura E. Inlow, Esq.
Attorneys for Defendant
COUNTY OF LOS ANGELES

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

## DECLARATION OF LAURA E. INLOW

I, Laura E. Inlow, declare as follows:

      1.     I am a partner of Collinson, Daehnke, Inlow & Greco, counsel of record for Defendant County of Los Angeles herein.  I make the following declaration based on my own personal knowledge.  I could and would competently testify under oath to the facts stated herein.

      2.     Defendant made a timely initial disclosure of expert witnesses, but plaintiff has not made any expert disclosures.

      3.     The date for rebuttal disclosures was on November 12, 2020 and plaintiff has served no rebuttal disclosure.

      4.     Defendant made its initial disclosure of documents and witnesses on October 7, 2020 but plaintiff has never made an initial disclosure as required by FRCP 26(a).

      5.     Plaintiff did not serve any written discovery until October 12, 2020 when a request for production was served. Defendant served a timely response to the request for production by mail on November 13, 2020.

      6.     While immaterial to the pending motion, defendant did serve written discovery on plaintiff on July 21, 2020. However, plaintiff's counsel asserted the documents were never received by his office so an extension was granted with responses to be served by mail and email by October 2, 2020. The final tardy

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

COLLINSON, DAEHNKE, INLOW & GRECO
21515 HAWTHORNE BLVD., SUITE 800
TORRANCE, CALIFORNIA 90503
TEL. (424) 212-7777 | FAX (424) 212-7757

1   responses were not received until October 13, 2020. A true and correct copy of a

2   letter confirming the extension and tardy responses is attached as Exhibit A.

3

4        7.    On November 2, 2020, plaintiff's counsel sent an email requesting for

5   the first time to set the depositions of three County employees. No request was

6   made for the production of documents in this email. A true and correct copy of said

7

8   email is attached as Exhibit B.

9        8.    Through various emails, I offered dates for all three depositions for

10  the week of November 16, 2020 as requested by plaintiff's counsel. Specifically,

11

12  the depositions were offered for November 17, 18 and 20 of 2020.

13       9.    However, as of noon on Thursday, November 12, 2020, plaintiff's

14  counsel had never confirmed the offered deposition times by phone, by email or

15

16  with any deposition notices. I had also not been provided with any remote

17  deposition information. As such, I assumed the depositions were off calendar and

18

19  so advised the three deponents.

20       10.   At 2:49 p.m. on Thursday, November 12, 2020, plaintiff's counsel

21  sent an email with notices for the three depositions beginning on Tuesday,

22

23  November 17, 2020. The deposition notices also requested the production of

24  documents by the deponents. I sent an email to plaintiff's counsel objecting to the

25  late notices and the deficient amount of time for a production request. A true and

26

27  correct copy of this email is attached as Exhibit C.

28

11.     When I objected to the deficient notices, plaintiff's counsel requested that the depositions be taken the week of December 14, 2020, less than a month before trial. A true and correct copy of said email is attached as Exhibit D.

12.     Plaintiff's counsel has never requested additional time to submit an opposition to the pending motion and has never requested a trial continuance. defendant will be prejudiced if the motion is continued. As currently set, the hearing on the motion is a mere six (6) weeks prior to trial and only thirty-three (33) days prior to the Final Pre-Trial Conference. Defendant needs to know the causes of action to which it must respond in its trial documents and at trial.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 16th day of November 2020 in Torrance, California.

*Laura E. Inlow*
Laura E. Inlow

**DEFENDANT'S OPPOSITION TO EX PARTE**

# EXHIBIT A



Laura E. Inlow
21515 Hawthorne Blvd., Suite 800
Torrance, California 90503
laura.inlow@cdiglaw.com
www.cdiglaw.com
Main: 424.212.7777
Fax: 424.212.7757

October 6, 2020

**Via Email and US Mail**
Michael S. Devereux, Esq.
Wex Law A Professional Law Corporation
9171 Wilshire Blvd., Suite 500
Beverly Hills, CA 90210

      Re:    **Daniel Nersoyan v. County of Los Angeles, et al.**
              Case No. 19-CV-08109

Dear Mr. Devereux:

      Please accept this letter as my meet and confer with you as required by L.R. 37-1 regarding plaintiff's failure to respond to the interrogatories, set one, and request for production, set one, propounded by defendant County of Los Angeles. Both discovery requests were served by mail on July 21, 2020. When you represented that you had never received the discovery, I granted a 30-day extension with responses to be mailed and emailed by October 2, 2020. To date, however, I have received no responses whatsoever. Additionally, I have sent you two emails with no response. I have tried to call your office for the past two days and always get a busy signal. Finally, I have also never received plaintiff's initial disclosure of documents and witnesses as required by FRCP 26.

      Given the impending trial date, please provide full and complete responses to both discovery sets as well as the initial disclosure by email by the close of business on October 8, 2020. Alternatively, I am available to meet telephonically between 1-4 p.m. on October 7, 2020 or October 8, 2020, or at 1:00 on October 9, 2020 or October 13, 2020. Your anticipated cooperation is greatly appreciated.

                    Very truly yours,

                    COLLINSON, DAEHNKE, INLOW & GRECO

                    Laura E. Inlow

# EXHIBIT B

**Laura E. Inlow**

| | |
|---|---|
| **From:** | mike@wex.law |
| **Sent:** | Monday, November 2, 2020 6:58 AM |
| **To:** | Laura E. Inlow |
| **Cc:** | mike@wex.law |
| **Subject:** | RE: Depositions for Lt. Kimmura, Lt. Kopperud and Tim Berns; Case: Nersoyan vs. County of Los Angeles |

Hello Laura,

In the near future I need to schedule depositions for Lt. Douglas Kimura, Lt. Ron Kopperud and Tim Berns. My expectation is that Lt. Kimura's deposition would be less than three hours, and likely less than one hour for Lt. Kopperud and Mr. Berns.

What date(s) work(s) best for you?

*Michael Devereux*

**WEXFORD LAW**

9171 Wilshire Boulevard, Suite 500
  Beverly Hills, California  90210
      Tel. (424) 600-8584
      Email: Mike@Wex.Law

**NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE:** The email address from which this email was sent is for correspondence only.  It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity unless previously agreed upon in writing

1

# EXHIBIT C

**From:** WEX LAW <mike@wex.law>
**Sent:** Thursday, November 12, 2020 2:49 PM
**To:** Laura E. Inlow <laura.inlow@cdiglaw.com>
**Cc:** mike@wex.law
**Subject:** RE: Nersoyan depos

Laura,

Attached are the notices for the previously agreed dates of November 17, 2020, November 18, 2020 and November 20, 2020.

Are these dates still good?

Do you desire a subpoena?  Or are these notices good enough?

# *Michael Sean Devereux*
## WEXFORD LAW
```
9171 Wilshire Boulevard, Suite 500
 Beverly Hills, California   90210
        Tel. (424) 444-0883
       Email: Mike@Wex.Law
```

**CONFIDENTIAL INFORMATION:** The information in this email transmission is privileged and confidential.  If you are not the intended recipient, nor the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this transmission (including any attachments) is strictly prohibited.  If you have received this email in error, please notify the sender by email reply.  Thank you.

**NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE:** The email address from which this email was sent is for correspondence only.  It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity unless previously agreed upon in writing.

**From:** Laura E. Inlow [mailto:laura.inlow@cdiglaw.com]
**Sent:** Friday, November 6, 2020 1:36 PM
**To:** WEX LAW
**Subject:** RE: Nersoyan depos

You can send all notices to me

**From:** WEX LAW <mike@wex.law>
**Sent:** Friday, November 6, 2020 1:21 PM
**To:** Laura E. Inlow <laura.inlow@cdiglaw.com>
**Subject:** RE: Nersoyan depos

Okay, let's do it on 11/20.  Should I send the notice to you?  Or do you have the address for him?  Tim Berns?  Kopperud?

# EXHIBIT D

**Laura E. Inlow**

| | |
|---|---|
| **From:** | WEX LAW <mike@wex.law> |
| **Sent:** | Thursday, November 12, 2020 4:00 PM |
| **To:** | Laura E. Inlow |
| **Cc:** | mike@wex.law |
| **Subject:** | RE: Nersoyan depos |

I just left you a message.  I will need docs.  I'm free the week of Dec 14 and the following two weeks except for 24, 25, 31, &1.


# *Michael Sean Devereux*

## WEXFORD LAW

9171 Wilshire Boulevard, Suite 500
 Beverly Hills, California   90210
        Tel. (424) 444-0883
        Email: Mike@Wex.Law

**CONFIDENTIAL INFORMATION:**  The information in this email transmission is privileged and confidential.  If you are not the intended recipient, nor the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this transmission (including any attachments) is strictly prohibited.  If you have received this email in error, please notify the sender by email reply.  Thank you.

**NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE:** The email address from which this email was sent is for correspondence only.  It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity unless previously agreed upon in writing.

---

**From:** Laura E. Inlow [mailto:laura.inlow@cdiglaw.com]
**Sent:** Thursday, November 12, 2020 3:48 PM
**To:** WEX LAW
**Subject:** RE: Nersoyan depos

OK, I can check these dates but if you want documents you have to give 30-days notice so documents or no documents?

---

**From:** WEX LAW <mike@wex.law>
**Sent:** Thursday, November 12, 2020 3:42 PM
**To:** Laura E. Inlow <laura.inlow@cdiglaw.com>
**Cc:** mike@wex.law
**Subject:** RE: Nersoyan depos

Hello Laura,

1

**Laura E. Inlow**

| | |
|---|---|
| **From:** | Laura E. Inlow |
| **Sent:** | Thursday, November 12, 2020 3:17 PM |
| **To:** | WEX LAW |
| **Subject:** | RE: Nersoyan depos |

I also object to all of the notices as they request the production of documents without sufficient notice.

**From:** WEX LAW <mike@wex.law>
**Sent:** Thursday, November 12, 2020 3:11 PM
**To:** Laura E. Inlow <laura.inlow@cdiglaw.com>
**Cc:** mike@wex.law
**Subject:** RE: Nersoyan depos

I understand your position. So how do we resolve it?

# *Michael Sean Devereux*
## WEXFORD LAW
9171 Wilshire Boulevard, Suite 500
Beverly Hills, California   90210
Tel. (424) 444-0883
Email: Mike@Wex.Law

**CONFIDENTIAL INFORMATION:** The information in this email transmission is privileged and confidential. If you are not the intended recipient, nor the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this transmission (including any attachments) is strictly prohibited. If you have received this email in error, please notify the sender by email reply. Thank you.

**NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE:** The email address from which this email was sent is for correspondence only. It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity unless previously agreed upon in writing.

**From:** Laura E. Inlow [mailto:laura.inlow@cdiglaw.com]
**Sent:** Thursday, November 12, 2020 2:58 PM
**To:** WEX LAW
**Subject:** RE: Nersoyan depos

Michael,
It is Thursday and when I had never heard from you, at about 1:00 today I told my people that the depos were not going forward. Emailing me notices on Thursday at almost 3:00 p.m. for depos starting on Tuesday is clearly not sufficient notice.