Michael S. Devereux  (State Bar No. 225240)
WEXFORD LAW
9171 WILSHIRE BOULEVARD, SUITE 500
BEVERLY HILLS, CALIFORNIA  90210
TELEPHONE: (424) 444-0883

Attorney for Plaintiff, Daniel Nersoyan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DANIEL NERSOYAN,<br><br>            Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a county corporation; COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, a public entity; SHERIFF JAMES MCDONNELL, in his official capacity and as an individual; DEPUTY KENNETH COLLINS, individually and in his official capacity as a Deputy, and DOES 1 through 10, inclusive<br><br>            Defendants. | CASE NO. CV19-08109 SVW (MAAx)<br><br>Hon. Stephen V. Wilson<br><br>AFFIDAVIT / DECLARATION OF MICHAEL DEVEREUX IN SUPPORT TO CONTINUE MOTION FOR SUMMARY JUDGMENT<br><br><br>Trial Date: January 12, 2021 |

**DECLARATION OF COUNSEL**

1. I am duly admitted to practice before all courts in the State of California, and before the following federal courts: the Central District of California, the Eastern District of California, the Southern District of California, the Northern District of California, along with the Ninth Circuit Court of Appeals. I am the attorney of record in this matter. If called upon as a witness I could and would competently testify to the contents hereof.

2. This declaration is submitted pursuant to Fed.R.Civ.P. 56(d) and *Tatum v. City and Cty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) containing specific facts that further discover would reveal.

3. The following facts would be available in further discovery and preclude summary judgment since the public officials in this matter would not be eligible for qualified immunity based upon the following facts that would be revealed:

    a. **DEFENDANT COLLINS IS NOT ENTITLED TO QUALIFIED IMMUNITY.** Further discovery will reveal that on or about May 28, 2014, while driving his LASD patrol car, wearing his LASD uniform, and possessing a firearm, defendant COLLINS conducted an unlawful traffic stop of a vehicle and illegally seized approximately $160,000 in cash from the vehicle. Defendant COLLINS was aware, in advance of the traffic stop, that there would be a large sum of cash in the vehicle

*DECLARATION OF MICHAEL DEVEREUX*

and conducted the traffic stop for the purpose of illegally seizing the cash. There was no reason to stop the car, there was no probable cause to seize the money. (In fact, the Sheriff was not assigned to the area in which the stop took place. It was later discovered that the area was patroled by the LAPD.) In violation of LASD policy, defendant COLLINS failed to report to LASD that he had conducted the traffic stop or seized any cash that day.

b. To be entitled to qualified immunity on a claim of unreasonable seizure, defendant police officers needed only to have possessed arguable probable cause to seize plaintiff, a fellow officer, not actual probable cause, and "arguable probable cause" exists when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in the light of well established law. *See* 42 USCA § 1983, Notes of Decisions, Westlaw, *Cerrone v. Brown*, 246 F.3d 194 (2001 First Circuit). Here, Collins admitted that in his plea agreement and at sentencing that he did not have arguable probable cause. This admission was totally ignored by the County.

c. **DEFENDANT LOS ANGELES COUNTY (County) AND LOS ANGELES COUNTY SHERIFF DEPARTMENT (Sheriff) UNREASONABLENESS DOES NOT WARRANT QUALIFIED**

**IMMUNITY.** Further discovery will reveal that in evaluating the conduct of the County and the Sheriff for purposes of determining entitlement to qualified immunity, the Court does not focus on the entities subjective state of mind, such as bad faith or malicision intention, rather the applicable standard requires the court to make an objective analysis of reasonableness in light of the facts actually known and not to consider subject assessment of those facts. *See* 42 USCA § 1983, Notes of Decisions, Westlaw, *Sheehy v. Town of Plymouth*, 191 F.3d 15 (1999 First Circuit).

   i. The sheriff was **unreasonable** from the very beginning. At the moment of the violation, the Sheriff was contacted and informed of what was transpiring, i.e. Collins seized a substantial amount of money without probable cause. For months, the Sheriff refused/failed to take any action, denying that such action had taken place.

   ii. Within six months the Plaintiff filed a formal complaint with the County. Apparently the County assigned the complaint to the Sheriff department.

      1. Further discovery will show that the Sheriff **unfairly and unreasonably** relied on the participation of a non-percipient witness as the focus of their investigation.

4
*DECLARATION OF MICHAEL DEVEREUX*

Despite the fact that the Sheriff had knowledge of a young percipient witness, who also had been in contact with law enforcement for various non-related vehicle code violations, further discovery will demonstrate that the Sheriff refused or failed to leave his desk chair to investigate - hoping that the young percipient witness (who likely no longer trusted anyone in the Sheriff's department) would eventually come to the Sheriff.

2. The Sheriff interviewed Collins and further discovery will prove that the Sheriff covered up for Collins, despite the Sheriff knowing that Collins was assigned the car identified in the unlawful taking. In addition, further discovery will prove that the Sheriff, knew or should have known that Collins squad car was precisely at the spot as reported by the Plaintiff on or about May 28, 2014.

3. Further discovery will show that the unreasonable response by Collins that he hasn't made a traffic stop since 2012, did not explain the reason that the car Collins was driving was at the location and time of the unlawful taking.

5

*DECLARATION OF MICHAEL DEVEREUX*

4. Further discovery will verify that the Sheriff knew that at the time of the allegation the car assigned to Collins was not in an area patroled by the Sheriff.  The Sheriff knew such as memoralized in a letter that the Sheriff's investigator *allegedly* sent to the Plaintiff.

5. Further discovery will support that when the non-percipient witness stopped cooperating, the investigation was swept under the rug immediately and never reopened - despite significant events that occurred later including the 2018 arrest of Collins by the FBI and Collins admitting that he had unlawfully seized the funds under the color of law throughout 2018.

6. Further discovery will substantiate that in early to mid 2017, the Sheriff discovered that Collins was a target of an FBI investigation for unlawful conduct.

7. Further discovery will prove that in 2017, when the Sheriff knew that Collins was a targe of an FBI investigation the Sheriff refused/failed to reopen the matter.

8. Further discovery would show that it would have been reasonable for the Sheriff to contact the Plaintiff in 2017.

6

*DECLARATION OF MICHAEL DEVEREUX*

It would have also been equitable for the Sheriff to reach out to Plaintiff to compensate him for his loss. Further discovery will show that neither took place in 2017.

9. Further discovery will establish that the Sheriff knew or should have known that in mid 2018, on public record, Collins admitted to the unlawful seizure under the color of law in his plea agreement. At this time, it would have been reasonable for the Sheriff to reopen the matter. It would have also been reasonable for the Sheriff to reach out to Plaintiff to compensate him for his loss. Neither took place.

10. Further discovery will prove that in late 2018, Collins pled in open court and admitted to the unlawful seizure under the color of law. At that time, the County and the Sheriff refused or failed to bring charges against Collins. It would have been reasonable for the Sheriff to reopen the matter. It would have also been reasonable for the Sheriff to reach out to Plaintiff to compensate him for his loss. Neither took place.

11. Law enforcement who seized property unlawfully are not entitled to qualified immunity pursuant to §1983 since no

reasonable officer could have believed that probable cause existed.  *See* 42 USCA § 1983, Notes of Decisions, Westlaw, *Lavassanit v. City of Canton*, 760 F.Supp.2d 1346 (2010 N.D.Ga.).  **Further evidence will prove that Collins unlawfully seized the money under the color of law, and the County did nothing about it.**

12. Further discovery will determine that the Sheriff and the County are not entitled to qualified immunity agains a claim of unreasonable seizure in violation of the Fourth Amendment, since it was not objectively reasonable for the Defendants to believe that as reasonable suspicion existed for the seizure.  A reasonably competent deputy and county official would not believe that it had reasonable suspicion to stop the vehicle.  *See* 42 USCA § 1983, Notes of Decisions, Westlaw, *Matthews v. City of New York*, 889 F.Supp.2d 418 (2012 E.D.N.Y).  Here we will discover that there was no reason for the stop and no reason for the seizure.  Moreover, further discovery will prove that there was no reason not to compensate Plaintiff for his loss.

    iii. Reasonable officers in the position of the Sheriff could not have believed that it was constitutional to abuse their authority in covering up for a fellow officer accused of a crime, in **retaliation** against the citizen Plaintiff for accusing such fellow officer of a crime. Thus the Sheriff and the County are not entitled to qualified immunity. *See* 42 USCA § 1983, Notes of Decisions, Westlaw, *Lawrence v. City of St. Paul*, 740 F.Supp 2d 1026 (2010). Law enforcement no entitled to qualified immunity for retaliation. *See* 42 USCA § 1983, Notes of Decisions, Westlaw, *Mata v. Anderson*, 685 F.Supp.2d 1223 (2010 D.N.M.).

1. Here further discovery will show that probable cause did not exist to justify the unlawful seizure under the color of law. In addition, further discovery will show that the Sheriff had many occasions to determine thatthere was no probable cause (in 2014, 2017, and 2018) to justify the seizure. A reasonable jury could determine that the refusal / failure to take action against Collins and/or to return the funds was in retaliation against Plaintiff for reporting a fellow deputy.

2. Further discovery will show that the Sheriff and the County had more than four years, but refused / failed to return the property, or to take any action. Again a reasonable jury could determine that the refusal / failure to return the funds was in retaliation against Plaintiff reporting a fellow deputy.

3. Further discovery will show that the decision not to prosecute Collins or the decision not to refund Plaintiff was motivated by a desire to retaliate against Plaintiff for reporting the incident. If so, then the Defendants are precluded from summary judgment for First Amendment retaliation. *See* 42 USCA § 1983, Notes of Decisions, Westlaw, *Mandell v. County of Suffolk,* 316 F.3d 368 1223 (2003 Second Circuit).

d. **FURTHER DISCOVERY WILL PROVE THAT LT. KIMURA'S AFFIDAVIT IS A SHAM**

   i. In the motion for summary judgement, Lt. Kimura attached two exhibits to his declaration. Both exhibits were purported mailings by Lt. Kimura to Plaintiff. These mailings are suspect for a variety of reasons: 1) The mailings were adddressed to Plaintiff directly and not to his attorney; 2) both mailings had

USPS certified labels attached to them; 3) there is no online record of such mailings within the USPS system.  Further discovery will prove that these mailings did not exist.  If so, then Plaintiff is entitled to strike Lt. Kimura's affidavit which appears to be a significant factor to the motion for summary judgment.

I declare the foregoing to be true and correct under the penalty of perjury.

EXECUTED on December 1, 2020, at Beverly Hills, California.

*Michael Devereux*
Michael Devereux