COLLINSON, DAEHNKE, INLOW & GRECO
Laura E. Inlow, Esq., State Bar No. 130584
Email: laura.inlow@cdiglaw.com
21515 Hawthorne Blvd., Suite 800
Torrance, CA 90503
Telephone: (424) 212-7777/Facsimile: (424) 212-7757

Attorneys for Defendant, COUNTY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| DANIEL NERSOYAN, | CASE NO. CV19-08109 SVW (MAAx) |
|---|---|
| Plaintiff, | DEFENDANT'S SUPPLEMENTAL OPPOSITION TO EX PARTE AND RESPONSE TO PLAINTIFF'S COUNSEL'S DECLARATION IN SUPPORT OF EX PARTE TO CONTINUE HEARING ON MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LAURA E. INLOW |
| v. | |
| COUNTY OF LOS ANGELES, a county corporation; COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, a public entity; SHERIFF JAMES MCDONNELL, in his official capacity and as an individual; DEPUTY KENNETH COLLINS, individually and in his official capacity as a Deputy, and DOES 1 through 10, inclusive | |
| Defendants. | Action Filed: September 18, 2019<br>Trial Date: January 12, 2021 |

TO THE HONORABLE COURT, PLAINTIFF AND HIS ATTORNEY OF RECORD:

Defendant COUNTY OF LOS ANGELES hereby submits this response to plaintiff's counsel's declaration in support of the ex parte application to continue the hearing on defendant's motion for summary judgment or, in the alternative, motion for partial summary judgment. (Document Nos. 49 and 53). As reflected

-1-
**DEFENDANT'S SUPPLEMENTAL OPPOSITION TO EX PARTE AND RESPONSE TO DECLARATION**

herein, there is no good cause, and the court should issue a ruling on defendant's motion.

## I. THE AFFIDAVIT OF COUNSEL PROVIDES NO GOOD CAUSE TO DELAY A RULING ON DEFENDANT'S MOTION

In his most recent declaration (Document No. 53), plaintiff's counsel makes specious arguments which are wholly irrelevant to the pending motion for summary judgment filed by the County. First, in his declaration, plaintiff's counsel argues that discovery may provide grounds as to why defendant Collins is not entitled to qualified immunity. Yet, Collins is not a party to the pending motion and there is no argument in the motion pertaining to Collins in any way. Nonetheless, even with this case filed over a year ago on September 18, 2019 and trial set for January 12, 2021, plaintiff has served no written discovery on Collins and has never noticed his deposition. (Inlow Decl., ¶ 2).

Second, counsel argues that additional discovery may establish why the County is not entitled to qualified immunity. This is nonsensical and not a defense or argument asserted in the pending motion.

Finally, counsel asserts that further discovery may establish that the declaration of Lt. Kimura is a sham relating to two letters mailed directly to plaintiff, not his attorney, by the Sheriff's department back in 2014 and 2015. This is also nonsense. First, the claim submitted by plaintiff in 2014 was submitted by plaintiff himself and not his attorney. (Document No. 46-10). Thus, the letter sent

by the Sheriff's Department on December 16, 2014 was sent to plaintiff's address as reflected on the claim. (Document 46-11). The second letter sent to plaintiff by the Sheriff's Department on January 27, 2015 (Document No. 46-15) was also sent to plaintiff's home address as reflected on his claim for damages.

More importantly, none of this refutes any of the arguments presented in defendant's pending motion. The motion argues 1) that the *Monell* claim is time-barred, 2) that even if not time-barred, the *Monell* claim fails as a matter of law and 3) that the state law claims fail as they are also time-barred, were not reflected in the claim for damages and plaintiff failed to file the instant lawsuit within six (6) months of the rejection of his claim for damages.

Moreover, plaintiff has ONLY requested to move the hearing date but has not sought leave to submit a tardy opposition. The motion for summary judgment is based on plaintiff's First Amended Complaint and plaintiff's deposition testimony. As such, none of the evidence will change if the hearing date is continued or if plaintiff is granted leave to conduct tardy discovery. Plaintiff's counsel has not sought any relief for leave to file a late Opposition, did not meet and confer with the defense to do so, and has shown no good cause to move the hearing. Therefore, the County's motion for summary judgment is unopposed and continuing the hearing will not change the evidentiary posture. As the declaration offered by counsel fails to meet the requirements outlined in *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006), defendant requests

-3-
DEFENDANT'S SUPPLEMENTAL OPPOSITION TO EX PARTE AND RESPONSE TO DECLARATION

that the court rule on the pending motion for summary judgment or, in the alternative, motion for partial summary judgment forthwith. Defendant will be prejudiced if a ruling on the motion is further delayed. It is now a mere five (5) weeks prior to trial and only thirty (30) days prior to the Final Pre-Trial Conference. Defendant is entitled to know the causes of action to which it must respond in its trial documents and at trial. (Inlow Decl., ¶ 3).

## II.  CONCLUSION

Plaintiff has not demonstrated irreparable harm or prejudice and there is no existing crisis to warrant granting the Ex Parte petition. The three declarations now submitted by plaintiff's counsel all fail to establish good cause for continuing the hearing and thereby a ruling on defendant's dispositive motion. Accordingly, the application to continue the hearing to January 4, 2021, the date of the Final Pre-Trial Conference, should be denied, and the court should issue a ruling on defendant's pending motion forthwith.

DATED:  December 2, 2020         COLLINSON, DAEHNKE, INLOW & GRECO

                                 By:
                                     /s/ *Laura E. Inlow*
                                     Laura E. Inlow, Esq.
                                     Attorneys for Defendant
                                     COUNTY OF LOS ANGELES

# DECLARATION OF LAURA E. INLOW

I, Laura E. Inlow, declare as follows:

1. I am a partner of Collinson, Daehnke, Inlow & Greco, counsel of record for Defendant County of Los Angeles herein. I make the following declaration based on my own personal knowledge. I could and would competently testify under oath to the facts stated herein.

2. Plaintiff has never served defendant Collins with any written discovery and has never noticed his deposition.

3. Plaintiff's counsel has never requested additional time to submit an opposition to the pending motion for summary judgment and has never requested a trial continuance. Defendant will be prejudiced if the motion is continued. Defendant is entitled to know the causes of action to which it must respond in its trial documents and at trial with sufficient time to prepare a meaningful defense.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 2nd day of December 2020 in Torrance, California.

*Laura E. Inlow*
Laura E. Inlow