Michael S. Devereux (State Bar No. 225240)
WEXFORD LAW
9171 WILSHIRE BOULEVARD, SUITE 500
BEVERLY HILLS, CALIFORNIA 90210
TELEPHONE: (424) 444-0883

Attorney for Plaintiff, Daniel Nersoyan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DANIEL NERSOYAN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a county corporation; COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, a public entity; SHERIFF JAMES MCDONNELL, in his official capacity and as an individual; DEPUTY KENNETH COLLINS, individually and in his official capacity as a Deputy, and DOES 1 through 10, inclusive<br><br>Defendants. | CASE NO. CV19-08109 SVW (MAAx)<br><br>Hon. Stephen V. Wilson<br><br>PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE AFFIDAVIT TO SUPPORT CONTINUE HEARING ON MOTION FOR SUMMARY JUDGEMENT; DECLARATION OF MICHAEL DEVEREUX<br><br>Trial Date: January 12, 2021 |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Plaintiff DANIEL NERSOYAN ("Mr. Nersoyan" or Plaintiff) hereby submits this reply to the Defendants' opposition to Plaintiff counsel's declaration in support of ex parte to continue the hearing on summary judgment.

## I. COVID-19 CONCERNS HAVE SIGNFICANTLY AFFECTED THIS MATTER TO THE DETRIMENT OF THE PLAINTFF

This matter is a great deal different due to Covid-19 concerns, in which no initial status conference took place (docket #44), there was no scheduling order, and a **jury** trial date was set with less than 120 days before trial and any chance for mediation was eliminated. Accordingly, a **jury** trial is now set for January 2021 during the peak of the Covid-19 crisis. More importantly, the shortened discovery process has prejudiced the Plaintiff who is now being railroaded by a premature motion for summary judgment. Plaintiff would prefer to continue the trial date for the reasons provided below and set a discovery schedule. Counsel expects that the Defendants would oppose because in Counsel's mind Defendants started discovery long before they were permitted, thus violating Fed. Rul. Civ. Pro. § 26.

## II. DEFENDANT'S CONTENTION THAT THEY WOULD BE PREJUDICED IF THE MOTION IS CONTINUED IS DUBIOUS AT BEST

Defendants are behaving as though a **jury trial** will proceed on January 12, 2021 during the peak of the Covid-19 pandemic. Such is highly unlikely based upon Counsels other cases in the Central District of California, a criminal jury trial is unlikely to begin before April 2021. The expectation is that civil jury trials will begin in May or June 2021.

1 Accordingly, the government defendants' contention that they would be
2 prejudiced by a continuance is without reason, unsound and absurd since it is
3 unlikely that any trial will occur in January 2021.

### III. COUNSEL'S AFFIDAVIT PROVIDES GOOD CAUSE AND MERITS A CONTINUANCE

The law clearly states that the purpose of Rule 56(d) in granting a continuance prevents the opposing party from being "railroaded" by a premature motion for summary judgment. *Celotex Corp. v. Catrett,* 477 US 317 (1986). The rule also provide a useful safety valve "against judges swinging the summary judgment axe too hastily." *Rivera-Torres v. Rey-Hernandez,* 502 F.3d. 7, 10 (1st Circ. 2007).

Here, the Plaintiff is being railroaded by the government's defendants by what Plaintiff considers a premature motion for summary judgment. This matter is a great deal different due to Covid-19 concerns, in which no initial status conference took place (docket #44), there was no scheduling order, and a jury trial date was set in with less than 120 days before trial.

Accordingly, Plaintiff will be harmed if summary judgement is granted because he would lose at least $158,000 of his hard earned money that was unlawfully taken from him under the color of law by a felonious deputy in which the County of Los Angeles and the Los Angeles Sheriff's Department (collectively

the "Defendants") did little to nothing to assist the Plaintiff.  Labeling the deputy a felon is not an opinion but a fact based upon his conviction for felonious conduct.

## IV.    HISTORY OF THE CASE

This is a matter that was filed on September 18, 2019.  Docket #1.  On November 29, 2019, Defendants moved to dismiss the matter.  Docket #18.  From December 13, 2019 through December 24, 2019, Plaintiff's counsel was hospitalized with severe head/brain injuries after being attacked in Century City.  At one point during the hospitalization, Plaintiff's counse was close to death and had to be rushed from the hospital to Cedars Sinai who was able to stabilize Plaintiff's counsel. On December 23, 2019, Defendants substituted in new counsel.   On December 30, 2019, Plaintiff's counsel asked for a continuance due to health reasons.  Docket #23.  That request was denied and the Court granted a dismissal for the Defendants on the very same day.  Docket #27.

On January 24, 2021, Plaintiff filed a First Amended Complaint.  Docket #28.  Defendants filed their motion to dismiss on February 13, 2020.  Docket #30.  Because of Plaintiff counsel's aortic heart valve replacement surgery scheduled for March 16, the parties stipulated to a continuing the hearing from March 16, 2020 to April 20, 2020.  Docket #35.   The Court vacated that hearing on April 14, 2020 and took it off calendar.  Docket #37.

On July 7, 2020, the Court ruled on the motion to dismiss granting in part and denying in part.  Docket #38.  The Court then ordered the initial status conference

to September 21, 2020.  Docket #40.  On September 17, 2020, the Court then vacated the initial status conference and ordered a trial date for January 12, 2021 and a pretrial status conference set for January 4, 2021.  Docket #44.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court continue the hearing on the Defendant's Motion for Summary Judgment to January 4, 2021 or later.  Plaintiff would be prejudiced by a denial to the continuance because Plaintiff, a jeweler by trade, is set to lose $158,000 that was unlawfully stolen from him under the color of law by a renegade deputy. That renegade deputy received more consideration from the Los Angeles Sheriff Department, than the victim in his matter, the Plaintiff. Moreover, the Plaintiff is also requesting that this Court strongly consider moving the jury trial date until the Spring of 2021 due to Plaintiff's health reasons and set a discovery schedule.

Dated:  December 2, 2020                    WEXFORD LAW,


*Michael S. Devereux*
                    Michael S. Devereux
                    Attorney for Plaintiff
                    DANIEL NERSOYAN

DECLARATION OF COUNSEL

1. I am duly admitted to practice before all courts in the State of California, and before the following federal courts: the Central District of California, the Eastern District of California, the Southern District of California, the Northern District of California, along with the Ninth Circuit Court of Appeals. I am the attorney of record in this matter. If called upon as a witness I could and would competently testify to the contents hereof.

2. I believe that my previous affidavit outlined good cause to continue the motion for summary judgment.

3. I am informed and believe that Defendants violated Rule 26 by beginning discovery in July 2019, thus providing them a greater advantage. Accordngly, Defendants are exploiting that advantage by railroading the Plaintiff with what the Plaintiff considers a premature motion for summary judgment.

4. I am informed and believe that a jury trial is highly unlikely to occur before the Spring of 2021, thus the Defendants' contention that they would be prejudiced is dubious at best.

5. I am informed and believe that Plaintiff would be prejudiced if the continuance is not granted since Plaintiff has lost at least $158,000 through an unlawful seizure by a deputy under the color of law.

6. Based upon the deputy's plea agreement I am informed and believe that that "[o]n or about May 28, 2014, while driving his LASD patrol car, wearing

his LASD uniform, and possessing a firearm, defendant COLLINS conducted an unlawful traffic stop of a vehicle and illegally seized approximately $160,000 in cash from the vehicle. Defendant COLLINS was aware, in advance of the traffic stop, that there would be a large sum of cash in the vehicle and conducted the traffic stop for the purpose of illegally seizing the cash. There was no reason to stop the car, there was no probable cause to seize the money.  (In fact, the Sheriff was not assigned to the area in which the stop took place.  It was later discovered that the area was patroled by the LAPD.)  In violation of LASD policy, defendant COLLINS failed to report to LASD that he had conducted the traffic stop or seized any cash that day."

7. I am also informed that the County of Los Angeles and the Los Angeles Sheriff Department refused and failed to take any action against the deputy.

8. I am informed and believe that embezzling such funds has no statute of limitations so there was no reason to not to prosecute deputy Collins.

9. I am informed and believe that by the County of Los Angeles and the Los Angeles Sheriff Department refusal and failure to do their job in a reasonable fashion resulted in the deprivation of Plaintiff's rights.

10. I am informed and believe that the Defendants retaliated against the Plaintiff for reporting a fellow officer, who apparently was protected by *ruling class privilege*.  *Ruling class privilege*, often referred by politicians by the misnomer

"white privilege" has nothing to do with race or the power elite but simply refers to the small class of people with local political power, typically found at the state and county levels. Those in the ruling class, such as Defendant Deputy Collins, are generally absolved of any wrongful conduct due to the fact that the ruling class police themselves. (The federal level is built upon checks and balances, a system that hinders the type of privilege found at the local level.) Deputy Collins unlawful conduct was noticed and prosecuted not by the ruling class, but through the Federal Bureau of Investigation. The County was notifed of the conduct but refused and failed to prosecute. Without intervention at the federal level, Deputy Collins would still be on the street today as a rogue deputy and his unlawful conduct would be protected by the County as it was in this case.

11. Plaintiff's health issues make him an at risk person. Plaintiff suffers from diabetes, multiple sclerosis, and other conditions. Thus it would be desirable to **continue the jury trial date** along with **setting a discovery schedule**.

12. Counsel was apparently mistaken of when discovery could begin, therefore believing that discovery could not begin before the initial status conference.

13. Thus counsel was waiting for the schedule to be determined (at the initial status conference) before propounding discovery.

14. Within days of receiving notice that the initial status conference was vacated, counsel did propound discovery.

*Reply to Government's Opposition*

15. Currently, Counsel has depositions set for December 15, 2020, December 17, 2020 and December 21, 2020. Counsel tried to set these depositions in November, but conflicts kept such from happening.

16. Counsel does intend to propound discovery to Defendant Collins but first was waiting to complete the depositions.

17. Plaintiff counsel's health issues appear to be resolved. Plaintiff counsel was recently informed that he first suffered a stroke before the filing of the September 2019 complaint. Counsel had no noticeable deficiencies other than fatigue and not sleeping through the night.

   a. Counsel first realized that he suffered a stroke in October 2019, when he had a heart attack and a stroke while golfing. Counsel was informed in October 2019, that he had a birth defect, that his aorta valve was bicuspid. Counsel was informed that he had six months to live if he didn't have surgery to replace the aorta valve. Counsel was too weak in October for surgery so surgery was planned for January 2020.

   b. Throughout November 2019, Counsel suffered another setback of heart attacks and strokes.

   c. On December 13, 2019, Counsel was attacked in Century City. Doctors believe that the stress from the attack led to the brain seizure.

d. Despite having a flu shot, Counsel had the flu throughout January and into February. Therefore Counsel was too weak for heart surgery.

e. Counsel had the aortic valve replaced in March. It took months to recuperate.

f. Counsel had additional heart surgery in June.

18. Plaintiff is respectfully requesting that this Court continue the trial date and the date for the motion for summary judgment, along with a discovery schedule.

I declare the foregoing to be true and correct under the penalty of perjury. EXECUTED on December 2, 2020, at Beverly Hills, California.

*Michael Devereux*
Michael Devereux