Michael S. Devereux  (State Bar No. 225240)
WEXFORD LAW
9171 WILSHIRE BOULEVARD, SUITE 500
BEVERLY HILLS, CALIFORNIA  90210
TELEPHONE: (424) 444-0883

Attorney for Plaintiff, Daniel Nersoyan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DANIEL NERSOYAN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a county corporation; COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, a public entity; SHERIFF JAMES MCDONNELL, in his official capacity and as an individual; DEPUTY KENNETH COLLINS, individually and in his official capacity as a Deputy, and DOES 1 through 10, inclusive<br><br>Defendants. | CASE NO. CV19-08109 SVW (MAAx)<br><br>Hon. Stephen V. Wilson<br><br>PLAINTIFF'S *EX PARTE* APPLICATION TO CONTINUE OPPOSITION BRIEF DEADLINE ON MOTION FOR SUMMARY JUDGMENT; DECLARATION OF MICHAEL DEVEREUX; [PROPOSED] ORDER<br><br>Trial Date: TBD |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE THAT** Plaintiff Daniel Nersoyan ("Mr.

Nersoyan" or Plaintiff) will seek an *ex parte* order continuing the deadline for the

WEXFORD LAW

opposition brief on Defendant's Motion for Summary Judgment currently scheduled for March 4, 2021 to March 15, 2021.

Pursuant to Local Rule 7-19, and Judge Wilson's courtroom rules counsel for Mr. Nersoyan met and conferred with counsel for Defendant's regarding this Application and the requested relief.  *See* Declaration of Michael Devereux, ¶ 2 Declaration tab and Exhibit A, email from defense counsel dated November 5, 2020.  The contact information for Defendant's counsel is:

Laura E. Inlow
Collinson, Daehnke, Inlow & Greco
21515 Hawthorne Blvd. Suite 800
Torrance, CA 90503
(424) 212-7777 (phone)
(424) 212-7799 (direct)
(424) 212-7757 (fax)
laura.inlow@cdiglaw.com

This application is based upon:

1.  As set forth in the Declaration of Michael Devereux filed herewith, Defendant violated *Federal Rules of Civil Procedure Rule* 26 by propounding discovery in July long before the meet and confer for Initial Status Conference that was scheduled for September 21, 2020.

2.  Plaintiff strictly followed the *Federal Rules of Civil Procedure*, thus not violating Rule 26, so Plaintiff is behind the Defendants on discovery.

*Ex parte* to Continue MSJ

3.  Plaintiff had propounded discovery on Defendants beginning on October 12, 2020 and Defendants have not answered to date.

4.  Plaintiff began coordinating depositions with defendants in the last week of October, but defense counsel was not available until after the election.  By November 9, 2020 both parties agreed  to complete all depositions by November 20, 2020.

5.  Plaintiff did not send notice so on November 12, 2020, Plaintiff discovered that defense counsel had unilaterally called off the depositions *without a meet and confer*.  Then depositions are scheduled to start no sooner than December 14, 2020.

6.  Plaintiff has been waiting patiently to depose Lt. Kimura, a key witness to the Defendant's motion for summary judgment.  My understanding is that Lt. Kimura had family health issues, subsequently cancelling the depositions noticed for: November 20, 2021; December 18, 2021; December 21, 2021; and January 27, 2021. The dates were not unilaterally derived, Plaintiff's counsel was very much in contact with Defendant counsel and these were the dates both parties agreed upon before a notice was served.

7.  As of noon on Saturday, February 27, 2021, the Plaintiff is waiting on a rough draft of the deposition transcript from the February 17, 2021 deposition of Lt. Kimura.

3

WEXFORD LAW

8. On Saturday, February 27, 2021, Counsel had underwent a nuclear image exam of his heart, that was scheduled the prior week but was canceled by Cedars-Sinai because of equipment issues.

This application is based upon this Notice, the below Memorandum in support of the application, the concurrently-filed Declaration of Michael Devereux and all exhibits attached thereto, all of the papers and pleadings on file in this action, and upon such other and further evidence as the Court may consider at the hearing of the application.

Dated:  February 27, 2021                    WEXFORD LAW,


                                        *Michael S. Devereux*
                                        Michael S. Devereux
                                        Attorney for Plaintiff
                                        DANIEL NERSOYAN

*Ex parte* to Continue MSJ

## **MEET AND CONFER COMPLIANCE**

The parties met and conferred regarding the instant motion on February 25, 2021, but were unable to reach an agreement, thus necessitating the instant *ex parte*.

Dated:  February 27, 2021                    WEXFORD LAW,


 *Michael S. Devereux*

Michael S. Devereux
Attorney for Plaintiff
DANIEL NERSOYAN

**WEXFORD LAW**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Introduction

This *ex parte* Application has become necessary based upon defendants refusing to stipulate to Plaintiff's reasonable request for a short continuance for the opposition brief deadline on the motion for summary judgment.  Defendants will not be prejudiced by a continuance.

## II.     Relevant Factual and Procedural Background

This is a matter of an on-duty deputy improperly, inappropriately and illegally seizing $160,000 under the color of law and not reporting it.  When it was reported by the victim to the Los Angeles Sheriff's Department (LASD), Mr. Nersoyan, was met with much resistance.  The LASD's literally conducted a two minute investigation with a phone call to the deputy almost nine-months after the fact.  (In fact, the FBI cared more than the LASD.) The LASD led Mr. Nersoyan to believe that it was not a member of the LASD that took his money.  It wasn't until Mr. Nersoyan was informed by the FBI in 2018, that it was indeed a deputy that took the $160,000.  To date, despite by state law that there is no statute of limitations on the deputy's conduct, the LASD and the County of Los Angeles, has refused to do nothing about this case, other than oppose it in front of this Court.

Prior to the filing of this case, the County had done nothing.  Since this case has been filed, the County has jumped the gun on discovery and when Plaintiff has requested discovery the County has stalled.  Now the County has resorted to

6

throwing a Hail Mary to this Court.  However, outside the courtroom the County refuses to do the right thing.

### III.   <u>Argument</u>

It is well-establish that this Court possesses inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In exercising such discretion, the court "must weigh competing interests and maintain an even balance." *Id*. The Court should exercise its inherent power to control its docket here by granting the requested extension so that both motions for summary judgment may be argued and considered by the Court at the same hearing.

Fed. R. Civ. P. 56 states:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> >
> > (2) allow time to obtain affidavits or declarations or to take discovery; or
> >
> > (3) issue any other appropriate order.

As shown above, granting an extension is necessary for multiple reasons:

*First*, the defendants have filed a motion for summary judgement for the *Monell claims* supported by inaccurate and misleading statements at the very least by Lt. Kimura in his declaration.  There are known knowns of two misleading and inaccurate statements submitted by the Defendants.  We are waiting on a rough copy of the deposition from Lt. Kimura.  We prefer to have a complete deposition, but hoping that we can work from the rough copy.

WEXFORD LAW

7

*Second,* Defendant's counsel unreasonably refuses to stipulate to a continuance despite the fact that they realize we have been waiting on them since late October.

*Third,* Defendants will suffer no harm or prejudice by the continuance of the hearing on the motion for summary judgment for a few weeks.

Based upon the aforementioned, there is ample support for this Court to continue the deadline for the opposition brief for the on the Defendant's Motion for Summary Judgment now set for March 4, 2021.

### IV.   Conclusion

For the foregoing reasons, Mr. Nersoyan respectfully requests that the

Court continue the deadline for the opposition brief for the on the

Defendant's Motion for Summary Judgment now set for March 15, 2021.

Dated:  February 27, 2021                    WEXFORD LAW,


*Michael S. Devereux*

Michael S. Devereux
Attorney for Plaintiff
DANIEL NERSOYAN

8

DECLARATION OF COUNSEL

1.     I am duly admitted to practice before all courts in the State of California, and before the following federal courts: the Central District of California, the Eastern District of California, the Southern District of California, the Northern District of California, along with the Ninth Circuit Court of Appeals. I am the attorney of record in this matter.  If called upon as a witness I could and would competently testify to the contents hereof.

2.     Plaintiff's provision of notice to Defendants regarding the present application and its basis, pursuant to Local Rule 7-19, Judge Wilson's local courtroom rules and Defendant's unwillingness to stipulate to a continuance.

3.     As of noon, on Saturday, February 27, 2021 I am still waiting on a rough draft of the transcript for the deposition of Lt. Kimura.

4.     I have been working with Defendants since late October in scheduling Lt. Kimura's deposition, including on agreeing and providing notice for the following dates: 1) November 20, 2021 (canceled by Defendant); 2) December 18, 2021 (canceled by Defendant); 3) December 21, 2021 (canceled by Defendant); and 4) January 27, 2021 (canceled by Defendant).

5.     The deposition did occur on February 17, 2021.   As of noon, on Saturday, February 27, 2021, I have not received a rough draft of the transcript despite requesting it days earlier.

WEXFORD LAW

9

*Ex parte* to Continue MSJ

6.     On Saturday, February 27, 2021, Counsel did undergo nuclear imaging

of the heart at Cedars-Sinai.

I declare the foregoing to be true and correct under the penalty of perjury.

EXECUTED on February 27, 2021, at Beverly Hills, California.

*Michael Devereux*

Michael Devereux

*Ex parte* to Continue MSJ

WEXFORD LAW