COLLINSON, DAEHNKE, INLOW & GRECO
Laura E. Inlow, Esq., State Bar No. 130584
Email: laura.inlow@cdiglaw.com
21515 Hawthorne Blvd., Suite 800
Torrance, CA 90503
Telephone: (424) 212-7777/Facsimile: (424) 212-7757

Attorneys for Defendant, COUNTY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DANIEL NERSOYAN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a county corporation; COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, a public entity; SHERIFF JAMES MCDONNELL, in his official capacity and as an individual; DEPUTY KENNETH COLLINS, individually and in his official capacity as a Deputy, and DOES 1 through 10, inclusive<br><br>Defendants. | CASE NO. CV19-08109 SVW (MAAx)<br><br>DEFENDANT'S OPPOSITION TO EX PARTE TO EXTEND TIME FOR PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; DECLARATION OF LAURA E. INLOW<br><br><br>Action Filed: September 18, 2019<br>Trial Date: vacated |

TO THE HONORABLE COURT, PLAINTIFF AND HIS ATTORNEY OF RECORD:

Defendant COUNTY OF LOS ANGELES hereby submits this opposition to plaintiff's ex parte application to further extend the time for plaintiff's opposition to defendant's motion for summary judgment or, in the alternative, motion for partial summary judgment. (Document No. 60). As reflected herein, plaintiff's

motion is replete with misrepresentations, establishes no good cause, and thus the ex parte should be denied.

## I.   THE STANDARD FOR EX PARTE RELIEF IS NOT MET

An *ex parte* application is only appropriate where there is some genuine urgency such that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition. *Intermagnetics America, Inc. v. China Internat'l* (C.D. CA 1989) 101 B.R. 191. An *ex parte* proceeding is only appropriate where there is danger that notice to an opposing party will result in that parties' flight or destruction of evidence. *Franks v. Delaware* (1978) 438 U.S. 154; *In re Intermagnetics America, Inc. v. China Internat'l* (C.D. CA 1989) 101 B.R. 191; *Mission Power Engr. Co. v. Continental Cas. Co.* (C.D. Cal. 1995) 883 F. Supp. 488. None of these criteria are met here.

## II.   THE PROCEDURAL HISTORY OF THIS CASE ESTABLISHES PLAINTIFF'S CONSTANT DISREGARD FOR DEADLINES AND THE EX PARTE CONTAINS GRAVE MISREPRESENTATIONS

This case has been pending since September 18, 2019. (Document No. 1). Defendant filed its motion to dismiss on November 29, 2019. (Document No. 18). Plaintiff failed to file a timely opposition and the motion to dismiss was granted on December 30, 2019. (Document No. 27). Plaintiff was granted 21 days leave to file a First Amended Complaint (FAC). Plaintiff filed a tardy FAC on January 24, 2020. (Document No. 28). Defendant filed a second Motion to Dismiss the First

Amended Complaint (FAC). (Document No. 30). Plaintiff's Opposition was once again tardy. (Document No. 33). Based on a representation of plaintiff's counsel that he was ill, defendant stipulated to continue the hearing on the motion for dismiss for a month. (Document No. 35). The motion was granted in part and denied in part and defendant answered the FAC on July 17, 2020. (Document Nos. 38 and 39).

In its Scheduling Order of September 17, 2020, the court set the Pre-Trial Conference for January 4, 2021 and Trial for January 12, 2021. (Document No. 45). As no date were given in the Scheduling Order for expert disclosures, per the FRCP, the disclosure date was October 12, 202. Defendant made a timely initial disclosure of expert witnesses, but plaintiff did not. (Inlow Decl., ¶ 2). The date for rebuttal disclosures was on November 12, 2020 and plaintiff served no rebuttal disclosure. (Inlow Decl., ¶ 3). Defendant made its initial disclosure of documents and witnesses on October 7, 2020 but plaintiff has never made an initial disclosure as required by FRCP 26(a). (Inlow Decl., ¶ 4).

Even with trial set for January of 2021, Plaintiff did not serve any written discovery until October 12, 2020 when a request for production was served. Despite the patently false assertion in the ex parte, Defendant served a timely response to the request for production on November 13, 2020. (Inlow Decl., ¶ 5).

After deposing plaintiff on October 15, 2020 and meet and confer attempts, defendant filed the pending motion for summary judgment or, in the alternative,

-3-
**DEFENDANT'S OPPOSITION TO EX PARTE**

motion for partial summary judgment on October 26, 2020. The hearing date was November 30, 2020, just six weeks prior to trial. (Document No. 46). Plaintiff's opposition was due on November 9, 2020 but no opposition was ever filed. Defendant filed a notice of no opposition on November 12, 2020. (Document No. 48).

On November 2, 2020, after defendant filed the dispositive motion, plaintiff's counsel sent an email requesting for the first time to set the depositions of three County employees. No request was made for production of documents in this email. (Inlow Decl., ¶ 6). Defense counsel offered dates for all three depositions for the week of November 16, 2020 as requested by plaintiff's counsel. (Inlow Decl., ¶ 7). However, as of noon on Thursday, November 12, 2020, plaintiff's counsel had never confirmed the offered deposition times by phone, by email or with any deposition notices. Defense counsel had also not been provided with any remote deposition information. As such, defense counsel assumed the depositions were off calendar and so advised the three deponents. (Inlow Decl., ¶ 8). At 2:49 p.m. on Thursday, November 12, 2020, plaintiff's counsel sent an email with notices for the three depositions beginning on Tuesday, November 17, 2020. The deposition notices also requested the production of documents by the deponents. (Inlow Decl., ¶ 9). When defense counsel objected to the deficient notices, plaintiff's counsel requested that the depositions be taken the week of December 14, 2020, less than a month before trial. (Inlow Decl., ¶ 10).

On December 3, 2020, in response to plaintiff's prior ex parte application seeking additional time to oppose the motion for summary judgment, the Court vacated the trial date and granted plaintiff an additional sixty (60) days to complete discovery. (Document No. 53). By that Order, plaintiff's opposition to the motion was due fifteen (15) days after the conclusion of discovery. (Document No. 53).

On December 22, 2020, the County served verified responses to the Request for Production which accompanied the deposition notice for Lt. Kimura. (Inlow Decl., ¶ 11). Plaintiff has had all documents pertaining to Lt. Kimura as well as his declaration since October 26, 2020. (Inlow Decl., ¶ 11). When Lt. Kimura had a family emergency in January of 2021 and could not attend his deposition set for January 27, 20201, defense counsel stipulated to a continuance. (Documents No. 57 and 58).

Plaintiff deposed Lt. Kimura on February 17, 2021, a date within the stipulation agreed to by the parties and ordered by the Court. (Document No. 59). Plaintiff's opposition to the motion for summary judgment motion is due on March 4, 2021, which is fifteen (15) days after the deposition was taken. Plaintiff has apparently made no effort to obtain a rough copy or expediated copy of the transcript. Inlow Decl., ¶ 12). The motion has now been pending for over four (4) months and there is no reason plaintiff's opposition cannot be filed by March 4, 2021.

### III. NO GOOD CAUSE EXISTS FOR THE REQUESTED RELIEF

Plaintiff's ex parte fails to establish good cause to further extend the time for plaintiff to oppose the pending motion. In addition to the procedural outlined above, the ex parte establishes no valid no medical reason offered for the failure to submit a timely opposition to the pending motion.

### IV. CONCLUSION

In conclusion, Plaintiff has not demonstrated irreparable harm or prejudice, and there is no existing crisis to warrant granting the Ex Parte petition. Once again, this is a situation exclusively of Plaintiff's own making which does not meet the requirement of "genuine urgency" necessary for *ex parte* relief. Accordingly, this application should be denied.

DATED: March 1, 2021     COLLINSON, DAEHNKE, INLOW & GRECO

By: /s/ *Laura E. Inlow*
Laura E. Inlow, Esq.
Attorneys for Defendant
COUNTY OF LOS ANGELES

**DEFENDANT'S OPPOSITION TO EX PARTE**

# DECLARATION OF LAURA E. INLOW

I, Laura E. Inlow, declare as follows:

1. I am a partner of Collinson, Daehnke, Inlow & Greco, counsel of record for Defendant County of Los Angeles herein. I make the following declaration based on my own personal knowledge. I could and would competently testify under oath to the facts stated herein.

2. Defendant made a timely initial disclosure of expert witnesses, but plaintiff has not made any expert disclosures.

3. The date for rebuttal disclosures was on November 12, 2020 and plaintiff has served no rebuttal disclosure.

4. Defendant made its initial disclosure of documents and witnesses on October 7, 2020 but plaintiff has never made an initial disclosure as required by FRCP 26(a).

5. Plaintiff did not serve any written discovery until October 12, 2020 when a request for production was served. Defendant served a timely response to the request for production by mail on November 13, 2020.

6. On November 2, 2020, plaintiff's counsel sent an email requesting for the first time to set the depositions of three County employees. No request was made for the production of documents in this email.

7. Through various emails, I offered dates for all three depositions for the week of November 16, 2020 as requested by plaintiff's counsel. Specifically, the depositions were offered for November 17, 18 and 20 of 2020.

8. However, as of noon on Thursday, November 12, 2020, plaintiff's counsel had never confirmed the offered deposition times by phone, by email or with any deposition notices. I had also not been provided with any remote deposition information. As such, I assumed the depositions were off calendar and so advised the three deponents.

9. At 2:49 p.m. on Thursday, November 12, 2020, plaintiff's counsel sent an email with notices for the three depositions beginning on Tuesday, November 17, 2020. The deposition notices also requested the production of documents by the deponents. I sent an email to plaintiff's counsel objecting to the late notices and the deficient amount of time for a production request.

10. When I objected to the deficient notices, plaintiff's counsel requested that the depositions be taken the week of December 14, 2020, less than a month before trial.

11. On December 22, 2020, the County served verified responses to the Request for Production which accompanied the deposition notice for Lt. Kimura. Plaintiff has had all documents pertaining to Lt. Kimura as well as his declaration since October 26, 2020. When Lt. Kimura had a family emergency in January of

-8-
**DEFENDANT'S OPPOSITION TO EX PARTE**

2021 and could not attend his deposition set for January 27, 20201, defense counsel stipulated to a continuance. (Documents No. 57 and 58).

12. Plaintiff deposed Lt. Kimura on February 17, 2020. The ex parte makes no mention of any efforts by plaintiff's counsel to obtain a rough copy or an expediated copy of the deposition transcript.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 1st day of March 2021 in Torrance, California.

*Laura E. Inlow*
Laura E. Inlow