COLLINSON, DAEHNKE, INLOW & GRECO
Laura E. Inlow, Esq., State Bar No. 130584
Email: laura.inlow@cdiglaw.com
21515 Hawthorne Blvd., Suite 800
Torrance, CA  90503
Telephone: (424) 212-7777
Facsimile: (424) 212-7757

Attorneys for Defendant, COUNTY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DANIEL NERSOYAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a county corporation; COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, a public entity; SHERIFF JAMES MCDONNELL, in his official capacity and as an individual; DEPUTY KENNETH COLLINS, individually and in his official capacity as a Deputy, and DOES 1 through 10, inclusive<br><br>　　　　　Defendants. | CASE NO. CV19-08109 SVW (MAAx)<br><br>**DEFENDANT COUNTY OF LOS ANGELES' REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT; DECLARATION OF LAURA E. INLOW**<br><br>Hearing Date:   vacated<br><br>Action Filed: September 18, 2019<br>Trial Date:  vacated |

TO THE HONORABLE COURT, PLAINTIFF AND HIS ATTORNEY OF RECORD:

　　　Defendant the COUNTY OF LOS ANGELES hereby submits the following reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment or, in the alternative, Motion for Partial Summary Judgment.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's opposition takes the classic approach of trying to muddy the waters with irrelevant information and baseless assertions disguised as "facts." However, plaintiff's opposition contains no references to supporting evidence whatsoever and plaintiff has offered no new facts in his response to the separate statement. Plaintiff also failed to oppose the motion as to any of the state claims. As such, plaintiff offers no material facts sufficient to defeat the instant motion.

## II. DISCOVERY SINCE MOTION WAS FILED CONFIRMS PLAINTIFF HAD NOTICE OF HIS ALLEGED INJURY IN 2014 AND FAILED TO COOPERATE WITH THE LASD INVESTIGATION

The instant motion was filed on October 26, 2020. Thereafter, plaintiff's counsel petitioned the court to be able to conduct tardy discovery to help oppose the motion. While conveniently ignored by plaintiff in his opposition, plaintiff did elicit some significant pertinent new facts since defendant filed the instant motion.

First, when plaintiff finally deposed Lt. Kimura on February 17, 2021, Lt. Kimura testified that the reason he did not complete his investigation into Nersoyan's 2014 Government Tort Claim allegation of theft by a Sheriff's deputy was because he was told to cease all activity on the investigation as the matter was being transferred to the FBI. (Inlow Decl., ¶ 2; Exhibit M, 63:13-64:5). This makes sense as it was plaintiff's own testimony that instead of cooperating with the

LASD, he made a complaint to the FBI and cooperated with their investigation. (Exhibit A; 110:24-111:22, 115:21-116:4, 120:6-15, 124:22-125:20). Lt. Kimura also confirmed that neither plaintiff nor his attorney would cooperate with his investigation and they never provided him with the videotape which allegedly depicted the incident. (Inlow Decl., ¶ 2; Exhibit M, 51:2-15).

Second, plaintiff deposed Kenneth Collins on January 28, 2021, and Collins denied conducting a sham traffic stop on plaintiff's courier and denied stealing any money on May 28, 2014. (Inlow Decl., ¶ 3; Exhibit N, 19:2-17, 22:12-23:20, 25:4-26:1).

Third, plaintiff's attorney in 2014 and 2015, Nareg Gourjian, testified that he had been retained by Nersoyan in 2014 to investigate the alleged theft, Nersoyan believed the theft had been committed by a Sheriff's deputy, they had obtained the video which they gave only to the FBI, and with Gourjian's help, they were working only with the FBI. (Inlow Decl., ¶ 4; Exhibit O, 6:5-7:3, 10:20-11:9, 16:18-23). Gourjian also helped plaintiff draft his 2014 Government Tort Claim and had a copy of the County's 2015 Claim Denial letter in his file. (Inlow Decl., ¶ 4; Exhibit O, 9:18-10:5, 12:10-16).

Finally, plaintiff deposed Lt. Kopperud on December 16, 2020. The deposition lasted 45 minutes and plaintiff's counsel asked only general questions about LASD policy pertaining to the retention and discipline of deputy personnel. Lt. Kopperud confirmed the LASD has extensive written policies regarding

investigations and discipline for complaints of employee misconduct. (Inlow Decl., ¶ 5; Exhibit P, 8:25-9:11, 10:1-19, 11:4-15, 12:18-13:12, 27:5-15. 28:22-29:16). In addition, the prior complaints against Collins were investigated. (Inlow Decl., ¶ 5; Exhibit P, 25:6-24).

Thus, all the discovery conducted by plaintiff after defendant filed the instant motion strengthens defendant's claims herein. It is undisputed and crystal clear that as of the time he filed his Government Tort Claim in 2014, plaintiff believed he had been robbed by a Sheriff's deputy. He was so convinced of this that he retained an attorney, contacted the FBI, and submitted a Government Tort Claim to the County. However, when the Claim was denied in January of 2015, plaintiff merely sat on his rights and allowed the applicable statutes of limitation to expire.

### III. PLAINTIFF'S CLAIMS ARE TIME BARRED

Plaintiff's ambiguous opposition appears to argue that his tardy 2019 complaint is salvaged by the delayed discovery rule. Specifically, plaintiff appears to assert that he was not on notice of his injury until he was informed by the FBI in 2018 that it was Collins who had stolen his money. (Opp. p. 14). This argument fails as a matter of law.

Because 42 U.S.C. § 1983 does not contain its own statute of limitations, "[a]ctions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions." *Knox v. Davis*, 260 F.3d 1009, 1012–13 (9th Cir. 2001), citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In

California, the statute of limitations for personal injury actions is two years. Thus, the statute of limitations for federal 1983 claims is two years. *Mills v. City of Covina,* 921 F.3d 1161, 1166 (9th Cir. 2019); *Canatella v. Van De Kamp,* 486 F.3d 1128, 1132 (9th Cir. 2007). "Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." *Knox*, 260 F.3d at 1013, quoting *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153–54 (9th Cir. 2000). Under federal law, the "discovery rule" typically governs the accrual of § 1983 claims so that "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.*, quoting *TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999). See also, *Bird v. State of Hawaii*, 935 F.3d 738, 743 (9th Cir. 2019).

The statutes of limitations are not tolled by California's "Delayed Discovery Rule" because Nersoyan had notice of the facts constituting his claims when they accrued in 2014. See, *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110 (1988). Moreover, this court need not "accept as true" his allegation that he did not "discover" his injury until 2018, because it is a legally "conclusory statement" (as opposed to a genuinely factual allegation). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The fundamental purpose of statutes of limitations is to protect defendants from having to defend stale claims such as this. *Jolly,* at 1112.

Here, it is undisputed that Nersoyan knew or had reason to know the County of Los Angeles caused his alleged injury in 2014 and certainly no later

than January of 2015. Plaintiff admits that he knew about the May 28, 2014 incident immediately and believed the theft had been committed by a deputy sheriff. (UMF 14). By May 29, 2014, plaintiff had videotape of the alleged theft which he asserts shows a LASD patrol car. (UMF 21). In June of 2014, plaintiff advised the FBI about the alleged theft and submitted the videotapes to the FBI. (UMF 23).

On November 18, 2014, Nersoyan submitted his Government Tort Claim to the County. (UMF 28). He makes a disingenuous claim that he never received the Claim Denial Letter of January 15, 2015, although he confirms it was addressed to his proper home address. However, the letter was in the file of his attorney, so the only logical inference is that plaintiff provided the Denial Letter to his counsel. Despite the claim being denied on January 15, 2015 and plaintiff being represented by counsel specially to investigate the alleged theft, this suit was not filed until almost five (5) years later on September 18, 2019. (Doc. No. 1).

Thus, instead of pursuing his rights, plaintiff abandoned them until 2019. Therefore, all federal §1983 and state causes of action must be dismissed with prejudice for failure to comply with the applicable statute of limitations.

## IV.  EVEN IF NOT TIME-BARRED, THE MONELL CLAIMS FAIL

Plaintiff has not offered any evidence whatsoever to support his *Monell* claim. There are no declarations and no documents which establish any of the elements of a viable *Monell* claim. There is no evidence that Collins acted under color of law

and no evidence that Collins, assuming arguendo he conducted the theft, acted pursuant to an expressly adopted official policy or long-standing custom of the County to allow or turn a blind eye to employee theft.

Here, the undisputed facts are that the County had clear policies and procedures pertaining to the investigation and discipline of deputy personnel. Moreover, those policies were followed regarding all known claims against Collins. Specifically, in contrast to plaintiff's claims to the contrary, the Nersoyan claim was investigated by the LASD but the investigation was thwarted by Nersoyan's own failure to cooperate and the FBI taking over the investigation.

Finally, *Monell* liability only attaches for conduct that is "under color of law." Here, the alleged theft by Collins was clearly outside the course and scope of his employment such as to fail the "under color of law" requirement. See, *Griffin v Maryland,* 378 U.S. 130, 135 (1964); *Johnson v. Knowles*, 113 F.3d 1114, 117 (9th Cir. 1997); *Huffman v. County of Los Angeles,* 147 F.3d 1054, 1058 (9th Cir. 1998); and *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996). Plaintiff offers no admissible evidence to the contrary. As such, there is no nexus between Collins' duties for the County and his alleged wrongful acts in furtherance of an illegal personal pursuit. For all these reasons herein, the *Monell* cause of action should be dismissed.

## V. THE STATE LAW CLAIMS ALSO FAIL AS A MATTER OF LAW AND SHOULD BE DISMISSED BY THIS COURT

The FAC also asserts state law causes of action for common law fraud, conversion, intentional infliction of emotional distress and trespass. While the court declined to address these claims on the motion to dismiss, it was without prejudice to defendant's right to address them at a later date. (Doc. No. 38). Plaintiff failed to address the arguments supporting dismissal of the state law claims whatsoever in the opposition. He also wholly fails to address the state law sections of the separate statement. Accordingly, the motion is unopposed, and all state law claims should be dismissed with prejudice.

## VI. CONCLUSION

For the foregoing reasons, defendant County of Los Angeles respectfully requests that this Court grant its motion for summary judgment in its entirety and enter judgment in favor of defendant County of Los Angeles. In the alternative, defendant seeks partial summary judgment on each cause of action addressed herein.

DATED:  March 10, 2021          COLLINSON, DAEHNKE, INLOW & GRECO

By:
　　/s/ *Laura E. Inlow*
　　Laura E. Inlow, Esq.
　　Attorneys for Defendant
　　COUNTY OF LOS ANGELES

# DECLARATION OF LAURA E. INLOW

I, Laura E. Inlow, declare as follows:

1. I am a partner of Collinson, Daehnke, Inlow & Greco, counsel of record for Defendant County of Los Angeles herein. I make the following declaration based on my own personal knowledge. I could and would competently testify under oath to the facts stated herein.

2. True and correct copies of the pertinent portions of the deposition of Lt. Douglas Kimura taken on February 17, 2021 are attached hereto and marked as Exhibit M.

3. True and correct copies of the pertinent portions of the deposition of Kenneth Collins taken on January 28, 2021 are attached hereto and marked as Exhibit N.

4. True and correct copies of the pertinent portions of the deposition of Nareg Gourjian taken on November 16, 2020 are attached hereto and marked as Exhibit O.

5. Lt. Kopperud was deposed by plaintiff on December 16, 2020. He was the person who signed the declaration and was designated by the County as the Rule 30(b)(6) witness on policy regarding the handling of complaints of deputy misconduct. The deposition lasted only 45 minutes and plaintiff's counsel asked only general questions about LASD policy pertaining to the retention and

discipline of deputy personnel. Lt. Kopperud confirmed the LASD has extensive written policies regarding investigations and discipline for complaints of employee misconduct. True and correct copies of the pertinent pages of the deposition of Lt. Kopperud taken on December 16, 2020 are attached hereto and marked as Exhibit P.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 10th day of March 2021 in Torrance, California.

*Laura E. Inlow*
Laura E. Inlow

-9-
**DEFENDANT'S REPLY RE MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**