UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08109-SVW-MAA | Date | 7/1/2021 |
|---|---|---|---|
| Title | *Daniel Nersoyan v. County of Los Angeles et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [46]

### I.   Introduction

Before the Court is a motion for summary judgment filed by Defendant County of Los Angeles. For the reasons stated below, Defendant's motion is GRANTED.

### II.   Factual and Procedural Background

On May 28, 2014, Plaintiff alleges that his colleagues were carrying $150,000 in cash on Plaintiff's behalf when they were stopped by an officer of the Los Angeles County Sheriff's Department ("LASD"). Plaintiffs' Statement of Undisputed Facts ("Statement"), Dkt. 63-1, at ¶¶ 1-2, 14. Plaintiff alleges that the officer conducted a "fake traffic stop." *Id.* ¶ 11. After the stop occurred, Plaintiff's colleague informed Plaintiff about the theft, stating that a male African-American Sheriff's deputy had taken the cash and taken an associate into custody. *Id.* ¶ 14.

Later that same day, Plaintiff called multiple Sheriff's stations near the alleged incident to ask whether a deputy had brought in a large amount of cash in connection with an arrest. *Id.* ¶ 15. All the Sherriff's stations denied that a large amount of cash had been booked. *Id.* ¶ 16.

:

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08109-SVW-MAA | Date | 7/1/2021 |
|---|---|---|---|
| Title | *Daniel Nersoyan v. County of Los Angeles et al* | | |

On November 18, 2014, Plaintiff and his attorney submitted a Government Tort Claim to L.A. County alleging that a Sheriff's deputy had stolen $158,000 from him during a traffic stop on May 28, 2014. *Id.* ¶ 28; Declaration of Laura Inlow, Dkt. 46-10, Ex. C.

After LASD received the Tort Claim, Douglas Kimura was assigned to investigate the allegations. *Id.* ¶ 29. Plaintiff and one of the associates present during the theft did not return Kimura's calls, and Plaintiff and his counsel refused to provide a videotape that allegedly depicted the theft. *Id.* ¶¶ 31-33, 39. Kimura questioned Sheriff's Deputy Kenneth Collins regarding the alleged theft, but Collins denied any involvement. Declaration of Lt. Douglas Kimura, Dkt. 46-3, at ¶ 17.

On January 16, 2015, L.A. County denied Plaintiff's Tort Claim. *Id.* ¶ 35. Kimura then sent Plaintiff a letter on January 27, 2015 stating that his investigative efforts had been exhausted. *Id.* ¶ 36.

Plaintiff testified that the FBI encouraged him not to have contact with LASD pending an ongoing FBI investigation. *Id.* ¶ 24. Plaintiff also testified that he gave the videotape allegedly depicting the incident to the FBI in June 2014. *Id.* ¶¶ 22-23.

On January 16, 2018, the FBI arrested Sheriff's Deputy Kenneth Collins and others. *Id.* ¶ 44. Collins is currently incarcerated after pleading guilty on August 2, 2018 to conspiracy to distribute methamphetamine, cocaine, and marijuana. Kenneth Collins Plea Agreement, No. 18-cr-38-ODW-1, Dkt. 78. In his Plea Agreement, Collins admitted to a May 28, 2014 theft of $160,000 in cash from a vehicle during an unlawful traffic stop. *Id.* at 14, ¶ 12.

Plaintiff did not file this lawsuit until September 18, 2019. *Id.* ¶ 1; Dkt. 1.

### III. Discussion

#### a. Legal Standard

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the factual record that] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies its initial burden, the non-moving party must demonstrate with admissible evidence that

                                                                                                                :
                                                                    Initials of Preparer          PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-08109-SVW-MAA | Date | 7/1/2021 |
| Title | *Daniel Nersoyan v. County of Los Angeles et al* | | |

genuine issues of material fact exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56 . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

    **b. Application**

Defendant argues that Plaintiff's claims under 42 U.S.C. § 1983 are barred by the statute of limitations. The Court agrees.

Claims under § 1983 "borrow the forum state's statute of limitations for personal injury actions." *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007). California's two-year personal injury statute of limitations thus applies to Plaintiff's claims. *See id.* (citing Cal. Code Civ. Proc. § 355.1); *see also Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019) ("California's two-year statute of limitations for personal injury actions ... applies to [§ 1983 Plaintiff's] claims." (citations omitted)).

"Although California law determines the *length* of the limitations period, federal law determines when a civil rights claim *accrues*." *Lukovsky v. City and Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (citation omitted). "Accrual is the date on which the statute of limitations begins to run; under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Id.* (citation omitted). "[T]he accrual of a Section 1983 claim is not, as plaintiff suggests, delayed until a plaintiff discovers the actual identity of an individual defendant." *Mimms v. Four Unknown Officers*, 2013 WL 5703137 at *4 (C.D. Cal. 2013) (citing *Staves v. City of Los Angeles*, 2010 WL 2942769 at *3 (C.D. Cal. 2010)).

The Court concludes that Plaintiff's cause of action accrued on the date of his injury, which was the date of the theft on May 28, 2014. On that very date, the undisputed evidence shows that Plaintiff knew that a Sheriff's Department deputy had committed the theft. As discussed above, Plaintiff made calls that same day to numerous Sheriff's Department offices to ask about the cash.

Even if Plaintiff did not know of his injury on May 28, 2014, he surely knew of his injury on November 18, 2014, the day on which he submitted his Government Tort Claim. The Tort Claim describes the very same May 28, 2014 incident at issue in the instant case. Inlow Decl., Ex. C. No rational trier of fact could conclude that Plaintiff did not know of his injury when he sought compensation for that injury from L.A. County. As discussed above, it is of no moment that Plaintiff

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08109-SVW-MAA | Date | 7/1/2021 |
|---|---|---|---|
| Title | *Daniel Nersoyan v. County of Los Angeles et al* | | |

did not discover the identity of the Sheriff's Deputy who committed the theft until months or years later. *See Mimms*, 2013 WL 5703137 at *4.

Plaintiff argues that, because he was not present at the traffic stop, he "had a doubt that ... a deputy was involved [sic]" and that "he may have been hoodwinked by a trusted employee." Dkt. 63 at 10. However, the undisputed evidence shows that Plaintiff at the very least had reason to know of the factual basis of his claim. He testified that his associate who witnessed the incident said he was "100 percent sure" that the theft was committed by a law enforcement officer. Deposition of Daniel Nersoyan, Dkt. 46-8, at 81-82. As discussed above, Plaintiff repeatedly contacted Sheriff's Department offices on the day of the incident and submitted a Tort Claim to L.A. County just 6 months later. The Court thus concludes that Plaintiff had reason to know of the factual basis of his claim no later than the date his Tort Claim was submitted on November 18, 2014.

Because Plaintiff did not file his lawsuit until September 18, 2019, his claims fall far outside the two-year statute of limitations.

Although he does not advance this argument explicitly, Plaintiff's allegations raise the possibility of one exception to the statute of limitations: equitable estoppel.

The doctrine of equitable estoppel applies where a plaintiff is "dissuaded" from bringing the claim based on a defendant's affirmative misrepresentations and stonewalling within the limitations period. *Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011). In the Ninth Circuit, a plaintiff must plead the following elements of equitable estoppel:

> (1) knowledge of the true facts by the party to be estopped, (2) intent to induce reliance or actions giving rise to a belief in that intent, (3) ignorance of the true facts by the relying party, and (4) detrimental reliance.

*Id*. (citing *Bolt v. United States*, 944 F.2d 603, 609 (9th Cir. 1991)).

When estoppel is sought against the government, "there must be affirmative misconduct (not mere negligence) and a serious injustice outweighing the damage to the public interest of estopping the government." *Id*. The focus "is not whether the plaintiff knew she had a cause of action ... but whether the defendant's fraudulent concealment or misrepresentation deprived the plaintiff of a full

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-08109-SVW-MAA | Date | 7/1/2021 |
|---|---|---|---|
| Title | *Daniel Nersoyan v. County of Los Angeles et al* | | |

understanding of the true facts, and thus, dissuaded the plaintiff from filing the claim at issue within the limitations period." *Id.*

Plaintiff alleges that "he was led to believe that a deputy was not involved" due to the LASD's denials that any arrests had been made involving a large amount of cash and inability to corroborate the alleged theft after investigation. Dkt. 63 at 10.

These denials, however, do not amount to affirmative misconduct. Defendant Collins testified that the LASD did not know about any illegal actions he had taken while working for the LASD. Deposition of Kenneth Collins, Dkt. 46-9, at 74. When Kimura questioned Defendant Collins, Defendant Collins denied involvement in the May 28, 2014 theft. Kimura Decl. ¶ 17. Plaintiff points to nothing else in the record to show that LASD was aware of and misrepresented or concealed its own involvement in the May 28, 2014 theft.

In sum, there is no evidence that LASD affirmatively misrepresented or concealed a material fact. Accordingly, equitable estoppel does not apply.[1]

**IV. Conclusion**

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED. The Court DECLINES supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

IT IS SO ORDERED.

---

[1] Plaintiff does not argue – and no authority supports – applying equitable estoppel to the FBI, who allegedly discouraged Plaintiff from cooperating with the LASD investigation. The FBI is not a defendant in this case, but equitable estoppel only precludes a statute of limitations argument by a government agency which itself dissuaded the plaintiff from filing suit. *See Estate of Amaro*, 653 F.3d at 813.

| | : |
|---|---|
| Initials of Preparer | PMC |